# Exhibit 8

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### Civil No. 5:20-cv-00336-D

| | |
|---|---|
| SSG SHANE PAGE, BRITTANY PAGE, SPC SPENSER GANSKE, EMILY GANSKE, SFC CHRISTOPHER WILKES, ASHLEY WILKES, CPL TIMOTHY MURPHY, and KATELYN MURPHY, individually and on behalf of others similarly situated, | ) ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| BRAGG COMMUNITIES, LLC, CORVIAS MANAGEMENT-ARMY, LLC, BRAGG-PICERNE PARTNERS, LLC, and CORVIAS CONSTRUCTION, LLC, | ) ) ) ) ) |
| Defendants. | ) ) |

## CORVIAS MANAGEMENT–ARMY, LLC'S RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION

Defendant Corvias Management-Army, LLC ("Corvias Management"), hereby responds to Plaintiffs' First Set of Requests for Production of Documents ("Requests"), as follows:

Subject to the reservations and qualifications set forth herein, Corvias Management will produce responsive documents and things which are in its possession, custody, or control. This response is expressly without waiver of any of the following:

A.      the right to object on any ground to the use of any of the documents produced in any other subsequent proceeding or at the trial of this or any other action;

B.      the right to object on any ground and at any time to any demand for further responses to these or any other requests for production of documents or any other discovery requests or procedures involving or relating to the subject matter of this request for production of documents; or, the right at any time to revise, correct, add to, supplement or clarify any of

thefollowing responses.

This response is further subject to the following qualifications and reservations:

D. By responding affirmatively to any request, Corvias Management is in no manner expressing or admitting that they are in possession or control of therequested documents or things.

E. By producing any document in response to one or more of the requests, Corvias Management is in no manner identifying the document, or otherwise admitting to its authenticity.

## RECURRING OBJECTIONS AND RESPONSES

The following Recurring Objections and Responses are applicable to, and are hereby incorporated by reference into, each of Corvias Management's Specific Objections and Responses to each of Plaintiffs' Requests:

1. Corvias Management objects to the Requests in each and every instance in which the information requested is protected by the attorney-client privilege, work product doctrine, the joint defense privilege, or any other applicable privilege or immunity. Corvias Management hereby claims such privileges and protections to the full extent implicated by any specific request.

2. Corvias Management objects to the Requests in each and every instance in which they are beyond the permissible scope of discovery as provided by the applicable Rules of Civil Procedure, Local Rules, orders of this Court or are an annoyance, embarrassing, oppressive, unduly burdensome, expensive, or otherwise not proportional to the needs of the case.

3. Corvias Management objects to the Requests in each and every instance in which they are overbroad, unduly burdensome, and not relevant to any party's claims or defenses.

4. Corvias Management objects to each request to the extent and degree to which it calls for the production of documents or things not within its custody or control.

5.      Corvias Management objects to the Requests to the extent they fail to define a time period so that information sought is within the scope of the time period for which a class is sought to be certified in this Action, which time can start no earlier than June 20, 2017, based upon the applicable statute of limitations.  Accordingly, Corvias Management limits their Specific Responses to information from June 20, 2017, to the present. To the extent it may be more practical to provide information generated or pertinent to a period of time prior to June 20, 2017, Corvias Management, at its option, may choose to do so and any such production does not constitute a waiver of this or any other objection.

6.      Corvias Management objects to the Plaintiffs' definitions of "Defendant," "you," or "Corvias," "person," and "persons" to the extent that such definitions seek documents that are not in the possession of Corvias Management. It further object to these definitions on the basis that they seek information that is protected by the attorney-client privilege, work product doctrine, the joint defense privilege, or any other applicable privilege or immunity.

7.      Corvias Management objects to the Requests to the extent they seek information that does not pertain to family homes at Fort Bragg. These responses are limited to Plaintiffs' allegations regarding family homes at Fort Bragg.

8.      Corvias Management objects to the Plaintiffs' definition of "Document" to the extent it seeks to impose obligations upon Corvias Management beyond those authorized by applicable federal or local rules, or orders of this Court.

9.      Corvias Management objects to each request which identifies a document by use of the terms "concerning," "relating to," "referring to," "supporting," or "tending to support" to the extent that such terms fail to describe the document or thing sought to be produced with reasonable particularity as required by Rule 34(b) of the Rules of Civil Procedure.

3

10. Corvias Management further objects to each request which identifies a document by use of the terms "concerning." "relating to," "referring to," or "supporting" on the grounds that the request improperly calls for revealing the mental impressions and legal conclusions of counsel in violation of the work product doctrine and because the request is, in effect, a contention interrogatory governed by the provisions of Rule 33 of the Rules of Civil Procedure rather than those of Rule 34.

11. Corvias Management objects to any request to the extent that it calls for the production of documents which postdate the filing of the Complaint in this action or which were prepared in contemplation of or in response to the instant litigation by Corvias Management or counsel thereof, or any expert witness or consultant on behalf thereof, or which otherwise constitutes or represents the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of Corvias Management concerning the litigation.

12. Corvias Management has interpreted, objected to, and responded to these Requests in accordance with the applicable rules of the Federal Rules of Civil Procedure and the local rules of the United States District Court for the Eastern District of North Carolina (the "Court"), plain English usage, and to the extent not specifically challenged by objection, the definitions and instructions included with the Requests.

13. Corvias Management will only begin rolling production of any responsive documents once the parties execute a Stipulated Order Regarding Confidentiality of Discovery Material and/or the Court enters a confidentiality order and the parties enter into an ESI Protocol.

14. These recurring objections apply to each numbered response below as if set forth in full therein. An objection or statement, outlined above or otherwise, may be specifically referred to in responses to certain requests for the purpose of clarity only and the failure to

4

specifically refer to any objection or statement set forth above shall not be construed as a waiver of such objection or statement, even if other objections or statements are specifically stated in response to the particular request.

Subject to and without waiving these recurring objections, Corvias Management responds to the requests as follows:

## SPECIFIC RESPONSES AND OBJECTIONS

**REQUEST FOR PRODUCTION NO. 1:**

With regard to the entry of  Picerne Military Housing (subsequently in 2013 renamed Corvias) and the Army into the MHPI (Military Housing Privatization Initiative) partnership for Fort Bragg in 2003, which continues today, please produce:

a.      The documents[1] provided by Picerne to the Army during the process of bidding for the Fort Bragg MHPI project.  This should include but not be limited to any formal bid materials sent to the government by Picerne, as well as materials related to the oral and visual presentation made by Picerne as referenced by John Picerne in public statements; any documents (including not just written materials but slides, audiovisual, etc.) making up the Picerne proposal; documents relating to the number of new homes and renovations planned or promised; related to what repair services and general maintenance would look like, from fixing plumbing and electrical to how the company would help families move in and out; and other such materials.[2]

b.      Any documents constituting or reflecting the request for proposal or request for bid submissions issued by (or on behalf of) the Army to which Picerne responded.

---

[1] Throughout, "document" is defined in the broad sense meant in discovery, to include inter alia both written hardcopy documents, electronic documents, records, emails, spreadsheets, etc., as well as other media such as recordings, videos, photos.

[2] This would include the materials described by John Picerne in prior public statements, see Cindy Atoji Keene, His mission: better military housing, Boston Globe, July 29, 2012, available at http://archive.boston.com/business/articles/2012/07/29/for_developer_john_picerne_building_managing_housing_for_military_families_became_a_vocation/ (last accessed Jan. 2, 2022).

5

c. The 50 year ground lease including all exhibits or appendixes and any amendments or modifications to it over time, as well as any changes over time to its exhibits or appendixes.

d. All environmental baseline studies for Fort Bragg housing conducted by Corvias and U.S.A. prior to execution of the 50 year ground lease.

e. The property management agreement.

f. The Community Development and Management Plan.

g. The Project Management Procedures and Protocols.

h. Documents reflecting the establishment of Bragg Communities LLC in 2003, including but not limited to its LLC operating agreement.

i. The LLC operating agreement for Corvias Management-Army, LLC.

j. Documents describing or summarizing the $360M Initial Development Period (2003-2013) and the $1.3B Secondary Development/Reinvestment Period (2014-2053) under the MHPI arrangements for Fort Bragg.[3]

**RESPONSE TO REQUEST NO. 1:**

Corvias Management incorporates by reference each of its Recurring Objections as if fully set forth herein. Corvias Management objects to this Request because it is not reasonably limited in time as it seeks documents over a period of nearly twenty years.

Corvias Management further objects to this Request as overly broad and vague because the terms and phrases "environmental baseline studies," "bid materials," "Picerne," "oral and visual presentation," "the Picerne proposal," "renovations," "planned or promised," "general maintenance," "fixing," "plumbing," and "electrical" are not defined. Further, Plaintiffs reference

---

[3] See U.S. Army Residential Communities Initiative (RCI) slides, slide 5, available at https://mde.state.md.us/programs/Marylander/outreach/Documents/US%20Army%20Residential%20Community%20Initiative%20Partners_Innovative%20and%20Successful%20P3%20Model%20Application.pdf (last accessed Jan. 2, 2022).

alleged public statements made by John Picerne, but fail to identify or describe any such statements in subpart (a). Corvias Management further objects to the extent that this request seeks documents from entities other than Corvias Management. Specifically, this Request is an impermissible fishing expedition into the full operations of multiple distinct limited liability companies over a period of nearly twenty years, irrespective of the relevance of such document.

Further, the slides that Plaintiffs reference in FN 3 specifically reference Bragg Communities, LLC as the entity involved in the MHPI partnership, thus the request in subpart (d) does not seek documents in the possession of Corvias Management. Finally, Corvias Management objects to the request for "[d]ocuments describing or summarizing the $360M Initial Development Period (2003-2013) and the $1.3B Secondary Development/Reinvestment Period (2014-2053) under the MHPI arrangements for Fort Bragg" as it seeks historical financial information that is not relevant to any party's current claims or defenses. *See e.g., Hester v. Cottrell Contracting Corp.*, 2001 A.M.C. 2017, 2001 WL 1764200, at *4 (E.D.N.C. Apr. 27, 2001) (finding that even where punitive damages were sought financial information is only discoverable as to the current financial condition). For the foregoing reasons, the Request seeks information and documents not relevant to or necessary for resolving the disputes in this case, and thus it is not proportional to the needs of this case. Corvias Management stands on its objections.

**REQUEST FOR PRODUCTION NO. 2:**

Resumes or Curriculum Vitae for the following present or former employees of the Picerne/Corvias organization:

a.  John Picerne.

b.  Cynthia Dale.

c.      Sharon Shores.

d.      Mike Sarisky.

e.      Kelly Douglas.

f.      Tim Toohey.

g.      Heather Fuller.

**RESPONSE TO REQUEST NO. 2:**

Corvias Management incorporates by reference each of its Recurring Objections as if fully set forth herein. Corvias Management objects to this Request because it is not reasonably limited in time. Corvias Management further objects to this Request as overly broad and vague because the terms and phrases, "present or former employees" and "Picerne/Corvias organization" are undefined. Corvias Management objects to this Request to the extent it calls for improper legal conclusions as to the employment statuses of each of the named individuals in the Request. Corvias Management further objects to this Request on the basis that it seeks the resume or curriculum vitae of John Picerne. Mr. Picerne is the founder of Corvias and has not had an active role in the day-to-day management of Fort Bragg during the period at issue in this Action. Corvias Management further objects that this Request seeks information and documents not relevant to or necessary for resolving the disputes in this case and thus is not proportional to the needs of this case.

Subject to and without waiving these objections, Corvias Management responds as follows: Corvias Management will produce non-privileged, relevant documents if located in a reasonable and temporally-limited search for the Resumes or Curriculum Vitae of Cynthia Dale, Sharon Shores, Mike Sarisky, Kelly Douglas, Tim Toohey, and Heather Fuller that are in their possession,

custody, and/or control, once the parties execute a Stipulated Order Regarding Confidentiality of Discovery Material and/or the Court enters a confidentiality order.

**REQUEST FOR PRODUCTION NO. 3:**

Documents sufficient to summarize and describe the nature of the "Yardi" property management software being used by the Defendants' organization relative to Fort Bragg, from 2003 to present, in your possession, custody or control.

**RESPONSE TO REQUEST NO. 3:**

Corvias Management incorporates by reference each of its Recurring Objections as if fully set forth herein. Corvias Management further objects to this Request because it is not reasonably limited in time as it apparently seeks documents over a period of nearly twenty years. Corvias Management further objects to the Request as overly broad and vague because the terms and phrases, "documents sufficient to summarize and describe the nature of . . . ," "the 'Yardi' property management software," "being used by," and "organization relative to Fort Bragg," are undefined. Corvias Management further objects to the extent that this Request seeks documents pertaining to entities other than Corvias Management and appears to be an impermissible fishing expedition as to practices and operations of multiple, distinct limited liability companies. Finally, Corvias Management objects to this Request because it seeks information that is not relevant to any party's current claims or defenses. For the foregoing reasons, the Request is not proportional to the needs of this case. Corvias Management stands on its objections.

Subject to and without waiving these objections, Corvias Management responds as follows: Corvias Management will produce non-privileged, relevant documents such as any Yardi Training Manuals located in a reasonable and temporally-limited search, that are in its possession, custody,

and/or control, once the parties execute a Stipulated Order Regarding Confidentiality of Discovery Material and/or the Court enters a confidentiality order.

**REQUEST FOR PRODUCTION NO. 4:**

Documents sufficient to identify the various communities constituting the total inventory of 6000 to 6500 homes or residential units for which Defendant has had any responsibility at Fort Bragg and/or that are owned by Bragg Communities LLC, including documents sufficient to reflect which homes were in which communities, from 2003 to present. In your response, please include any maps or documents reflecting which of those communities each of the residences of the named Plaintiffs (as alleged in the complaint) are located in.

**RESPONSE TO REQUEST NO. 4:**

Corvias Management incorporates by reference each of its Recurring Objections as if fully set forth herein. Corvias Management further objects to this Request because it is not reasonably limited in time as it apparently seeks documents relating to "6000 to 6500 homes or residential units" over a period of nearly twenty years. Corvias Management further objects to the Request as overly broad and vague because the terms and phrases, "sufficient to identify," "the various communities," "homes," "residential units," "responsibility," "owned," "sufficient to reflect," "communities," "maps," "residences," "named Plaintiffs," and "complaint" are undefined. Corvias Management objects to this Request to the extent it calls for improper legal conclusions as to responsibility and/or ownership of various and unspecified units or pieces of real property. Corvias Management further objects to discovery related to absent members of the putative class.

Corvias Management further objects to the extent that this Request seeks documents pertaining to entities other than Corvias Management and appears to be an impermissible fishing expedition as to records of multiple, distinct limited liability companies. Corvias Management

objects to the extent that Plaintiffs seek for Corvias Management to create a map with the location of the named Plaintiffs' residences, as that imposes discovery obligations greater than those allowed for under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court. Corvias Management further objects to the extent that this Request: (a) seeks a compilation, summary, or abstract to the extent protected by the work product doctrine, attorney client privilege, common interest rule, and/or joint defense privilege; and (b) is in fact a written interrogatory that is improperly phrased as a request for production and intended to circumvent the limitation on number of written interrogatories pursuant to Federal Rule of Civil Procedure 33(a)(1).

Subject to and without waiving these objections, Corvias Management responds as follows: Corvias Management will produce non-privileged, relevant documents located in a reasonable and temporally-limited search regarding the current neighborhood makeup of family homes leased by Bragg Communities, LLC and managed by Corvias Management, that are in its possession, custody, and/or control, once the parties execute a Stipulated Order Regarding Confidentiality of Discovery Material and/or the Court enters a confidentiality order.

**REQUEST FOR PRODUCTION NO. 5:**

In public statements, Corvias has identified there being between approximately 8 and 11 communities or neighborhoods making up the privatized military housing at Fort Bragg. Please produce documents, to the extent they exist, in the form of maps, spreadsheets or descriptions sufficient to identify each community and identify the numbers and addresses of homes within each community.

**RESPONSE TO REQUEST NO. 5:**

Corvias Management incorporates by reference each of its Recurring Objections as if fully set forth herein. Corvias Management further objects to this Request as overly broad and vague because the terms and phrases, "public statements," "between approximately 8 and 11 communities or neighborhoods," "privatized military housing at Fort Bragg," "map, spreadsheets or descriptions," "sufficient to identify each community," and "numbers and addresses of homes within each community" are undefined. Corvias Management further objects as this Request is duplicative of Request No. 4. Corvias Management further objects on the basis that this request is ambiguous, overly broad and vague as Plaintiffs reference alleged public statements made by "Corvias," but fail to identify or describe any such statements. Corvias Management further objects to this Request to the extent it seeks information related to absent members of the putative class.

Corvias Management further objects to the extent that this Request seeks documents pertaining to entities other than Corvias Management and appears to be an impermissible fishing expedition as to records of multiple, distinct limited liability companies. Corvias Management objects to the extent that Plaintiffs seek for Corvias Management to create a map with the location of the named Plaintiffs' residences, as that imposes discovery obligations greater than those allowed for under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court. Corvias Management further objects to the extent that this Request: (a) seeks a compilation, summary, or abstract to the extent protected by the work product doctrine, attorney client privilege, common interest rule, and/or joint defense privilege; and (b) is in fact a written interrogatory that is improperly phrased as a request for production and intended to circumvent the limitation on number of written interrogatories pursuant to Federal Rule of Civil Procedure 33(a)(1).

Subject to and without waiving these objections, Corvias Management responds as follows: Corvias Management will produce non-privileged, relevant documents located in a reasonable and temporally-limited search regarding the current neighborhood makeup of family homes leased by Bragg Communities, LLC and managed by Corvias Management, that are in its possession, custody, and/or control, once the parties execute a Stipulated Order Regarding Confidentiality of Discovery Material and/or the Court enters a confidentiality order.

**REQUEST FOR PRODUCTION NO. 6:**

Please produce documents sufficient to reflect the dates of construction and the ages of the total group of 6000+ residential units under Corvias management at Fort Bragg; reflecting whether any units existent when Corvias assumed control in 2003 have since been destroyed or renovated; and reflecting homes or groups of homes built by Corvias at Bragg since 2003.

**RESPONSE TO REQUEST NO. 6:**

Corvias Management incorporates by reference each of its Recurring Objections as if fully set forth herein. Corvias Management further objects to this Request because it is not reasonably limited in scope and time as it seeks documents and information over a period of nearly twenty years. Corvias Management further objects to this Request as overly broad and vague because the terms and phrases "sufficient to reflect," "residential units," "under Corvias management," "units," "existent," "Corvias," "assumed control," "destroyed," "renovated," "reflecting," "groups of homes," and "built" are not defined. Corvias Management further objects to the false premise that it has "built" homes at Fort Bragg. Corvias Management further objects to this Request to the extent it seeks information related to absent members of the putative class.

Corvias Management further objects to the extent that this Request: (a) seeks a compilation, summary, or abstract to the extent protected by the work product doctrine, attorney

client privilege, common interest rule, and/or joint defense privilege; and (b) is in fact a written interrogatory that is improperly phrased as a request for production and intended to circumvent the limitation on number of written interrogatories pursuant to Federal Rule of Civil Procedure 33(a)(1).

Subject to and without waiving these objections, Corvias Management is willing to meet and confer with Plaintiffs to better define this Request, or to respond to a more narrowly tailored Request seeking relevant information proportional to the needs of this case.

**REQUEST FOR PRODUCTION NO. 7:**

Documents reflecting whether any MHPI homes have been renovated since Corvias (previously Picerne) began operations under the Fort Bragg 50 year ground lease in 2003.

**RESPONSE TO REQUEST NO. 7:**

Corvias Management incorporates by reference each of its Recurring Objections as if fully set forth herein. Corvias Management further objects to this Request because it is not reasonably limited in scope and time as it seeks documents and information over a period of nearly twenty years. Corvias Management further objects to this Request as overly broad and vague because the terms and phrases "reflecting," "MHPI homes," "renovated," and "operations" are not defined. Corvias Management further objects to the false premise that it has "renovated" homes at Fort Bragg. Corvias Management further objects to this Request to the extent it seeks information related to absent members of the putative class.

Corvias Management further objects to the extent that this Request: (a) seeks a compilation, summary, or abstract to the extent protected by the work product doctrine, attorney client privilege, common interest rule, and/or joint defense privilege; and (b) is in fact a written interrogatory that is improperly phrased as a request for production and intended to circumvent

the limitation on number of written interrogatories pursuant to Federal Rule of Civil Procedure 33(a)(1).

Subject to and without waiving these objections, Corvias Management is willing to meet and confer with Plaintiffs to better define this Request, or to respond to a more narrowly tailored Request seeking relevant information proportional to the needs of this case.

**REQUEST FOR PRODUCTION NO. 8:**

Documents reflecting rates of occupancy of the homes at Fort Bragg from 2003 to present.

**RESPONSE TO REQUEST NO. 8:**

Corvias Management incorporates by reference each of its Recurring Objections as if fully set forth herein. Corvias Management further objects to this Request because it is not reasonably limited in time and seeks documents for a period of nearly twenty years. Corvias Management further objects to this Request as overly broad and vague because the terms and phrases "reflecting," "rates of occupancy," and "homes at Fort Bragg" are not defined. Corvias Management further objects to this Request to the extent it seeks information related to absent members of the putative class.

Corvias Management further objects to the extent that this Request: (a) seeks a compilation, summary, or abstract to the extent protected by the work product doctrine, attorney client privilege, common interest rule, and/or joint defense privilege; and (b) is in fact a written interrogatory that is improperly phrased as a request for production and intended to circumvent the limitation on number of written interrogatories pursuant to Federal Rule of Civil Procedure 33(a)(1).

Subject to and without waiving these objections, Corvias Management is willing to meet and confer with Plaintiffs to better define this Request, or to respond to a more narrowly tailored Request seeking relevant information proportional to the needs of this case.

**REQUEST FOR PRODUCTION NO. 9:**

Documents reflecting whether Corvias/Picerne had an opportunity to inspect or evaluate housing, or a sample set of housing, at Fort Bragg, before the 2003 50 year ground lease was signed, and reflecting any such due diligence review, inspection or investigation that occurred before Corvias/Picerne signed the 50 year ground lease, in order to assess the condition and future repair and maintenance needs of the existing inventory of homes.

**RESPONSE TO REQUEST NO. 9:**

Corvias Management incorporates by reference each of its Recurring Objections as if fully set forth herein. Corvias Management further objects to this Request because it is not reasonably limited in scope or time as it seeks documents over a period of nearly twenty years. Corvias Management further objects to this Request as overly broad and vague because the terms and phrases "opportunity," "inspect," "evaluate," "housing," "sample set," "due diligence," "inspection," "Investigation," "assess," "condition," "future," "repair," "maintenance," "existing," and "inventory of homes" are not defined. Corvias Management objects to the extent that the Request seeks documents protected by the common interest rule, joint defense privilege, attorney client privilege, and/or the work product doctrine.

Specifically, this Request seeks documents including "due diligence" by Corvias Management surrounding the Ground Lease to which it is not a party, regardless of the applicable time period. Corvias Management objects to the extent that the Request seeks documents protected by the common interest rule, joint defense privilege, attorney client

privilege, and/or the work product doctrine. Corvias Management further objects to the extent that this Request seeks documents pertaining to entities other than Corvias Management and appears to be an impermissible fishing expedition as to records of multiple, distinct limited liability companies. Corvias Management further objects to the extent that this Request: (a) seeks a compilation, summary, or abstract to the extent protected by the work product doctrine, attorney client privilege, common interest rule, and/or joint defense privilege; and (b) is in fact a written interrogatory that is improperly phrased as a request for production and intended to circumvent the limitation on number of written interrogatories pursuant to Federal Rule of Civil Procedure 33(a)(1). As such, this Request is also not proportional to the needs of this case.

Subject to and without waiving these objections, Corvias Management responds as follows: Corvias Management will produce non-privileged, relevant documents for Corvias Management located in a reasonable and temporally-limited search that are in its possession, custody, and/or control, once the parties execute a Stipulated Order Regarding Confidentiality of Discovery Material and/or the Court enters a confidentiality order.

**REQUEST FOR PRODUCTION NO. 10:**

Documents reflecting any representations, promises, assurances or predictions that Corvias/Picerne made, to the Army or to others, in connection with its bid proposal and its presentations in advance of the 2003 ground lease, with regard to how many homes Corvias would replace, or renovate, over the term of the ground lease.

**RESPONSE TO REQUEST NO. 10:**

Corvias Management incorporates by reference each of its Recurring Objections as if fully set forth herein. Corvias Management further objects to this Request because it is not reasonably limited in scope or time as it seeks documents over a period of nearly twenty years. Corvias

Management further objects to this Request as overly broad and vague because the terms and phrases "reflecting," "representation," "promises," "assurances," "predictions," "Corvias/Picerne," "the Army," "others," "bid proposal," "presentations," "2003 ground lease," "with regard to," "homes," "Corvias," "replace," "renovate," "over the term," and "ground lease" are not defined. Corvias Management objects to the extent that the Request seeks documents protected by the common interest rule, joint defense privilege, attorney client privilege, and/or the work product doctrine.

Subject to and without waiving these objections, Corvias Management is willing to meet and confer with Plaintiffs to better define this Request, or to respond to a more narrowly tailored Request seeking relevant information proportional to the needs of this case.

**REQUEST FOR PRODUCTION NO. 11:**

Documents reflecting any representations, promises, assurances or predictions that Corvias/Picerne made, to the Army or to others, in connection with its bid proposal and its presentations in advance of the 2003 ground lease, with regard to Corvias' assessment of the age and quality of the existing inventory of housing at Fort Bragg, and with regard to the expected repair or maintenance needs of existing housing over time and costs in that regard.

**RESPONSE TO REQUEST NO. 11:**

Corvias Management incorporates by reference each of its Recurring Objections as if fully set forth herein. Corvias Management further objects to this Request because it is not reasonably limited in scope or time as it seeks documents over a period of nearly twenty years.

Corvias Management further objects to this Request as overly broad and vague because the terms and phrases "reflecting," "representation," "promises," "assurances," "predictions," "Corvias/Picerne," "the Army," "others," "bid proposal," "presentations," "2003 ground lease,"

"with regard to," "Corvias' assessment," "age and quality," "existing inventory of housing," "Fort Bragg," "expected repair or maintenance needs," "existing housing," "over time," "costs," and "that regard" are not defined. Corvias Management objects to the extent that the Request seeks documents protected by the common interest rule, joint defense privilege, attorney client privilege, and/or the work product doctrine.

Subject to and without waiving these objections, Corvias Management is willing to meet and confer with Plaintiffs to better define this Request, or to respond to a more narrowly tailored Request seeking relevant information proportional to the needs of this case.

**REQUEST FOR PRODUCTION NO. 12:**

All historical design, construction, renovation, repair or maintenance history documents, tenant requests, work orders and complaints, tenant leases, environmental assessments, mold or air quality testing, and documents reflecting payment of BAH or other rental payments, at any time, in Defendant's possession, custody or control, for

a.    each of the homes identified in the complaint as being leased by the named Plaintiffs at Fort Bragg; and

b.    As to each named Plaintiff's residential unit that was in a duplex, a 4-unit building, or another multi-family building, the same records as to each of said other residential units in the same building.

**RESPONSE TO REQUEST NO. 12:**

Corvias Management incorporates by reference each of its Recurring Objections as if fully set forth herein. Corvias Management objects to this Request because it is not reasonably limited in scope and time as it seeks documents without any limitation as to a starting or ending point in

time. Corvias Management further objects to this Request to the extent it seeks information related to absent members of the putative class.

Corvias Management further objects to this Request as overly broad and vague because the terms and phrases "historical design," "construction," "renovation," "repair or maintenance history documents," "tenant requests," "work orders," "complaints," "tenant leases," "environmental assessments," "mold or air quality testing," "reflecting payment," "BAH," "other rental payments," "each of the homes identified in the complaint," "being leased by," "named Plaintiffs," "at Fort Bragg," "each named Plaintiff's," "residential unit," "duplex," "4-unit building," "another multi-family building," "same records," "each of," "said other residential units," and "same building" are not defined. Corvias Management objects to the extent that the Request seeks documents protected by the common interest rule, joint defense privilege, attorney client privilege, and/or the work product doctrine.

Subject to and without waiving these objections, Corvias Management is willing to meet and confer with Plaintiffs to better define this Request, or to respond to a more narrowly tailored Request seeking relevant information proportional to the needs of this case.

**REQUEST FOR PRODUCTION NO. 13:**

All documents reflecting town hall meetings, community meetings, or meetings at which groups of residents attended, for Fort Bragg, where housing quality or Picerne/Corvias service was a subject of discussion, in Defendant's possession, custody or control, from 2003 to present.

**RESPONSE TO REQUEST NO. 13:**

Corvias Management incorporates by reference each of its Recurring Objections as if fully set forth herein. Corvias Management further objects to this Request because it is not reasonably limited in scope or time as it seeks documents over a period of nearly twenty years.

Corvias Management further objects to this Request as overly broad and vague because the terms and phrases "reflecting," "town hall meetings," "community meetings," "meetings at which groups of residents attended," "for Fort Bragg," "housing quality," "Picerne/Corvias service," and "subject of discussion" are not defined. Corvias Management objects to the extent that the Request seeks documents protected by the common interest rule, joint defense privilege, attorney client privilege, and/or the work product doctrine.

Subject to and without waiving these objections, Corvias Management responds as follows: Corvias Management will produce non-privileged, relevant documents for Corvias Management located in a reasonable and temporally-limited search that are in its possession, custody, and/or control, once the parties execute a Stipulated Order Regarding Confidentiality of Discovery Material and/or the Court enters a confidentiality order.

**REQUEST FOR PRODUCTION NO. 14:**

All "SatisFacts" Annual Resident Surveys for Picerne/Corvias housing at Fort Bragg from 2003 through present.

**RESPONSE TO REQUEST NO. 14:**

Corvias Management incorporates by reference each of its Recurring Objections as if fully set forth herein. Corvias Management further objects to this Request because it is not reasonably limited in scope or time as it seeks documents over a period of nearly twenty years. Corvias Management further objects to this Request as overly broad and vague because the terms and phrases "'SatisFacts,'" "Annual Resident Surveys," "Picerne/Corvias housing," and "at Fort Bragg" are not defined.

Subject to and without waiving these objections, Corvias Management responds as follows: Corvias Management will produce non-privileged, relevant documents for Corvias Management

located in a reasonable and temporally-limited search that are in its possession, custody, and/or control, once the parties execute a Stipulated Order Regarding Confidentiality of Discovery Material and/or the Court enters a confidentiality order.

**REQUEST FOR PRODUCTION NO. 15:**

With regard to Corvias' historical statements that Corvias has received high marks in resident satisfaction in annual reviews by two independent agencies,[4] please provide copies of all such reviews for Fort Bragg which form the basis for Corvias' statements.

**RESPONSE TO REQUEST NO. 15:**

Corvias Management incorporates by reference each of its Recurring Objections as if fully set forth herein. Corvias Management further objects to this Request because it is not reasonably limited in scope or time as it seeks documents without limitation as to a starting or ending point in time. Corvias Management further objects to this Request as overly broad and vague because the terms and phrases "With regard to," "Corvias' historical statements," "Corvias," "high marks," "Resident satisfaction," "annual reviews," "two independent agencies," "such reviews," "for Fort Bragg," "form the basis," and "Corvias' statements" are not defined. Corvias Management objects to the extent that the Request seeks documents protected by the common interest rule, joint defense privilege, attorney client privilege, and/or the work product doctrine. Corvias Management objects to the extent that the Request also assumes facts not in evidence, lacks foundation, and is based on hearsay and/or speculation.

---

[4] See Linda Borg, R.I. developer faces substandard housing complaints, The Providence Journal, Dec. 28, 2018, https://www.providencejournal.com/story/news/2018/12/28/ri-developer-faces-substandard-housing-complaints-at-us-military-bases/6431547007/ (last accessed Jan. 2, 2022) (Borg 2018).

Subject to and without waiving these objections, Corvias Management is willing to meet and confer with Plaintiffs to better define this Request, or to respond to a more narrowly tailored Request seeking relevant information proportional to the needs of this case.

**REQUEST FOR PRODUCTION NO. 16:**

Documents reflecting each floor plan in use for residential units at Fort Bragg and reflecting how many units existed in each floor plan, from 2003 to present.

**RESPONSE TO REQUEST NO. 16:**

Corvias Management incorporates by reference each of its Recurring Objections as if fully set forth herein. Corvias Management further objects to this Request because it is not reasonably limited in scope or time as it seeks documents over a period of nearly twenty years. Corvias Management further objects to this Request as overly broad and vague because the terms and phrases "reflecting," "floor plan," "in use," "residential units," "at Fort Bragg," "units," "existed," and "each floor plan" are not defined. Corvias Management further objects to this Request to the extent it seeks information related to absent members of the putative class.

Subject to and without waiving these objections, Corvias Management is willing to meet and confer with Plaintiffs to better define this Request, or to respond to a more narrowly tailored Request seeking relevant information proportional to the needs of this case.

**REQUEST FOR PRODUCTION NO. 17:**

All press releases, written statements issued to the press, interviews, or videos, by John Picerne, discussing in whole or part housing at Fort Bragg, from 2003 to present.

**RESPONSE TO REQUEST NO. 17:**

Corvias Management incorporates by reference each of its Recurring Objections as if fully set forth herein. Corvias Management further objects to this Request because it is not reasonably

limited in scope or time as it seeks documents over a period of nearly twenty years. Corvias Management further objects to the extent that this Request seeks documents pertaining to entities and individuals other than Corvias Management and seeks documents that are not within its custody or control. Corvias Management further objects to this Request as it is overly broad and vague because the terms and phrases "press releases," "written statements," "interviews," "videos," "discussing," and "housing" are not defined. For the foregoing reasons, the Request is overly broad, unduly burdensome, and seeks information and documents not relevant to or necessary for resolving the disputes in this case, thus it is not proportional to the needs of this case. Corvias Management stands on its objections.

**REQUEST FOR PRODUCTION NO. 18:**

Documents reflecting Corvias financial statements, profits and loss statements, income statements, annual reports, and budget documents, from 2003 to present.

**RESPONSE TO REQUEST NO. 18:**

Corvias Management incorporates by reference each of its Recurring Objections as if fully set forth herein. Corvias Management objects to this Request because it is not reasonably limited in scope or time as it seeks documents over a period of nearly twenty years. Corvias Management further objects to the extent that this Request seeks documents pertaining to entities and individuals other than Corvias Management and seeks documents that are not within its custody or control. Corvias Management further objects to this Request as overly broad and vague because the terms "Corvias," "financial statements," "profits and loss statements," "income statements," "annual reports," and "budget documents" are undefined.

Finally, Corvias Management objects to the Request as it seeks historical financial information that is not relevant to any party's current claims or defenses. *See e.g.*, *Hester v. Cottrell*

*Contracting Corp.*, 2001 A.M.C. 2017, 2001 WL 1764200, at *4 (E.D.N.C. Apr. 27, 2001) (finding that even where punitive damages were sought financial information is only discoverable as to the current financial condition). For the foregoing reasons, the Request is overly broad, unduly burdensome, and seeks information and documents not relevant to or necessary for resolving the disputes in this case, thus it is not proportional to the needs of this case. Corvias Management stands on its objections.

**REQUEST FOR PRODUCTION NO. 19:**

Documents reflecting whether, in late 2013, Corvias obtained a $127 million loan from an affiliate of investment bank Guggenheim Partners, in which, as collateral, Corvias pledged future fees from military housing, if that housing included housing at Fort Bragg.[5]

**RESPONSE TO REQUEST NO. 19:**

Corvias Management incorporates by reference each of its Recurring Objections as if fully set forth herein. Corvias Management objects to this Request because it is not reasonably limited in scope or time as it seeks documents over a period of nearly twenty years. Corvias Management further objects to the extent that this Request seeks documents pertaining to entities and individuals other than Corvias Management and seeks documents that are not within its custody or control. Corvias Management further objects to this Request as overly broad and vague because the terms "Corvias," "loan," "affiliate," "investment bank," "collateral," "pledged," and "future fees from military housing" are undefined.

Finally, Corvias Management objects to the Request as it seeks historical financial information that is not relevant to any party's current claims or defenses. *See e.g.*, *Hester v. Cottrell*

---

[5] By Joshua Schneyer and Andrea Januta, As U.S. soldiers battle landlord, confidential records shine light on his lucrative business, Reuters, Dec. 27, 2018, https://www.reuters.com/investigates/special-report/usa-military-developer/ (last accessed Jan. 2, 2022).

*Contracting Corp.*, 2001 A.M.C. 2017, 2001 WL 1764200, at *4 (E.D.N.C. Apr. 27, 2001) (finding that even where punitive damages were sought financial information is only discoverable as to the current financial condition). For the foregoing reasons, the Request seeks information and documents not relevant to or necessary for resolving the disputes in this case, thus it is not proportional to the needs of this case. Corvias Management stands on its objections.

**REQUEST FOR PRODUCTION NO. 20:**

Documents sufficient to reflect the present and past historical content of the Corvias website and the prior Picerne website, back to 2003.

**RESPONSE TO REQUEST NO. 20:**

Corvias Management incorporates by reference each of its Recurring Objections as if fully set forth herein. Corvias Management further objects to this Request because it is not reasonably limited in scope or time as it seeks documents over a period of nearly twenty years. Corvias Management further objects to this Request as overly broad and vague because the terms and phrases "sufficient to," "reflect," "present," "past," "historical content," "Corvias website," and "prior Picerne website" are not defined.

Subject to and without waiving these objections, Corvias Management is willing to meet and confer with Plaintiffs to better define this Request, or to respond to a more narrowly tailored Request seeking relevant information proportional to the needs of this case.

**REQUEST FOR PRODUCTION NO. 21:**

All Picerne/Corvias marketing materials, brochures, booklets and other materials used to market military housing at Fort Bragg, since 2003.

**RESPONSE TO REQUEST NO. 21:**

Corvias Management incorporates by reference each of its Recurring Objections as if fully set forth herein. Corvias Management further objects to this Request because it is not reasonably limited in scope or time as it seeks documents over a period of nearly twenty years. Corvias Management further objects to this Request as overly broad and vague because the terms and phrases "Picerne/Corvias," "marketing materials," "brochures," "booklets," "other materials," "used to," "market," "military housing," and "at Fort Bragg" are not defined.

Subject to and without waiving these objections, Corvias Management responds as follows: Corvias Management will produce non-privileged, relevant documents for Corvias Management located in a reasonable and temporally-limited search that are in its possession, custody, and/or control, once the parties execute a Stipulated Order Regarding Confidentiality of Discovery Material and/or the Court enters a confidentiality order.

**REQUEST FOR PRODUCTION NO. 22:**

The Fort Bragg Integrated Pest Management Plan and any prior versions back to 2003.

**RESPONSE TO REQUEST NO. 22:**

Corvias Management incorporates by reference each of its Recurring Objections as if fully set forth herein. Corvias Management further objects to this Request because it is not reasonably limited in scope or time as it seeks documents over a period of nearly twenty years. Corvias Management further objects to this Request as overly broad and vague because "Fort Bragg Integrated Pest Management Plan" is not defined.

Subject to and without waiving these objections, Corvias Management is willing to meet and confer with Plaintiffs to better define this Request, or to respond to a more narrowly tailored Request seeking relevant information proportional to the needs of this case.

**REQUEST FOR PRODUCTION NO. 23:**

As to all emails for which John Picerne, Tim Toohey, Cynthia Dale, Sharon Shores, Mike Sarisky, Kelly Douglas, Tim Toohey, or Heather Fuller was the author, or, was a recipient, dating from 2001 to present, any such emails in which the subject or content of the email addressed or related to housing at Fort Bragg, and the document contains any of the following search terms:

a. "mold"

b. "mildew"

c. "water intrusion"

d. "roaches"

e. "bugs"

f. "vermin"

g. "illness"

h. "complaint"

i. "pesticide"

j. "chlordane"

k. "leak"

l. "duct cleaning"

**RESPONSE TO REQUEST NO. 23:**

Corvias Management incorporates by reference each of its Recurring Objections as if fully set forth herein. Corvias Management further objects to this Request because it seeks discovery from individuals that do not have unique or special knowledge of the facts at issue and Plaintiffs have not exhausted other less burdensome avenues for obtaining the information sought. Corvias Management further objects as this Request is nearly limitless in scope and seeks essentially all

emails for eight individuals for a period of over twenty years. As Requested, these search terms would likely yield hundreds of thousands of results, many of which would have no relevance to the claims and defenses at issue in this Action. Corvias Management further objects to this Request to the extent it seeks information related to absent members of the putative class.

Subject to and without waiving these objections, Corvias Management is willing to meet and confer with Plaintiffs to better define this Request, or to respond to a more narrowly tailored Request seeking relevant information proportional to the needs of this case.

**REQUEST FOR PRODUCTION NO. 24:**

All documents in Defendant's possession, custody or control reflecting any reports, complaints or contentions that Corvias employees or subcontractors were instructed or encouraged not to use the word "mold" in reports or work order records.

**RESPONSE TO REQUEST NO. 24:**

Corvias Management incorporates by reference each of its Recurring Objections as if fully set forth herein. Corvias Management further objects to this Request because it is not reasonably limited in scope or time as it seeks documents over a period of nearly twenty years. Corvias Management further objects to this Request as overly broad and vague because the terms and phrases "reflecting," "reports," "complaints," "contentions," "Corvias," "employees," "subcontractors," "instructed," "encouraged," "use," and "work order records" are not defined.

Corvias Management further objects to the extent that this Request seeks documents pertaining to entities other than Corvias Management and appears to be an impermissible fishing expedition as to practices and operations of multiple, distinct limited liability companies. Corvias Management further objects to the extent that this Request: (a) seeks a compilation, summary, or

abstract to the extent protected by the work product doctrine, attorney client privilege, common interest rule, and/or joint defense privilege; and (b) is in fact a written interrogatory that is improperly phrased as a request for production and intended to circumvent the limitation on number of written interrogatories pursuant to Federal Rule of Civil Procedure 33(a)(1).

Subject to and without waiving these objections, Corvias Management is willing to meet and confer with Plaintiffs to better define this Request, or to respond to a more narrowly tailored Request seeking relevant information proportional to the needs of this case.

**REQUEST FOR PRODUCTION NO. 25:**

All memos, emails, town hall meeting spreadsheets or other documents reflecting promises or representations made by or on behalf of Picerne in 2013 (or by others and known to Picerne) to the effect that while the Fort Bragg garrison was faced with significant funding challenges, those funding restrictions would not have any impact on Picerne Military Housing's or Corvias' ability to respond to residents' maintenance requirements.[6]

**RESPONSE TO REQUEST NO. 25:**

Corvias Management incorporates by reference each of its Recurring Objections as if fully set forth herein. Corvias Management objects to this Request because it is not reasonably limited in scope and time.

Corvias Management further objects to this Request as overly broad and vague because the terms and phrases "memos," "emails," "town hall meeting spreadsheets," "other documents," "reflecting," "promises," "representations," "made by," "on behalf of," "Picerne," "by others and known to," "to the effect," "Fort Bragg garrison," "faced," "significant funding challenges,"

---

[6] As an example of a responsive document, see
https://bragg.armymwr.com/application/files/1014/9333/5351/brgg-Town_Hall_2008-2015.pdf
(last accessed Jan. 2, 2022).

"funding restrictions," "impact," "Picerne Military Housing's," "Corvias'," "ability," "respond," and "residents' maintenance requirements" are not defined. Corvias Management objects to the extent that the Request seeks documents protected by the common interest rule, joint defense privilege, attorney client privilege, and/or the work product doctrine. Corvias Management objects to the extent that the Request also assumes facts not in evidence, lacks foundation, and is based on hearsay and/or speculation. Corvias Management objects to the extent that FN 6 of the Request misstates the document referenced.

For the foregoing reasons, the Request is overly broad, unduly burdensome, and seeks information and documents not relevant to or necessary for resolving the disputes in this case, thus it is not proportional to the needs of this case. Corvias Management stands on its objections.

**REQUEST FOR PRODUCTION NO. 26:**

Copies of any tenant or family member complaints regarding the quality of housing or of repair and maintenance services or of the other community infrastructure for which Corvias was responsible, received directly from tenants, saved or printed from Facebook or elsewhere on the internet, or otherwise coming into Defendant's possession, custody or control, pertaining to military housing at Fort Bragg, at any time.

**RESPONSE TO REQUEST NO. 26:**

Corvias Management incorporates by reference each of its Recurring Objections as if fully set forth herein. Corvias Management further objects to this Request because it is not reasonably limited in scope or time as it seeks documents without limitation as to a starting or ending point in time. Corvias Management further objects to this Request as overly broad and vague because the terms and phrases "copies," "tenant," "family member," "complaints," "regarding," "quality," "housing," "repair," "maintenance," "services," "community infrastructure," "Corvias,"

"responsible," "received directly," "tenants," "saved or printed," "from Facebook," "elsewhere on the internet," "otherwise coming into," "pertaining to," "military housing," and "at Fort Bragg" are not defined. Corvias Management also objects to the extent the Request calls for an improper legal conclusion as to who is "responsible." Corvias Management further objects to this Request to the extent it seeks information related to absent members of the putative class.

Corvias Management objects to the extent that the Request seeks documents protected by the common interest rule, joint defense privilege, attorney client privilege, and/or the work product doctrine. Corvias Management further objects to the extent that this Request: (a) seeks a compilation, summary, or abstract to the extent protected by the work product doctrine, attorney client privilege, common interest rule, and/or joint defense privilege; and (b) is in fact a written interrogatory that is improperly phrased as a request for production and intended to circumvent the limitation on number of written interrogatories pursuant to Federal Rule of Civil Procedure 33(a)(1).

Subject to and without waiving these objections, Corvias Management is willing to meet and confer with Plaintiffs to better define this Request, or to respond to a more narrowly tailored Request seeking relevant information proportional to the needs of this case.

**REQUEST FOR PRODUCTION NO. 27:**

Any complaints received from Picerne/Corvias employees or subcontractors regarding the quality or integrity of customer service, repair and maintenance services provided to tenants at Fort Bragg, since 2003.

**RESPONSE TO REQUEST NO. 27:**

Corvias Management incorporates by reference each of its Recurring Objections as if fully set forth herein. Corvias Management further objects to this Request because it is not reasonably

limited in scope or time as it seeks documents over a period of nearly twenty years. Corvias Management further objects to this Request as overly broad and vague because the terms and phrases "complaints," "received," "Picerne/Corvias," "employees," "subcontractors," "regarding," "quality," "integrity," "customer service," "repair," "maintenance," "services," "provided to," "tenants," and "at Fort Bragg" are not defined. Corvias Management further objects to this Request to the extent it seeks information related to absent members of the putative class.

Corvias Management objects to the extent that the Request seeks documents protected by the common interest rule, joint defense privilege, attorney client privilege, and/or the work product doctrine. Corvias Management further objects to the extent that this Request seeks information that was prepared in contemplation of or in response to the instant litigation by Defendants or counsel thereof or any expert witness or consultant on behalf thereof, or which otherwise constitutes or represents the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of Defendants concerning the litigation. Corvias Management further objects to this interrogatory as premature as the deadline for Corvias Management to disclose its expert witnesses is not until November 18, 2022. Corvias Management will make its expert witness disclosures consistent with the Court's Scheduling Order [Dkt. No. 68].

Corvias Management further objects to the extent that this Request: (a) seeks a compilation, summary, or abstract to the extent protected by the work product doctrine, attorney client privilege, common interest rule, and/or joint defense privilege; and (b) is in fact a written interrogatory that is improperly phrased as a request for production and intended to circumvent the limitation on number of written interrogatories pursuant to Federal Rule of Civil Procedure 33(a)(1).

Subject to and without waiving these objections, Corvias Management is willing to meet and confer with Plaintiffs to better define this Request, or to respond to a more narrowly tailored Request seeking relevant information proportional to the needs of this case.

**REQUEST FOR PRODUCTION NO. 28:**

Documents reflecting any efforts made by Defendant, or to Defendant's knowledge by any other actor, to assess, investigate or audit whether fraud existed in Bragg-related work orders or service, repair and maintenance records, from 2003 to present.

**RESPONSE TO REQUEST NO. 28:**

Corvias Management incorporates by reference each of its Recurring Objections as if fully set forth herein. Corvias Management further objects to this Request because it is not reasonably limited in scope or time as it seeks documents over a period of nearly twenty years. Corvias Management further objects to this Request as overly broad and vague because the terms and phrases "reflecting," "efforts," "made by," "knowledge," "other actor," "assess," "investigate," "audit," "fraud," "existed," "Bragg-related," "work orders," "service," "repair," and "maintenance records" are not defined. Corvias Management also objects to the extent the Request calls for an improper legal conclusion as to the issue of "fraud."

Corvias Management objects to the extent that the Request seeks documents protected by the common interest rule, joint defense privilege, attorney client privilege, and/or the work product doctrine. Corvias Management further objects to the extent that this Request: (a) seeks a compilation, summary, or abstract to the extent protected by the work product doctrine, attorney client privilege, common interest rule, and/or joint defense privilege; and (b) is in fact a written

interrogatory that is improperly phrased as a request for production and intended to circumvent the limitation on number of written interrogatories pursuant to Federal Rule of Civil Procedure 33(a)(1).

For the foregoing reasons, the Request is overly broad, unduly burdensome, and seeks information and documents not relevant to or necessary for resolving the disputes in this case, thus it is not proportional to the needs of this case. Corvias Management stands on its objections.

**REQUEST FOR PRODUCTION NO. 29:**

Documents reflecting complaints made by military housing tenants or their family members to Defendant, or which were made to others but have come into your possession, custody or control, with regard to the privatized military housing at Fort Bragg, or Defendant's services at Fort Bragg, from 2003 to present.

**RESPONSE TO REQUEST NO. 29:**

Corvias Management incorporates by reference each of its Recurring Objections as if fully set forth herein. Corvias Management further objects to this Request because it is not reasonably limited in scope or time as it seeks documents over a period of nearly twenty years. Corvias Management further objects to this Request as overly broad and vague because the terms and phrases "reflecting," "complaints," "military housing tenants," "family members," "others," "with regard to," "privatized military housing," "at Fort Brag," and "services" are not defined. Corvias Management also objects to the extent the Request is overly burdensome as it appears cumulative to Request No. 26. Corvias Management objects to the extent that the Request seeks documents protected by the common interest rule, joint defense privilege, attorney client privilege, and/or the work product doctrine. Corvias Management further objects to this Request to the extent it seeks information related to absent members of the putative class.

Subject to and without waiving these objections, Corvias Management responds as follows: Corvias Management will produce non-privileged, relevant documents for Corvias Management located in a reasonable and temporally-limited search that are in its possession, custody, and/or control, once the parties execute a Stipulated Order Regarding Confidentiality of Discovery Material and/or the Court enters a confidentiality order.

**REQUEST FOR PRODUCTION NO. 30:**

Documents reflecting Fort Bragg privatized military housing resident complaints regarding work order requests, rent or billing issues, or relocation requests, with regard to the housing at Fort Bragg, from 2003 to present.

**RESPONSE TO REQUEST NO. 30:**

Corvias Management incorporates by reference each of its Recurring Objections as if fully set forth herein. Corvias Management further objects to this Request because it is not reasonably limited in scope or time as it seeks documents over a period of nearly twenty years. Corvias Management further objects to this Request as overly broad and vague because the terms and phrases "reflecting," "Fort Bragg," "privatized military resident complaints," "regarding," "work order requests," "rent or billing issues," "relocation requests," "with regard to," and "housing at Fort Bragg" are not defined. Corvias Management objects to the extent that the Request seeks documents protected by the common interest rule, joint defense privilege, attorney client privilege, and/or the work product doctrine. Corvias Management further objects to this Request to the extent it seeks information related to absent members of the putative class.

Subject to and without waiving these objections, Corvias Management is willing to meet and confer with Plaintiffs to better define this Request, or to respond to a more narrowly tailored Request seeking relevant information proportional to the needs of this case.

**REQUEST FOR PRODUCTION NO. 31:**

All documents summarizing or describing the reasons behind and the nature of the corporate reorganization or restructuring and budget cuts and cuts to repair and maintenance staff and community center staff that according to public statements and statements to Congress made by Mr. Picerne[7] and Sharon Shores[8] and others occurred circa 2013-2017 and affected the quality of service at Fort Bragg.

**RESPONSE TO REQUEST NO. 31:**

Corvias Management incorporates by reference each of its Recurring Objections as if fully set forth herein. Corvias Management objects to this Request because it is not reasonably limited in scope and time as it seeks documents without any limitation as to a starting or ending point in time.

Corvias Management further objects to this Request as overly broad and vague because the terms and phrases "summarizing," "describing," "reasons behind," "nature of," "corporate reorganization," "restructuring," "budget cuts," "cuts to repair and maintenance staff," "community center staff," "according to," "public statements," "statements to Congress," "others," "circa 2013-2017," "affected," "quality of service," and "at Fort Bragg" are undefined.

Corvias Management objects to the extent that the Request seeks documents protected by the common interest rule, joint defense privilege, attorney client privilege, and/or the work product doctrine. Corvias Management objects to the extent that the Request also assumes facts not in

---

[7] American Homefront Project, Sept. 18, 2019, New Financing Plan Could Speed Renovations Of 16,000 Army Base Homes, https://www.cpr.org/2019/09/18/new-financing-plan-could-speed-renovations-of-16000-army-base-homes/ (last accessed Jan. 2, 2022) ("he said the company made a mistake by scaling back spending on renovations") (Homefront 2019).

[8] Rachael Riley, Fort Bragg receives low ranking in housing survey, July 26, 2019, Fayetteville Observer, https://www.fayobserver.com/story/lifestyle/fort-bragg-life/2019/07/26/fort-bragg-residents-report-decreased-satisfaction-in-housing-survey/4580380007/ (last accessed Jan. 2, 2022) ("Sharon Shores, director of Corvias at Fort Bragg, said Corvias has made mistakes. One of the mistakes, she said, was during a 2017 reorganization that led to fewer staff at Fort Bragg and some office and amenity closures") (Riley 2019).

evidence, lacks foundation, and is based on hearsay and/or speculation. In particular, Corvias Management objects to the Request on the ground that the terms "public statements" and "statements to Congress made by . . . others" are vague and do not provide any information as to the nature of the "public statements," or when, where, how, by whom, and to whom such alleged statements were made. This Request also asks Corvias Management to improperly speculate as to third party individuals' subjective thoughts behind their alleged statements. Corvias Management objects to the Request as it seeks historical financial information that is not relevant to any party's current claims or defenses. *See e.g.*, *Hester v. Cottrell Contracting Corp.*, 2001 A.M.C. 2017, 2001 WL 1764200, at *4 (E.D.N.C. Apr. 27, 2001) (finding that even where punitive damages were sought financial information is only discoverable as to the current financial condition).

Corvias Management further objects to the extent that this Request: (a) seeks a compilation, summary, or abstract to the extent protected by the work product doctrine, attorney client privilege, common interest rule, and/or joint defense privilege; and (b) is in fact a written interrogatory that is improperly phrased as a request for production and intended to circumvent the limitation on number of written interrogatories pursuant to Federal Rule of Civil Procedure 33(a)(1).

For the foregoing reasons, the Request is overly broad, unduly burdensome, and seeks information and documents not relevant to or necessary for resolving the disputes in this case, thus it is not proportional to the needs of this case. Corvias Management stands on its objections.

**REQUEST FOR PRODUCTION NO. 32:**

Documents reflecting tenant and housing files including, but not limited to, any repair and maintenance requests and complaints received as to the following servicemember tenants or their family members who have complained of housing at Fort Bragg, reflecting any complaints made

by them, reflecting any investigation made by Corvias, and reflecting any resolution of their claims of defective housing at Fort Bragg:

    a.    Amanda McCarthy.

    b.    Jennifer Wade.

    c.    Kacey Mariah Carter.

    d.    Julianne Smigiel.

    e.    Renate Eliese.

    f.    Kameron Scott Lovelace.

    g.    Nicole Teetee Johnson.

    h.    Ashley Marie.

    i.    Makayla Shèa Pärn.

    j.    Zach Oore.

    k.    Steffany Billington.

    l.    David Alexis Camacho.

    m.    Cassandra Bogle.

    n.    Jon Athan.

    o.    Shawn Petermann.

    p.    Amanda Stillwagner.

    q.    Jacqueline Lyons.

    r.    Korena Rachelle.

    s.    Perette Elizabeth.

    t.    Ivy O'Brien.

    u.    Sally Smith.

v.      Lauren Quinones.

w.      Stefanie Robinson.

x.      Heather Beckstrom.

y.      Tasey Medina.

z.      Jessica Andreano.

aa.     Jennifer Wade.

bb.     Calvin and Rachael Kilpatrick.

cc.     Sara Brumbaugh.

dd.     Heidi Jorgy Jorgensen.

ee.     Javzaa Unursaikhan.

ff.     Marilyn Thigpen.

gg.     Courtney Distelrath.

hh.     Sara Hanlon.

ii.     Michaela Garcia.

jj.     Andrew Jackson Marrs.

kk.     Jay Hardnett.

ll.     Nicole Blakely.

mm.     Taylor Padgett.

nn.     Regan Burke.

oo.     Toni Braun.

pp.     Jordan Gray.

qq.     Loryn Hardy.

rr.     Devin Worth.

| ss. | Kylie Ann. |
|---|---|
| tt. | Tanneal Fahey. |
| uu. | Martín Tinoco. |
| vv. | Kandice Cole. |
| ww. | Jayla Garcia. |
| xx. | Lena Rae Brantner. |
| yy. | Terry Smith. |
| zz. | Julie Parr. |
| aaa. | Rikki Wirth. |
| bbb. | Tamara Terry. |
| ccc. | Amber Lee. |
| ddd. | Klerissa Davis. |
| eee. | Paige Ellis. |
| fff. | Gabrielle Lewis. |

**RESPONSE TO REQUEST NO. 32:**

Corvias Management incorporates by reference each of its Recurring Objections as if fully set forth herein. Corvias Management objects to this Request because it is compound as it contains 58 separate subparts with individual document requests. Corvias Management objects to this Request because it is not reasonably limited in scope and time as it seeks documents without any limitation as to a starting or ending point in time. Corvias Management further objects to this Request to the extent it seeks information related to absent members of the putative class.

Corvias Management further objects to this Request as overly broad and vague because the terms and phrases "reflecting," "tenant and housing files," "repair and maintenance requests,"

"complaints," "received," "who have complained of housing at Fort Bragg," "any complaints," "made by them," "any investigation," "made by," "Corvias," "any resolution," "their claims," "defective housing," and "at Fort Bragg" are undefined.

Corvias Management objects to the extent that the Request seeks documents protected by the common interest rule, joint defense privilege, attorney client privilege, and/or the work product doctrine. Corvias Management further objects to the extent that this Request: (a) seeks a compilation, summary, or abstract to the extent protected by the work product doctrine, attorney client privilege, common interest rule, and/or joint defense privilege; and (b) is in fact a written interrogatory that is improperly phrased as a request for production and intended to circumvent the limitation on number of written interrogatories pursuant to Federal Rule of Civil Procedure 33(a)(1).

For the foregoing reasons, the Request is overly broad, unduly burdensome, and seeks information and documents not relevant to or necessary for resolving the disputes in this case, thus it is not proportional to the needs of this case. Corvias Management stands on its objections.

**REQUEST FOR PRODUCTION NO. 33:**

All resident complaints to Army chain of command, ICE (Interactive Customer Evaluation), or other non-Corvias parties, regarding or referencing military housing conditions at Fort Bragg, in your possession, custody or control.

**RESPONSE TO REQUEST NO. 33:**

Corvias Management incorporates by reference each of its Recurring Objections as if fully set forth herein. Corvias Management further objects to this Request because it is overbroad and compound as it is not limited in scope or time. Corvias Management further objects to this Request as overly broad and vague because the terms and phrases "resident complaints," "Army chain of

command," "ICE (Interactive Customer Evaluation)," "other non-Corvias parties," "regarding," "referencing," "military housing conditions," and "at Fort Bragg" are not defined. Corvias Management objects to the extent that the Request seeks documents protected by the common interest rule, joint defense privilege, attorney client privilege, and/or the work product doctrine. Corvias Management further objects to this Request to the extent it seeks information related to absent members of the putative class.

Corvias Management further objects that this appears to be an impermissible fishing expedition into any complaint made to any third party, regardless of subject-matter. For the foregoing reasons, the Request is overly broad, unduly burdensome, and seeks information and documents not relevant to or necessary for resolving the disputes in this case, thus it is not proportional to the needs of this case. Corvias Management stands on its objections.

**REQUEST FOR PRODUCTION NO. 34:**

Documents reflecting the number and identities of Corvias employees working at Fort Bragg each year from 2003 to present and reflecting their job titles and job duties. This request is intended to obtain the production of documents sufficient to reflect the identities of any employees of Defendant who either worked physically at Fort Bragg or worked elsewhere but had responsibilities related to housing at Fort Bragg. It is also intended to obtain the production of documents, if they are in Defendant's possession, custody or control, sufficient to reflect the identities of any employees of Bragg Communities LLC or any other Corvias or Picerne-related entity who either worked physically at Fort Bragg or worked elsewhere but had responsibilities related to housing at Fort Bragg.

**RESPONSE TO REQUEST NO. 34:**

Corvias Management incorporates by reference each of its Recurring Objections as if fully set forth herein. Corvias Management further objects to this Request because it is not reasonably limited in scope or time as it seeks documents over a period of nearly twenty years. Corvias Management further objects to this Request as overly broad and vague because the terms and phrases "reflecting," "identities," "Corvias employees," "working at," "Fort Bragg," "job titles," "job duties," "intended to," "obtain," "sufficient to," "reflect," "identities," "any employees," "worked physically at," "elsewhere," "responsibilities," "related to," "housing," "at Fort Bragg," and "any other Corvias or Picerne-related entity" are not defined. Corvias Management also objects to the extent the Request calls for an improper legal conclusion as to "responsibilities."

Corvias Management further objects to the extent that this Request seeks documents pertaining to entities other than Corvias Management and appears to be an impermissible fishing expedition as to records of multiple, distinct limited liability companies. Corvias Management objects to the extent that the Request seeks documents protected by the common interest rule, joint defense privilege, attorney client privilege, and/or the work product doctrine. Corvias Management further objects to the extent that this Request: (a) seeks a compilation, summary, or abstract to the extent protected by the work product doctrine, attorney client privilege, common interest rule, and/or joint defense privilege; and (b) is in fact a written interrogatory that is improperly phrased as a request for production and intended to circumvent the limitation on number of written interrogatories pursuant to Federal Rule of Civil Procedure 33(a)(1).

For the foregoing reasons, the Request is overly broad, unduly burdensome, and seeks information and documents not relevant to or necessary for resolving the disputes in this case, thus it is not proportional to the needs of this case. Corvias Management stands on its objections.

**REQUEST FOR PRODUCTION NO. 35:**

Documents reflecting the number of and identities of subcontractors or other non-employees who provided tenant service, repair or maintenance, for residences at Fort Bragg, contracting with Defendant or any other Corvias entity, from 2003 to present.

**RESPONSE TO REQUEST NO. 35:**

Corvias Management incorporates by reference each of its Recurring Objections as if fully set forth herein. Corvias Management further objects to this Request because it is not reasonably limited in scope or time as it seeks documents over a period of nearly twenty years. Corvias Management further objects to this Request as overly broad and vague because the terms and phrases "reflecting," "identities," "subcontractors," "other non-employees," "provided," "tenant service," "repair," "maintenance," "residences," "at Fort Bragg," "contracting with," and "any other Corvias entity" are not defined.

Corvias Management further objects to the extent that this Request seeks documents pertaining to entities other than Corvias Management and appears to be an impermissible fishing expedition as to records of multiple, distinct limited liability companies. Corvias Management objects to the extent that the Request seeks documents protected by the common interest rule, joint defense privilege, attorney client privilege, and/or the work product doctrine. Corvias Management further objects to the extent that this Request: (a) seeks a compilation, summary, or abstract to the extent protected by the work product doctrine, attorney client privilege, common interest rule, and/or joint defense privilege; and (b) is in fact a written interrogatory that is improperly phrased as a request for production and intended to circumvent the limitation on number of written interrogatories pursuant to Federal Rule of Civil Procedure 33(a)(1).

For the foregoing reasons, the Request is overly broad, unduly burdensome, and seeks information and documents not relevant to or necessary for resolving the disputes in this case, thus it is not proportional to the needs of this case. Corvias Management stands on its objections.

**REQUEST FOR PRODUCTION NO. 36:**

As to John Picerne's public statements that Corvias had reduced staffing at or closed neighborhood/community centers circa 2013-2017, please produce documents sufficient to describe which centers at Fort Bragg were affected and how they were affected.

**RESPONSE TO REQUEST NO. 36:**

Corvias Management incorporates by reference each of its Recurring Objections as if fully set forth herein. Corvias Management objects to this Request because it is not reasonably limited in scope and time as it seeks documents without any limitation as to a starting or ending point in time.

Corvias Management further objects to this Request as overly broad and vague because the terms and phrases "John Picerne's public statements," "Corvias," "reduced," "staffing," "closed," "neighborhood/community centers," "circa 2013-2017," "sufficient to," "describe," "identified," "centers," "at Fort Bragg," and "affected" are undefined. Corvias Management objects to the extent that the Request seeks documents protected by the common interest rule, joint defense privilege, attorney client privilege, and/or the work product doctrine.

Corvias Management further objects to the extent that this Request: (a) seeks a compilation, summary, or abstract to the extent protected by the work product doctrine, attorney client privilege, common interest rule, and/or joint defense privilege; and (b) is in fact a written interrogatory that is improperly phrased as a request for production and intended to circumvent the limitation on number of written interrogatories pursuant to Federal Rule of Civil Procedure 33(a)(1).

Case 5:20-cv-00336-D   Document 92-8   Filed 08/29/22   Page 47 of 116

For the foregoing reasons, the Request is overly broad, unduly burdensome, and seeks information and documents not relevant to or necessary for resolving the disputes in this case, thus it is not proportional to the needs of this case. Corvias Management stands on its objections.

**REQUEST FOR PRODUCTION NO. 37:**

Documents sufficient to show each successive version or revision of the form lease agreement aka the resident occupancy agreement (ROA), applicable to any tenants at Fort Bragg, since 2003.

**RESPONSE TO REQUEST NO. 37:**

Corvias Management incorporates by reference each of its Recurring Objections as if fully set forth herein. Corvias Management further objects to this Request because it is not reasonably limited in scope or time as it seeks documents over a period of nearly twenty years. Corvias Management further objects to this Request as overly broad and vague because the terms and phrases "sufficient to show," "successive version," "revision," "form lease agreement," "resident occupancy agreement (ROA)," "applicable to," "any tenants," and "at Fort Bragg" are not defined.

Corvias Management objects to the extent that the Request seeks documents protected by the common interest rule, joint defense privilege, attorney client privilege, and/or the work product doctrine. In addition, this Request seeks all "successive version[s] or revision[s]" of every lease agreement with every tenant at Fort Bragg since 2003, which is overly broad, unduly burdensome, and seeks information and documents not relevant to or necessary for resolving the disputes in this case.

Subject to and without waiving these objections, Corvias Management responds as follows: Corvias Management will produce non-privileged, relevant documents for Corvias Management located in a reasonable and temporally-limited search, consisting of copies of the versions of the

47

ROAs with the named Plaintiffs, that are in its possession, custody, and/or control, once the parties execute a Stipulated Order Regarding Confidentiality of Discovery Material and/or the Court enters a confidentiality order.

**REQUEST FOR PRODUCTION NO. 38:**

Documents sufficient to show each successive version or revision of the resident responsibility guide (RRG), applicable to any tenants at Fort Bragg, since 2003.

**RESPONSE TO REQUEST NO. 38:**

Corvias Management incorporates by reference each of its Recurring Objections as if fully set forth herein. Corvias Management further objects to this Request because it is not reasonably limited in scope or time as it seeks documents over a period of nearly twenty years. Corvias Management further objects to this Request as overly broad and vague because the terms and phrases "sufficient to show," "successive version," "revision," "resident responsibility guide (RRG)," "applicable to," "any tenants," and "at Fort Bragg" are not defined. Corvias Management objects to the extent that the Request seeks documents protected by the common interest rule, joint defense privilege, attorney client privilege, and/or the work product doctrine.

Subject to and without waiving these objections, Corvias Management responds as follows: Corvias Management will produce non-privileged, relevant documents for Corvias Management located in a reasonable and temporally-limited search, that are in its possession, custody, and/or control, once the parties execute a Stipulated Order Regarding Confidentiality of Discovery Material and/or the Court enters a confidentiality order.

**REQUEST FOR PRODUCTION NO. 39:**

Documents supporting the statement[9] by Sharon Shores, director of Corvias at Fort Bragg, that since February 2019, Corvias has added 52 positions to staffing and reopened community offices at Fort Bragg.

**RESPONSE TO REQUEST NO. 39:**

Corvias Management incorporates by reference each of its Recurring Objections as if fully set forth herein. Corvias Management objects to this Request to the extent that it calls for the production of documents which postdate the filing of the Complaint in this action. Corvias Management further objects to this Request as overly broad and vague because the terms and phrases "supporting," "statement," "assigned," "Corvias," "added," "positions," "staffing," "reopened," "community offices," and "at Fort Bragg" are undefined.

Corvias Management further objects to the extent that this Request: (a) seeks a compilation, summary, or abstract to the extent protected by the work product doctrine, attorney client privilege, common interest rule, and/or joint defense privilege; and (b) is in fact a written interrogatory that is improperly phrased as a request for production and intended to circumvent the limitation on number of written interrogatories pursuant to Federal Rule of Civil Procedure 33(a)(1).

Subject to and without waiving these objections, Corvias Management is willing to meet and confer with Plaintiffs to better define this Request, or to respond to a more narrowly tailored Request seeking relevant information proportional to the needs of this case.

---

[9] Riley 2019.

**REQUEST FOR PRODUCTION NO. 40:**

Documents sufficient to identify the homes that were taken offline or deemed uninhabitable due to inspections occurring since 2015 at Fort Bragg.[10]

**RESPONSE TO REQUEST NO. 40:**

Corvias Management incorporates by reference each of its Recurring Objections as if fully set forth herein. Corvias Management objects to this Request to the extent that it calls for the production of documents which postdate the filing of the Complaint in this action. Corvias Management further objects to this Request as overly broad and vague because the terms and phrases "sufficient to," "identify," "homes," "offline," "uninhabitable," "inspections," "occurring," and "at Fort Bragg" are undefined. Corvias Management objects to the extent that the Request also assumes facts not in evidence, lacks foundation, and is based on hearsay and/or speculation. Corvias Management further objects to this Request to the extent it seeks information related to absent members of the putative class.

Corvias Management objects to the extent that the Request seeks documents protected by the common interest rule, joint defense privilege, attorney client privilege, and/or the work product doctrine. Corvias Management further objects to the extent that this Request seeks information that was prepared in contemplation of or in response to the instant litigation by Defendants or counsel thereof or any expert witness or consultant on behalf thereof, or which otherwise constitutes or represents the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of Defendants concerning the litigation. Corvias Management further objects to this interrogatory as premature as the deadline for Corvias Management to

---

[10] Riley 2019.

disclose its expert witnesses is not until November 18, 2022. Corvias Management will make its expert witness disclosures consistent with the Court's Scheduling Order [Dkt. No. 68].

Corvias Management further objects to the extent that this Request: (a) seeks a compilation, summary, or abstract to the extent protected by the work product doctrine, attorney client privilege, common interest rule, and/or joint defense privilege; and (b) is in fact a written interrogatory that is improperly phrased as a request for production and intended to circumvent the limitation on number of written interrogatories pursuant to Federal Rule of Civil Procedure 33(a)(1).

Subject to and without waiving these objections, Corvias Management is willing to meet and confer with Plaintiffs to better define this Request, or to respond to a more narrowly tailored Request seeking relevant information proportional to the needs of this case.

**REQUEST FOR PRODUCTION NO. 41:**

Documents sufficient to identify the approximately 2,770 homes at Fort Bragg which as of 2018, had been built before 1978, when stricter safety laws on lead paint went into effect.[11]

**RESPONSE TO REQUEST NO. 41:**

Corvias Management incorporates by reference each of its Recurring Objections as if fully set forth herein. Corvias Management objects to this Request to the extent that it calls for the production of documents which postdate the filing of the Complaint in this action. Corvias Management further objects to this Request as overly broad and vague because the terms and phrases "sufficient to," "identify," "approximately," "homes," "at Fort Bragg," "built," "stricter safety laws," "lead paint," and "went into effect" are undefined. Corvias Management objects to the extent that the Request also assumes facts not in evidence, lacks foundation, and is based on

---

[11] *See* news story at https://www.fayobserver.com/story/news/military/2018/09/10/fort-bragg-to-inspect-homes-believed-to-have-lead-based-paint/10797561007/ (last accessed Jan. 2, 2022).

hearsay and/or speculation. Corvias Management also objects to the extent the Request calls for improper legal conclusions as to the scope and applicability of unspecified "stricter safety laws." Corvias Management further objects to this Request to the extent it seeks information related to absent members of the putative class.

Corvias Management objects to the extent that the Request seeks documents protected by the common interest rule, joint defense privilege, attorney client privilege, and/or the work product doctrine. Corvias Management further objects to the extent that this Request seeks information that was prepared in contemplation of or in response to the instant litigation by Defendants or counsel thereof or any expert witness or consultant on behalf thereof, or which otherwise constitutes or represents the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of Defendants concerning the litigation. Corvias Management further objects to this interrogatory as premature as the deadline for Corvias Management to disclose its expert witnesses is not until November 18, 2022. Corvias Management will make its expert witness disclosures consistent with the Court's Scheduling Order [Dkt. No. 68].

Corvias Management further objects to the extent that this Request: (a) seeks a compilation, summary, or abstract to the extent protected by the work product doctrine, attorney client privilege, common interest rule, and/or joint defense privilege; and (b) is in fact a written interrogatory that is improperly phrased as a request for production and intended to circumvent the limitation on number of written interrogatories pursuant to Federal Rule of Civil Procedure 33(a)(1).

Subject to and without waiving these objections, Corvias Management is willing to meet and confer with Plaintiffs to better define this Request, or to respond to a more narrowly tailored Request seeking relevant information proportional to the needs of this case.

**REQUEST FOR PRODUCTION NO. 42:**

Documents sufficient to identify the 1,220 of the homes built before 1978 at Fort Bragg which as of 2018 had been renovated and tested negative for lead-based paint and reflecting the current status of the remaining 1,550 homes and any lead abatement or renovations.

**RESPONSE TO REQUEST NO. 42:**

Corvias Management incorporates by reference each of its Recurring Objections as if fully set forth herein. Corvias Management objects to this Request to the extent that it calls for the production of documents which postdate the filing of the Complaint in this action. Corvias Management further objects to this Request as overly broad and vague because the terms and phrases "sufficient to," "identify," "homes," "at Fort Bragg," "built," "at Fort Bragg," "renovated," "tested negative," "lead-based paint," "reflecting," "current status," "remaining 1,550 homes," "lead abatement," and "renovations" are undefined. Corvias Management objects to the extent that the Request also assumes facts not in evidence, lacks foundation, and is based on hearsay and/or speculation. Corvias Management further objects to this Request to the extent it seeks information related to absent members of the putative class.

Corvias Management objects to the extent that the Request seeks documents protected by the common interest rule, joint defense privilege, attorney client privilege, and/or the work product doctrine. Corvias Management further objects to the extent that this Request: (a) seeks a compilation, summary, or abstract to the extent protected by the work product doctrine, attorney client privilege, common interest rule, and/or joint defense privilege; and (b) is in fact a written interrogatory that is improperly phrased as a request for production and intended to circumvent the limitation on number of written interrogatories pursuant to Federal Rule of Civil Procedure 33(a)(1).

Subject to and without waiving these objections, Corvias Management is willing to meet and confer with Plaintiffs to better define this Request, or to respond to a more narrowly tailored Request seeking relevant information proportional to the needs of this case.

**REQUEST FOR PRODUCTION NO. 43:**

Documents reflecting any Corvias 35-year plan to renovate homes on Fort Bragg, including plans for 153 homes in the Pope neighborhood to be scheduled for major interior and exterior renovations, from 2018 onward.

**RESPONSE TO REQUEST NO. 43:**

Corvias Management incorporates by reference each of its Recurring Objections as if fully set forth herein. Corvias Management objects to this Request to the extent that it calls for the production of documents which postdate the filing of the Complaint in this action. Corvias Management further objects to this Request as overly broad and vague because the terms and phrases "reflecting," "Corvias 35-year plan," "renovate," "homes," "on Fort Bragg," "plans," "Pope neighborhood," "scheduled," and "major interior and exterior renovations" are undefined. Corvias Management further objects to this Request to the extent it seeks information related to absent members of the putative class.

Corvias Management objects to the extent that the Request also assumes facts not in evidence, lacks foundation, and is based on hearsay and/or speculation. Corvias Management objects to the extent that the Request seeks documents protected by the common interest rule, joint defense privilege, attorney client privilege, and/or the work product doctrine. Corvias Management further objects as the Request is overly broad and not related to any claims or defenses in this Action.

Subject to and without waiving these objections, Corvias Management is willing to meet and confer with Plaintiffs to better define this Request, or to respond to a more narrowly tailored Request seeking relevant information proportional to the needs of this case.

**REQUEST FOR PRODUCTION NO. 44:**

Documents reflecting all payments received by the Corvias organization with regard to the MHPI project at Fort Bragg since 2003, including BAH revenues, incentive fees or awards, or other payments received from the U.S. government.

**RESPONSE TO REQUEST NO. 44:**

Corvias Management incorporates by reference each of its Recurring Objections as if fully set forth herein. Corvias Management further objects to this Request because it is not reasonably limited in scope or time as it seeks documents over a period of nearly twenty years. Corvias Management objects to this Request to the extent that it calls for the production of documents which postdate the filing of the Complaint in this action. Corvias Management further objects to this Request as overly broad and vague because the terms and phrases "reflecting," "payments," "received," "Corvias organization," "with regard to," "MHPI project," "at Fort Bragg," "BAH revenues," "incentive fees or awards," "other payments," "received," and "U.S. government" are undefined.

Corvias Management objects to the Request as it seeks historical financial information that is not relevant to any party's current claims or defenses. *See e.g.*, *Hester v. Cottrell Contracting Corp.*, 2001 A.M.C. 2017, 2001 WL 1764200, at *4 (E.D.N.C. Apr. 27, 2001) (finding that even where punitive damages were sought financial information is only discoverable as to the current financial condition). Corvias Management further objects to the extent that the Request seeks

documents protected by the common interest rule, joint defense privilege, attorney client privilege, and/or the work product doctrine.

For the foregoing reasons, the Request is overly broad, unduly burdensome, and seeks information and documents not relevant to or necessary for resolving the disputes in this case, thus it is not proportional to the needs of this case. Corvias Management stands on its objections.

**REQUEST FOR PRODUCTION NO. 45:**

Documents evidencing any insurance policies which may provide any coverage with regard to this matter and the claims asserted in the Complaint, as amended.

**RESPONSE TO REQUEST NO. 45:**

Corvias Management incorporates by reference each of its Recurring Objections as if fully set forth herein. Subject to and without waiving these objections, Corvias Management responds as follows: pursuant to FRCP 26(a)(1)(A)(iv) Corvias Management will produce any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment. once the parties execute a Stipulated Order Regarding Confidentiality of Discovery Material and/or the Court enters a confidentiality order.

**REQUEST FOR PRODUCTION NO. 46:**

Documents reflecting any document retention policies or document retention policies followed by Defendant since 2003.

**RESPONSE TO REQUEST NO. 46:**

Corvias Management incorporates by reference each of its Recurring Objections as if fully set forth herein. Corvias Management further objects to this Request because it is not reasonably limited in scope or time as it seeks documents over a period of nearly twenty years. Corvias

Management objects to this Request to the extent that it calls for the production of documents which postdate the filing of the Complaint in this action. Corvias Management further objects to this Request as overly broad and vague because the terms and phrases "reflecting," "document retention policies," and "followed by" are undefined. Corvias Management objects to the extent that the Request seeks documents protected by the common interest rule, joint defense privilege, attorney client privilege, and/or the work product doctrine.

For the foregoing reasons, the Request is overly broad, unduly burdensome, and seeks information and documents not relevant to or necessary for resolving the disputes in this case, thus it is not proportional to the needs of this case. Corvias Management stands on its objections.

**REQUEST FOR PRODUCTION NO. 47:**

Documents reflecting any review of service requests commenced after the publication of the Reuters news reporting in December 2018 regarding Corvias, including the comprehensive review of service requests and how they are handled referenced by Kelly Douglas in public comments in December 2018.[12]

**RESPONSE TO REQUEST NO. 47:**

Corvias Management incorporates by reference each of its Recurring Objections as if fully set forth herein. Corvias Management objects to this Request to the extent that it calls for the production of documents which postdate the filing of the Complaint in this action. Corvias Management further objects to this Request as overly broad and vague because the terms and phrases "reflecting," "review," "service requests," "publication," "Reuters news reporting," "regarding," "Corvias," "comprehensive review," "they," "handled," "referenced by," and "public comments" are undefined. Corvias Management objects to the extent that the Request also assumes

---

[12] Borg 2018.

facts not in evidence, lacks foundation, and is based on hearsay and/or speculation. Corvias Management objects to the extent that the Request seeks documents protected by the common interest rule, joint defense privilege, attorney client privilege, and/or the work product doctrine. Further, as drafted, this Request assumes facts not in evidence and is not seeking any specified documents.

Corvias Management further objects to the extent the Request is in fact a written interrogatory improperly phrased as a request for production, intended to circumvent the limitation on number of written interrogatories pursuant to Federal Rule of Civil Procedure 33(a)(1). As drafted, it is unclear what specific documents Plaintiffs seek as said Request would require review of every single record and email from December 2018 to present. For the foregoing reasons, the Request is overly broad, unduly burdensome, and seeks information and documents not relevant to or necessary for resolving the disputes in this case, thus it is not proportional to the needs of this case. Corvias Management stands on its objections.

**REQUEST FOR PRODUCTION NO. 48:**

Any tenant petitions (including both hardcopy and online) criticizing, complaining about or protesting Fort Bragg housing; and documents reflecting any efforts by Defendant, any Corvias entity, or any third party retained for the task, to investigate any of the complaints asserted in the petitions.

**RESPONSE TO REQUEST NO. 48:**

Corvias Management incorporates by reference each of its Recurring Objections as if fully set forth herein. Corvias Management further objects to this Request because it is not reasonably limited in scope and time as it seeks documents without any limitation as to a starting or ending point in time. Corvias Management objects to this Request to the extent that it calls for the

production of documents which postdate the filing of the Complaint in this action. Corvias Management further objects to this Request as overly broad and vague because the terms and phrases "tenant petitions," "criticizing," "complaining," "protesting," "Fort Bragg housing," "reflecting," "any efforts," "Corvias entity," "third party," "retained," "the task," "investigate," "complaints," "asserted," and "petitions" are undefined. Corvias Management objects to the extent that the Request also assumes facts not in evidence, lacks foundation, and is based on hearsay and/or speculation. Corvias Management further objects to this Request to the extent it seeks information related to absent members of the putative class.

Corvias Management objects to the extent that the Request seeks documents protected by the common interest rule, joint defense privilege, attorney client privilege, and/or the work product doctrine. Corvias Management further objects to the extent that this Request seeks information that was prepared in contemplation of or in response to the instant litigation by Defendants or counsel thereof or any expert witness or consultant on behalf thereof, or which otherwise constitutes or represents the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of Defendants concerning the litigation. Corvias Management further objects to this interrogatory as premature as the deadline for Corvias Management to disclose its expert witnesses is not until November 18, 2022. Corvias Management will make its expert witness disclosures consistent with the Court's Scheduling Order [Dkt. No. 68].

Corvias Management further objects that this appears to be an impermissible fishing expedition into any complaint made to any third party, regardless of subject-matter. For the foregoing reasons, the Request is overly broad, unduly burdensome, and seeks information and documents not relevant to or necessary for resolving the disputes in this case, thus it is not proportional to the needs of this case. Corvias Management stands on its objections.

**REQUEST FOR PRODUCTION NO. 49:**

Any interviews of tenants conducted by Corvias or by others that are in Defendant's possession, custody or control, and that reflect tenants criticizing, complaining about or protesting Fort Bragg housing.

**RESPONSE TO REQUEST NO. 49:**

Corvias Management incorporates by reference each of its Recurring Objections as if fully set forth herein. Corvias Management further objects to this Request because it is not reasonably limited in scope and time as it seeks documents without any limitation as to a starting or ending point in time. Corvias Management objects to this Request to the extent that it calls for the production of documents which postdate the filing of the Complaint in this action. Corvias Management further objects to this Request as overly broad and vague because the terms and phrases "interviews," "tenants," "conducted by," "Corvias," "others," "reflect," "criticizing," "complaining about," "protesting," and "Fort Bragg housing" are undefined. Corvias Management objects to the extent that the Request also assumes facts not in evidence, lacks foundation, and is based on hearsay and/or speculation. Corvias Management further objects to this Request to the extent it seeks information related to absent members of the putative class.

Corvias Management objects to the extent that the Request seeks documents protected by the common interest rule, joint defense privilege, attorney client privilege, and/or the work product doctrine. Corvias Management further objects to the extent that this Request seeks information that was prepared in contemplation of or in response to the instant litigation by Defendants or counsel thereof or any expert witness or consultant on behalf thereof, or which otherwise constitutes or represents the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of Defendants concerning the litigation.

Corvias Management further objects that this appears to be an impermissible fishing expedition into any complaint or "criticism," regardless of subject-matter. For the foregoing reasons, the Request is overly broad, unduly burdensome, and seeks information and documents not relevant to or necessary for resolving the disputes in this case, thus it is not proportional to the needs of this case. Corvias Management stands on its objections.

**REQUEST FOR PRODUCTION NO. 50:**

All documents provided by Corvias to the Government Accounting Office (GAO) with regard to its review of private military housing projects ordered by Congress from 2017 onward.

**RESPONSE TO REQUEST NO. 50:**

Corvias Management incorporates by reference each of its Recurring Objections as if fully set forth herein. Corvias Management objects to this Request to the extent that it calls for the production of documents which postdate the filing of the Complaint in this action. Corvias Management further objects to this Request as overly broad and vague because the terms and phrases "provided by," "Corvias," "Government Accounting Office (GAO)," "with regard to," "review," "private military housing projects," "ordered by," and "Congress" are undefined.

Corvias Management objects to the extent that the Request seeks documents protected by the common interest rule, joint defense privilege, attorney client privilege, and/or the work product doctrine. Corvias Management further objects to the extent that this Request: (a) seeks a compilation, summary, or abstract to the extent protected by the work product doctrine, attorney client privilege, common interest rule, and/or joint defense privilege; and (b) is in fact a written interrogatory that is improperly phrased as a request for production and intended to circumvent the limitation on number of written interrogatories pursuant to Federal Rule of Civil Procedure 33(a)(1).

For the foregoing reasons, the Request is overly broad, unduly burdensome, and seeks information and documents not relevant to or necessary for resolving the disputes in this case, thus it is not proportional to the needs of this case. Corvias Management stands on its objections.

**REQUEST FOR PRODUCTION NO. 51:**

As Corvias is aware, the GAO and its representative Elizabeth Field have described a process by which within the last several years, they collected work order data from all of the 14 private companies that manage the military privatized housing projects. Ms. Field stated that GAO looked at over eight million work order records, and what they found was that the data were so unreliable that they could not use it to determine the prevalence of any one hazard.[13] Please produce all work orders and other documents provided by Corvias to GAO in that regard.

**RESPONSE TO REQUEST NO. 51:**

Corvias Management incorporates by reference each of its Recurring Objections as if fully set forth herein. Corvias Management further objects to this Request because it is not reasonably limited in scope and time as it seeks documents without any limitation as to a starting or ending point in time. Corvias Management objects to this Request to the extent that it calls for the production of documents which postdate the filing of the Complaint in this action. Corvias Management further objects to this Request as overly broad and vague because the terms and phrases "As Corvias is aware," "GAO," "described," "process," "within," "last several years," "they," "collected," "work order data," "14 private companies," "manage," "militarized privatized housing projects," "stated," "looked at," "work order records," "data," "unreliable," "use," "determine," "prevalence," "hazard," "work orders," "other documents," "provided by," and "in that regard" are undefined.

---

[13] See interview transcript at https://www.gao.gov/assets/710/705509.txt.

Corvias Management objects to the extent that the Request also assumes facts not in evidence, lacks foundation, is based on hearsay and/or speculation, and misstates the facts. In particular, Corvias Management objects to Plaintiffs' premise, "As Corvias is aware . . . ," on the basis that it lacks foundation, calls for speculation, and assumes facts not in evidence. This Request asks Corvias Management to improperly speculate as to a third party individual's subjective thoughts behind her alleged statements.

Corvias Management objects to the extent that the Request seeks documents protected by the common interest rule, joint defense privilege, attorney client privilege, and/or the work product doctrine. Corvias Management further objects to the extent that this Request: (a) seeks a compilation, summary, or abstract to the extent protected by the work product doctrine, attorney client privilege, common interest rule, and/or joint defense privilege; and (b) is in fact a written interrogatory that is improperly phrased as a request for production and intended to circumvent the limitation on number of written interrogatories pursuant to Federal Rule of Civil Procedure 33(a)(1).

For the foregoing reasons, the Request is overly broad, unduly burdensome, and seeks information and documents not relevant to or necessary for resolving the disputes in this case, thus it is not proportional to the needs of this case. Corvias Management stands on its objections.

**REQUEST FOR PRODUCTION NO. 52:**

The GAO's Ms. Field also described that within the last several years, another thing that they looked at to try to get a sense of prevalence and how widespread the tenant housing problems were was customer satisfaction surveys; there, again, the GAO found that the data that the Department collected and produced related to customer satisfaction was so unreliable that it too

was not a way to know just how prevalent these problems are. Please produce all documents provided by Corvias to GAO in that regard.

**RESPONSE TO REQUEST NO. 52:**

Corvias Management incorporates by reference each of its Recurring Objections as if fully set forth herein. Corvias Management further objects to this Request because it is not reasonably limited in scope and time as it seeks documents without any limitation as to a starting or ending point in time. Corvias Management objects to this Request to the extent that it calls for the production of documents which postdate the filing of the Complaint in this action. Corvias Management further objects to this Request as overly broad and vague because the terms and phrases "The GAO's Ms. Field," "described," "within," "last several years," "another thing," "looked at," "try and get a sense of," "prevalence," "widespread," "tenant housing problems," "customer satisfaction surveys," "there," "again," "the GAO," "found," "data," "the Department," "collected," "produced," "related to," "customer satisfaction," "unreliable," "it too," "not a way," "to know," "prevalent," "these problems," "provided by," and "in that regard" are undefined.

Corvias Management objects to the extent that the Request also assumes facts not in evidence, lacks foundation, is based on hearsay and/or speculation, and misstates the facts. This Request asks Corvias Management to improperly speculate as to a third party individual's subjective thoughts behind her alleged statements. Corvias Management further objects to the extent that this Request: (a) seeks a compilation, summary, or abstract to the extent protected by the work product doctrine, attorney client privilege, common interest rule, and/or joint defense privilege; and (b) is in fact a written interrogatory that is improperly phrased as a request for production and intended to circumvent the limitation on number of written interrogatories pursuant to Federal Rule of Civil Procedure 33(a)(1).

For the foregoing reasons, the Request is overly broad, unduly burdensome, and seeks information and documents not relevant to or necessary for resolving the disputes in this case, thus it is not proportional to the needs of this case. Corvias Management stands on its objections.

**REQUEST FOR PRODUCTION NO. 53:**

If Defendants dispute any of the GAO's findings regarding the reliability of work orders or customer surveys as it relates to Corvias, as stated by Ms. Field and by GAO reports, please produce all documents Defendant contends to support its position.

**RESPONSE TO REQUEST NO. 53:**

Corvias Management incorporates by reference each of its Recurring Objections as if fully set forth herein. Corvias Management further objects to this Request because it is not reasonably limited in scope and time as it seeks documents without any limitation as to a starting or ending point in time. Corvias Management objects to this Request to the extent that it calls for the production of documents which postdate the filing of the Complaint in this action. Corvias Management further objects to this Request as overly broad and vague because the terms and phrases "dispute," "GAO's findings," "regarding," "reliability," "work orders," "customer surveys," "as it relates to," "Corvias," "as stated by Ms. Field and by GAO reports," "contends to support," and "its position" are undefined.

Corvias Management objects to the extent that the Request also assumes facts not in evidence, lacks foundation, is based on hearsay and/or speculation, and misstates the facts. This Request asks Corvias Management to improperly speculate as to a third party individual's subjective thoughts behind her alleged statements. Corvias Management further objects to the extent that this Request: (a) seeks a compilation, summary, or abstract to the extent protected by the work product doctrine, attorney client privilege, common interest rule, and/or joint defense

privilege; and (b) is in fact a written interrogatory that is improperly phrased as a request for production and intended to circumvent the limitation on number of written interrogatories pursuant to Federal Rule of Civil Procedure 33(a)(1).

For the foregoing reasons, the Request is overly broad, unduly burdensome, and seeks information and documents not relevant to or necessary for resolving the disputes in this case, thus it is not proportional to the needs of this case. Corvias Management stands on its objections.

**REQUEST FOR PRODUCTION NO. 54:**

Ms. Field of the GAO has also described that GAO had an online questionnaire that servicemembers and their families could use to voluntarily provide GAO with information about their experiences; and GAO found problems related to privatized housing at every location that they visited. If Defendant is in possession of any of those online questionnaire documents, please produce them.

**RESPONSE TO REQUEST NO. 54:**

Corvias Management incorporates by reference each of its Recurring Objections as if fully set forth herein. Corvias Management further objects to this Request because it is not reasonably limited in scope and time as it seeks documents without any limitation as to a starting or ending point in time. Corvias Management objects to this Request to the extent that it calls for the production of documents which postdate the filing of the Complaint in this action. Corvias Management further objects to this Request as overly broad and vague because the terms and phrases "Ms. Field of the GAO," "described," "GAO," "online questionnaire," "servicemembers," "their families," "use," "voluntarily," "provide," "information," "their experiences," "found," "problems," "related to," "privatized military housing," "every location that they visited," and "online questionnaire documents" are undefined.

Corvias Management objects to the extent that the Request also assumes facts not in evidence, lacks foundation, is based on hearsay and/or speculation, and misstates the facts. This Request asks Corvias Management to improperly speculate as to a third party individual's subjective thoughts behind her alleged statements. Corvias Management further objects to the extent that this Request: (a) seeks a compilation, summary, or abstract to the extent protected by the work product doctrine, attorney client privilege, common interest rule, and/or joint defense privilege; and (b) is in fact a written interrogatory that is improperly phrased as a request for production and intended to circumvent the limitation on number of written interrogatories pursuant to Federal Rule of Civil Procedure 33(a)(1).

For the foregoing reasons, the Request is overly broad, unduly burdensome, and seeks information and documents not relevant to or necessary for resolving the disputes in this case, thus it is not proportional to the needs of this case. Corvias Management stands on its objections.

**REQUEST FOR PRODUCTION NO. 55:**

Documents reflecting the comprehensive internal review which according to John Picerne and Corvias press releases[14] was begun in 2018 and was continuing as of February 2019 when Picerne spoke on the topic.

**RESPONSE TO REQUEST NO. 55:**

Corvias Management incorporates by reference each of its Recurring Objections as if fully set forth herein. Corvias Management objects to this Request to the extent that it calls for the production of documents which postdate the filing of the Complaint in this action. Corvias Management further objects to this Request as overly broad and vague because the terms and

---

[14] https://www.corvias.com/news/corvias-launches-corvias-commitmenttm-improve-resident-experience.

phrases "reflecting," "comprehensive," "internal review," "Corvias press releases," "was begun," "was continuing," and "when Picerne spoke on the topic" are undefined.

Corvias Management objects to the extent that the Request also assumes facts not in evidence, lacks foundation, is based on hearsay and/or speculation, and misstates the facts. This Request asks Corvias Management to improperly speculate as to a third party individual's subjective thoughts behind his alleged statements. Corvias Management further objects to the extent that this Request: (a) seeks a compilation, summary, or abstract to the extent protected by the work product doctrine, attorney client privilege, common interest rule, and/or joint defense privilege; and (b) is in fact a written interrogatory that is improperly phrased as a request for production and intended to circumvent the limitation on number of written interrogatories pursuant to Federal Rule of Civil Procedure 33(a)(1).

For the foregoing reasons, the Request is overly broad, unduly burdensome, and seeks information and documents not relevant to or necessary for resolving the disputes in this case, thus it is not proportional to the needs of this case. Corvias Management stands on its objections.

**REQUEST FOR PRODUCTION NO. 56:**

Documents identifying the leading global consulting firm said by Mr. Picerne in 2019 to have been hired to review Corvias' practices and procedures and make any necessary recommendations for improvement; and documents reflecting the recommendations made.

**RESPONSE TO REQUEST NO. 56:**

Corvias Management incorporates by reference each of its Recurring Objections as if fully set forth herein. Corvias Management objects to this Request to the extent that it calls for the production of documents which postdate the filing of the Complaint in this action. Corvias Management further objects to this Request as overly broad and vague because the terms and

phrases "leading," "global consulting firm," "said by," "have been hired to," "review," "Corvias' practices and procedures," "make," "necessary," "recommendations," "improvement," "reflecting," and "made" are undefined.

Corvias Management objects to the extent that the Request also assumes facts not in evidence, lacks foundation, is based on hearsay and/or speculation, and misstates the facts. This Request asks Corvias Management to improperly speculate as to a third party individual's subjective thoughts behind his alleged statements. Corvias Management further objects to the extent that this Request: (a) seeks a compilation, summary, or abstract to the extent protected by the work product doctrine, attorney client privilege, common interest rule, and/or joint defense privilege; and (b) is in fact a written interrogatory that is improperly phrased as a request for production and intended to circumvent the limitation on number of written interrogatories pursuant to Federal Rule of Civil Procedure 33(a)(1).

Subject to and without waiving these objections, Corvias Management is willing to meet and confer with Plaintiffs to better define this Request, or to respond to a more narrowly tailored Request seeking relevant information proportional to the needs of this case.

**REQUEST FOR PRODUCTION NO. 57:**

Documents reflecting any efforts by Corvias to review, analyze, respond to, or refute the MFAN[15] survey reports dated February and May 2019.

**RESPONSE TO REQUEST NO. 57:**

Corvias Management incorporates by reference each of its Recurring Objections as if fully set forth herein. Corvias Management objects to this Request to the extent that it calls for the production of documents which postdate the filing of the Complaint in this action. Corvias

---

[15] https://militaryfamilyadvisorynetwork.org/.

Management further objects to this Request as overly broad and vague because the terms and phrases "reflecting," "efforts," "Corvias," "review," "analyze," "respond to," "refute," and "MFAN survey reports" are undefined. Corvias Management further objects to this Request to the extent it seeks information related to absent members of the putative class.

Corvias Management objects to the extent that the Request also assumes facts not in evidence, lacks foundation, is based on hearsay and/or speculation, and misstates the facts. FN 15 includes a link to the Military Family Advisory Network homepage but does not provide access to the "survey reports" referenced in the Request. Accordingly, the Request as phrased is based on incomplete information.

Corvias Management further objects to the extent that this Request: (a) seeks a compilation, summary, or abstract to the extent protected by the work product doctrine, attorney client privilege, common interest rule, and/or joint defense privilege; and (b) is in fact a written interrogatory that is improperly phrased as a request for production and intended to circumvent the limitation on number of written interrogatories pursuant to Federal Rule of Civil Procedure 33(a)(1).

Subject to and without waiving these objections, Corvias Management is willing to meet and confer with Plaintiffs to better define this Request, or to respond to a more narrowly tailored Request seeking relevant information proportional to the needs of this case.

**REQUEST FOR PRODUCTION NO. 58:**

Copies of Army Inspector General team inspections at Fort Bragg since 2018 in Defendant's possession, custody or control, and of any documents provided by Defendant or any other Corvias entity to the Inspector General as part of the Inspector General's review and investigation of Fort Bragg housing issues, during that time.

**RESPONSE TO REQUEST NO. 58:**

Corvias Management incorporates by reference each of its Recurring Objections as if fully set forth herein. Corvias Management further objects to this Request because it is compound. Corvias Management objects to this Request to the extent that it calls for the production of documents which postdate the filing of the Complaint in this action. Corvias Management further objects to this Request as overly broad and vague because the terms and phrases "Copies," "Army Inspector General team inspections," "at Fort Bragg," "provided by," "any other Corvias entity," "the Inspector General," "part of," "Inspector General's," "review," "investigation," "housing issues," and "that time" are undefined. Corvias Management objects to the extent that the Request also assumes facts not in evidence, lacks foundation, is based on hearsay and/or speculation, and misstates the facts.

Subject to and without waiving these objections, Corvias Management is willing to meet and confer with Plaintiffs to better define this Request, or to respond to a more narrowly tailored Request seeking relevant information proportional to the needs of this case.

**REQUEST FOR PRODUCTION NO. 59:**

Recorded call center complaints and written documentation of call center complaints since 2003 for Fort Bragg military housing tenants and residents.

**RESPONSE TO REQUEST NO. 59:**

Corvias Management incorporates by reference each of its Recurring Objections as if fully set forth herein. Corvias Management further objects to this Request because it is not reasonably limited in scope and time as it seeks documents over a period of nearly twenty years. Corvias Management objects to this Request to the extent that it calls for the production of documents which postdate the filing of the Complaint in this action. Corvias Management further objects to

this Request as overly broad and vague because the terms and phrases "Recorded," "call center complaints," "written documentation," and "Fort Bragg military housing tenants and residents" are undefined. Corvias Management further objects to this Request to the extent it seeks information related to absent members of the putative class.

Subject to and without waiving these objections, Corvias Management is willing to meet and confer with Plaintiffs to better define this Request, or to respond to a more narrowly tailored Request seeking relevant information proportional to the needs of this case.

**REQUEST FOR PRODUCTION NO. 60:**

Weekly Work Order Situation Reports (SITREPs) and related summaries of Corvias overall performance, work order details and specific resident cases, submitted by Corvias to its military partner regarding Fort Bragg.[16]

**RESPONSE TO REQUEST NO. 60:**

Corvias Management incorporates by reference each of its Recurring Objections as if fully set forth herein. Corvias Management further objects to this Request as overly broad and vague because the terms "related," "summaries," "overall performance," "work order details," "specific resident cases," and "submitted" are undefined. Corvias Management further objects to this Request to the extent it seeks information related to absent members of the putative class.

Corvias Management further objects to the extent that the Request seeks documents protected by the common interest rule, joint defense privilege, attorney client privilege, and/or the work product doctrine. Corvias Management further objects to the extent that this Request seeks information that was prepared in contemplation of or in response to the instant litigation by

---

[16] *See generally* Statement by John G. Picerne, Founder & Chief Executive Officer, Corvias Group, Before the Joint Subcommittee on Personnel & Readiness and Management Support, United States Senate Committee on Armed Services, February 13, 2019.

Defendants or counsel thereof or any expert witness or consultant on behalf thereof, or which otherwise constitutes or represents the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of Defendants concerning the litigation.

For the foregoing reasons, the Request is overly broad, unduly burdensome, and seeks information and documents not relevant to or necessary for resolving the disputes in this case, thus it is not proportional to the needs of this case. Corvias Management stands on its objections.

**REQUEST FOR PRODUCTION NO. 61:**

With regard to Fort Bragg, documents reflecting transcripts, videos, recordings, memos or other documentation of any town halls, Community Information Exchanges, Executive Councils, or focus groups as described by Mr. Picerne in his prior statements made on or about February 13, 2019.

**RESPONSE TO REQUEST NO. 61:**

Corvias Management incorporates by reference each of its Recurring Objections as if fully set forth herein. Corvias Management further objects to this Request because it is compound. Corvias Management objects to this Request to the extent that it calls for the production of documents which postdate the filing of the Complaint in this action. Corvias Management further objects to this Request as overly broad and vague because the terms and phrases "With regard to," "Fort Bragg," "reflecting," "transcripts," "videos," "recordings," "memos," "other documentation," "town halls," "Community Information Exchanges," "Executive Councils," "focus groups," "described by Mr. Picerne," "prior statements," "made," and "on or about" are undefined.

Corvias Management objects to the extent that the Request also assumes facts not in evidence, lacks foundation, is based on hearsay and/or speculation, and misstates the facts. In particular, Plaintiffs fail to adequately describe the vaguely alleged "prior statements" they are

referring to in this Request. This Request asks Corvias Management to improperly speculate as to a third party individual's subjective thoughts behind his alleged statements. Corvias Management further objects to the extent that this Request: (a) seeks a compilation, summary, or abstract to the extent protected by the work product doctrine, attorney client privilege, common interest rule, and/or joint defense privilege; and (b) is in fact a written interrogatory that is improperly phrased as a request for production and intended to circumvent the limitation on number of written interrogatories pursuant to Federal Rule of Civil Procedure 33(a)(1).

For the foregoing reasons, the Request is overly broad, unduly burdensome, and seeks information and documents not relevant to or necessary for resolving the disputes in this case, thus it is not proportional to the needs of this case. Corvias Management stands on its objections.

**REQUEST FOR PRODUCTION NO. 62:**

Documents sufficient to identify the litigation matter across all the partnerships, that according to Mr. Picerne in his February 2019 statements, froze the reserve fund (the money used for construction and major improvements) for several years.

**RESPONSE TO REQUEST NO. 62:**

Corvias Management incorporates by reference each of its Recurring Objections as if fully set forth herein. Corvias Management further objects to this Request as overly broad and vague because the terms "sufficient to identify," "litigation matter," "partnership," "froze," "reserve fund," and "several" are undefined.

Corvias Management further objects to the extent that the Request seeks documents protected by the common interest rule, joint defense privilege, attorney client privilege, and/or the work product doctrine. Corvias Management further objects to the extent that this Request seeks information that was prepared in contemplation of or in response to the instant litigation by

Defendants or counsel thereof or any expert witness or consultant on behalf thereof, or which otherwise constitutes or represents the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of Defendants concerning the litigation.

For the foregoing reasons, the Request is overly broad, unduly burdensome, and seeks information and documents not relevant to or necessary for resolving the disputes in this case, thus it is not proportional to the needs of this case. Corvias Management stands on its objections.

**REQUEST FOR PRODUCTION NO. 63:**

In February 2019, Mr. Picerne described that approximately 30 cents of the BAH dollar is for the direct costs supporting the communities (including payroll, supplies, marketing to attract tenants, repairs and home maintenance); utilities, taxes and insurance account for about 17 cents; debt service accounts for about 34 cents; and about 15 cents is deposited in reserve. With regard to this breakdown offered by Mr. Picerne, please produce all documents reflecting the allocation of BAH revenues paid by or for servicemember tenants at Fort Bragg, since 2010.

**RESPONSE TO REQUEST NO. 63:**

Corvias Management incorporates by reference each of its Recurring Objections as if fully set forth herein. Corvias Management further objects to this Request because it is not reasonably limited in time as it seeks documents over a period of twelve years. Corvias Management objects to this Request to the extent that it calls for the production of documents which postdate the filing of the Complaint in this action. Corvias Management further objects to this Request as overly broad and vague because the terms and phrases "described," "approximately," "BAH dollar," "direct costs," "supporting," "the communities," "payroll," "supplies," "marketing to attract tenants," "repairs," "home maintenance," "utilities," "taxes," "insurance," "account for," "debt

service accounts," "deposited," "reserve," "With regard to," "breakdown," "offered," "allocation," "BAH revenues," "paid by," and "servicemember tenants" are undefined.

Corvias Management objects to the extent that the Request also assumes facts not in evidence, lacks foundation, is based on hearsay and/or speculation, and misstates the facts. In particular, Plaintiffs fail to adequately describe the vaguely alleged description and breakdown by Mr. Picerne that they are referring to in this Request. This Request asks Corvias Management to improperly speculate as to a third party individual's subjective thoughts behind his alleged statements. Corvias Management objects to the Request as it seeks historical financial information that is not relevant to any party's current claims or defenses. *See e.g.*, *Hester v. Cottrell Contracting Corp.*, 2001 A.M.C. 2017, 2001 WL 1764200, at *4 (E.D.N.C. Apr. 27, 2001) (finding that even where punitive damages were sought financial information is only discoverable as to the current financial condition).

Corvias Management further objects to the extent that this Request: (a) seeks a compilation, summary, or abstract to the extent protected by the work product doctrine, attorney client privilege, common interest rule, and/or joint defense privilege; and (b) is in fact a written interrogatory that is improperly phrased as a request for production and intended to circumvent the limitation on number of written interrogatories pursuant to Federal Rule of Civil Procedure 33(a)(1).

For the foregoing reasons, the Request is overly broad, unduly burdensome, and seeks information and documents not relevant to or necessary for resolving the disputes in this case, thus it is not proportional to the needs of this case. Corvias Management stands on its objections.

**REQUEST FOR PRODUCTION NO. 64:**

Documents sufficient to identify all compensation received by Corvias in connection with its military housing at Fort Bragg starting 2003 through present. This response should include all

forms of fees including, but not limited to "base fees" (those paid monthly to Corvias) and "performance incentive fees" that were paid to Corvias during various phases of development and management of housing at Fort Bragg, from design and construction to ongoing community management and maintenance.

**RESPONSE TO REQUEST NO. 64:**

Corvias Management incorporates by reference each of its Recurring Objections as if fully set forth herein. Corvias Management further objects to this Request because it is not reasonably limited in time as it seeks documents over a period of nearly twenty years. Corvias Management objects to this Request to the extent that it calls for the production of documents which postdate the filing of the Complaint in this action. Corvias Management further objects to this Request as overly broad and vague because the terms and phrases "sufficient to," "identify," "all compensation," "received by," "Corvias," "in connection with," "its military housing," "at Fort Bragg," "all forms of fees," "base fees," "performance incentive fees," "paid to," "various phases," "development," "management," "housing," "design," "construction," "ongoing," "community management," and "maintenance" are undefined.

Corvias Management objects to the extent that the Request also assumes facts not in evidence, lacks foundation, is based on hearsay and/or speculation, and misstates the facts. In particular, Plaintiffs fail to adequately describe the vaguely alleged description and breakdown by Mr. Picerne that they are referring to in this Request. This Request asks Corvias Management to improperly speculate as to a third party individual's subjective thoughts behind his alleged statements. Corvias Management objects to the Request as it seeks historical financial information that is not relevant to any party's current claims or defenses. *See e.g.*, *Hester v. Cottrell Contracting Corp.*, 2001 A.M.C. 2017, 2001 WL 1764200, at *4 (E.D.N.C. Apr. 27, 2001) (finding that even

where punitive damages were sought financial information is only discoverable as to the current financial condition).

Corvias Management further objects to the extent that this Request: (a) seeks a compilation, summary, or abstract to the extent protected by the work product doctrine, attorney client privilege, common interest rule, and/or joint defense privilege; and (b) is in fact a written interrogatory that is improperly phrased as a request for production and intended to circumvent the limitation on number of written interrogatories pursuant to Federal Rule of Civil Procedure 33(a)(1).

For the foregoing reasons, the Request is overly broad, unduly burdensome, and seeks information and documents not relevant to or necessary for resolving the disputes in this case, thus it is not proportional to the needs of this case. Corvias Management stands on its objections.

**REQUEST FOR PRODUCTION NO. 65:**

Any and all documents sufficient to identify all "performance objectives", or similar requirements, that must be satisfied by Corvias in order to obtain approval from the Department of the Army for payment of performance incentive fees starting in 2003 through present.

**RESPONSE TO REQUEST NO. 65:**

Corvias Management incorporates by reference each of its Recurring Objections as if fully set forth herein. Corvias Management further objects to this Request because it is not reasonably limited in scope and time as it seeks documents over a period of nearly twenty years. Corvias Management objects to this Request to the extent that it calls for the production of documents which postdate the filing of the Complaint in this action. Corvias Management further objects to this Request as overly broad and vague because the terms and phrases "sufficient to," "identify," "performance objectives," "similar requirements," "must be," "satisfied," "Corvias," "obtain," "approval," "Department of the Army," "for payment," and "performance incentive fees" are

undefined. Corvias Management objects to the extent that the Request also assumes facts not in evidence, lacks foundation, is based on hearsay and/or speculation, and misstates the facts.

Corvias Management objects to the extent that the Request seeks documents protected by the common interest rule, joint defense privilege, attorney client privilege, and/or the work product doctrine. Corvias Management further objects to the extent that this Request seeks information that was prepared in contemplation of or in response to the instant litigation by Defendants or counsel thereof or any expert witness or consultant on behalf thereof, or which otherwise constitutes or represents the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of Defendants concerning the litigation.

Corvias Management further objects to the extent that this Request: (a) seeks a compilation, summary, or abstract to the extent protected by the work product doctrine, attorney client privilege, common interest rule, and/or joint defense privilege; and (b) is in fact a written interrogatory that is improperly phrased as a request for production and intended to circumvent the limitation on number of written interrogatories pursuant to Federal Rule of Civil Procedure 33(a)(1).

Subject to and without waiving these objections, Corvias Management is willing to meet and confer with Plaintiffs to better define this Request, or to respond to a more narrowly tailored Request seeking relevant information proportional to the needs of this case.

**REQUEST FOR PRODUCTION NO. 66:**

Any and all documents sufficient to identify the details of how Corvias satisfied the "performance objectives" including, but not limited to, the following:

i.      All maintenance and repair reports that were generated quarterly, or otherwise, by the property management software known as "Yardi" and later submitted to the government to evidence satisfaction of the performance objectives;

ii.     All resident satisfaction documents, including "comment cards," that Corvias submitted to the government to evidence its own satisfaction of the performance objectives;

iii.     All evaluations from local Army commanders, i.e., "Garrison Commander" or others, that Corvias submitted to the government to evidence its own satisfaction of the performance objectives; and

iv.     All documents reflecting the timely completion of maintenance and repair tasks that Corvias submitted to the government to evidence its own satisfaction of the performance objectives.

**RESPONSE TO REQUEST NO. 66:**

Corvias Management incorporates by reference each of its Recurring Objections as if fully set forth herein. Corvias Management objects to this Request because it is compound as it contains four separate subparts with individual document requests. Corvias Management objects to this Request because it is not reasonably limited in scope and time as it seeks documents without any limitation as to a starting or ending point in time.

Corvias Management objects to the extent that the Request seeks documents protected by the common interest rule, joint defense privilege, attorney client privilege, and/or the work product doctrine.

Corvias Management further objects to the extent that this Request: (a) seeks a compilation, summary, or abstract to the extent protected by the work product doctrine, attorney client privilege, common interest rule, and/or joint defense privilege; and (b) is in fact a written interrogatory that is improperly phrased as a request for production and intended to circumvent the limitation on number of written interrogatories pursuant to Federal Rule of Civil Procedure 33(a)(1).

Subject to and without waiving these objections, Corvias Management is willing to meet and confer with Plaintiffs to better define this Request, or to respond to a more narrowly tailored Request seeking relevant information proportional to the needs of this case.

**REQUEST FOR PRODUCTION NO. 67:**

Documents sufficient to identify each and every "work order administrator" or employee whose responsibility it was to enter information about maintenance requests into Corvias' "Yardi" software. This request relates to any employee, current or past, who worked at Corvias' on-site management office at Fort Bragg, and those who worked remotely, starting 2003 through present.

**RESPONSE TO REQUEST NO. 67:**

Corvias Management incorporates by reference each of its Recurring Objections as if fully set forth herein. Corvias Management objects to this Request because it is not reasonably limited in scope and time as it seeks documents for a period of nearly twenty years. Corvias Management further states that "work order administrator" is not a current job title of anyone assigned to Fort Bragg.

Corvias Management further objects to this Request as overly broad and vague because the terms and phrases "each and every," "work order administrator," "employee," "responsibility," "enter," "information," "about," "maintenance requests," "Yardi," "on-site management office," "worked remotely," and "starting" are undefined.

Subject to and without waiving these objections, Corvias Management is willing to meet and confer with Plaintiffs to better define this Request, or to respond to a more narrowly tailored Request seeking relevant information proportional to the needs of this case.

**REQUEST FOR PRODUCTION NO. 68:**

Any and all written statements submitted by Corvias to the government claiming that Corvias satisfied the performance objectives, including the objectives related to maintenance and customer satisfaction. This shall include all documentation submitted along with Corvias' statements including, but not limited to, comment card metrics and written letters, starting in 2003 through present.

**RESPONSE TO REQUEST NO. 68:**

Corvias Management incorporates by reference each of its Recurring Objections as if fully set forth herein. Corvias Management further objects to this Request because it is not reasonably limited in scope and time as it seeks documents over a period of nearly twenty years. Corvias Management objects to this Request to the extent that it calls for the production of documents which postdate the filing of the Complaint in this action. Corvias Management further objects to this Request as overly broad and vague because the terms and phrases "written statements," "submitted by," "Corvias," "government," "claiming that," "satisfied," "performance objectives," "objectives related to maintenance and customer satisfaction," "submitted along with," "Corvias' statements," "comment card metrics," and "written letters" are undefined. Corvias Management objects to the extent that the Request also assumes facts not in evidence, lacks foundation, is based on hearsay and/or speculation, and misstates the facts.

Corvias Management further objects to the extent that this Request: (a) seeks a compilation, summary, or abstract to the extent protected by the work product doctrine, attorney client privilege, common interest rule, and/or joint defense privilege; and (b) is in fact a written interrogatory that is improperly phrased as a request for production and intended to circumvent the limitation on number of written interrogatories pursuant to Federal Rule of Civil Procedure 33(a)(1).

Subject to and without waiving these objections, Corvias Management is willing to meet and confer with Plaintiffs to better define this Request, or to respond to a more narrowly tailored Request seeking relevant information proportional to the needs of this case.

**REQUEST FOR PRODUCTION NO. 69:**

Documents sufficient to identify each and every individual who supervised Corvias' housing community managers at Fort Bragg, and who were responsible for overseeing the day-to-day management of several of Corvias' military housing communities.

**RESPONSE TO REQUEST NO. 69:**

Corvias Management incorporates by reference each of its Recurring Objections as if fully set forth herein. Corvias Management further objects to this Request because it is nearly unlimited in scope and time as it seeks documents without a starting or ending point in time. Corvias Management further objects to this Request as overly broad and vague because the terms "sufficient to," "identify," "who supervised," "Corvias'," "housing community managers," "at Fort Bragg," "responsible," "overseeing," "day-to-day," "management," "several," and "Corvias' military housing communities" are undefined.

Corvias Management further objects to the extent that this Request: (a) seeks a compilation, summary, or abstract to the extent protected by the work product doctrine, attorney client privilege, common interest rule, and/or joint defense privilege; and (b) is in fact a written interrogatory that is improperly phrased as a request for production and intended to circumvent the limitation on number of written interrogatories pursuant to Federal Rule of Civil Procedure 33(a)(1).

Subject to and without waiving these objections, Corvias Management is willing to meet and confer with Plaintiffs to better define this Request, or to respond to a more narrowly tailored Request seeking relevant information proportional to the needs of this case.

**REQUEST FOR PRODUCTION NO. 70:**

Documents sufficient to identify the individual(s) responsible for reviewing and approving maintenance reports prepared by community managers and ensuring the reports were submitted to the government with the performance incentive fee request letters.

**RESPONSE TO REQUEST NO. 70:**

Corvias Management incorporates by reference each of its Recurring Objections as if fully set forth herein. Corvias Management further objects to this Request because it is nearly unlimited in scope and time as it seeks documents without a starting or ending point in time. Corvias Management further objects to this Request as overly broad and vague because the terms "sufficient to," "identify," "responsible for," "reviewing," "approving," "maintenance reports," "prepared by," "community managers," "ensuring," "reports," "submitted to," "the government," and "performance incentive fee request letters" are undefined.

Corvias Management further objects to the extent that this Request: (a) seeks a compilation, summary, or abstract to the extent protected by the work product doctrine, attorney client privilege, common interest rule, and/or joint defense privilege; and (b) is in fact a written interrogatory that is improperly phrased as a request for production and intended to circumvent the limitation on number of written interrogatories pursuant to Federal Rule of Civil Procedure 33(a)(1). Specifically, this Request asks Defendants to identify individuals, which is not within the proper scope of this set of Requests for Production of Documents.

Subject to and without waiving these objections, Corvias Management is willing to meet and confer with Plaintiffs to better define this Request, or to respond to a more narrowly tailored Request seeking relevant information proportional to the needs of this case.

**REQUEST FOR PRODUCTION NO. 71:**

All reports and records of Corvias' facilities management operations and corresponding claims for incentive fees, property management fees, and any other fees, as submitted to the United States Government from 2003 through present.[17]

**RESPONSE TO REQUEST NO. 71:**

Corvias Management incorporates by reference each of its Recurring Objections as if fully set forth herein. Corvias Management further objects to this Request because it is not reasonably limited in scope and time as it seeks documents over a period of nearly twenty years. Corvias Management further objects to this Request as overly broad and vague because the terms "reports," "records," "Corvias'," "facilities management operations," "corresponding claims," "incentive fees," "property management fees," "any other fees," "as submitted," and "United States Government" are undefined.

Corvias Management objects to the extent that the Request seeks documents protected by the common interest rule, joint defense privilege, attorney client privilege, and/or the work product doctrine. Corvias Management further objects to the extent that this Request seeks documents pertaining to entities other than Corvias Management and appears to be an impermissible fishing expedition as to records of multiple, distinct limited liability companies. In particular, in FN 17, Plaintiffs contend, without any basis, that "Corvias was an integrated enterprise," and that "discovery of financial and economic information going beyond simply the named Defendant

---

[17] With regard to the private nuisance claim, the economic benefits accrued by the Corvias organization from the MHPI enterprise at Fort Bragg will be relevant in assessing the reasonability of Defendant's conduct and whether it was feasible for Defendant to take better measures to ensure safe high-quality housing at Fort Bragg during the pertinent times. Because the housing operation runs under a 50-year ground lease commencing in 2003, the financial information from the commencement date will be relevant. If Defendants do not intend to raise any defenses or contentions to the effect that measures were too costly to implement, please advise. Because Corvias was an integrated enterprise, discovery of financial and economic information going beyond simply the named Defendant Corvias subsidiary entities will be required.

Corvias subsidiary entities will be required." Corvias Management objects to the Request as it seeks historical financial information that is not relevant to any party's current claims or defenses. *See e.g.*, *Hester v. Cottrell Contracting Corp.*, 2001 A.M.C. 2017, 2001 WL 1764200, at *4 (E.D.N.C. Apr. 27, 2001) (finding that even where punitive damages were sought financial information is only discoverable as to the current financial condition).

Corvias Management further objects to the extent that this Request: (a) seeks a compilation, summary, or abstract to the extent protected by the work product doctrine, attorney client privilege, common interest rule, and/or joint defense privilege; and (b) is in fact a written interrogatory that is improperly phrased as a request for production and intended to circumvent the limitation on number of written interrogatories pursuant to Federal Rule of Civil Procedure 33(a)(1). Specifically, FN 17 improperly asks Defendants to "advise" as to whether the intend to raise any "defenses" or "contentions," which is not within the proper scope of this set of Requests for Production of Documents.

For the foregoing reasons, the Request is overly broad, unduly burdensome, and seeks information and documents not relevant to or necessary for resolving the disputes in this case, thus it is not proportional to the needs of this case. Corvias Management stands on its objections.

**REQUEST FOR PRODUCTION NO. 72:**

Copies of any and all communications, electronic and otherwise, between Corvias and the U.S. Department of Justice including, if any, the Criminal Division, Fraud Section.

**RESPONSE TO REQUEST NO. 72:**

Corvias Management incorporates by reference each of its Recurring Objections as if fully set forth herein. Corvias Management further objects to this Request because it is not reasonably limited in scope and time as it seeks documents without any limitation as to a starting or ending

point in time. Corvias Management further objects to this Request as overly broad and vague because the terms "Copies," "communications," "electronic and otherwise," and "Corvias," are undefined. Corvias Management further objects as this Request does not seek documents relevant to the claims or defenses in this Action.

Subject to and without waiving these objections, Corvias Management states no such documents exist.

**REQUEST FOR PRODUCTION NO. 73:**

Documents provided to the Army Inspector General regarding its inspection of Fort Bragg housing conditions and Corvias MHPI performance since 2018.

**RESPONSE TO REQUEST NO. 73:**

Corvias Management incorporates by reference each of its Recurring Objections as if fully set forth herein. Corvias Management further objects to this Request as overly broad and vague because the terms "provided to," "inspection," "of Fort Bragg," "housing conditions," and "Corvias MHPI performance" are undefined.

Subject to and without waiving these objections, Corvias Management is willing to meet and confer with Plaintiffs to better define this Request, or to respond to a more narrowly tailored Request seeking relevant information proportional to the needs of this case.

**REQUEST FOR PRODUCTION NO. 74:**

All written statements and interviews provided by Tim Toohey regarding housing conditions at Fort Bragg.

**RESPONSE TO REQUEST NO. 74:**

Corvias Management incorporates by reference each of its Recurring Objections as if fully set forth herein. Corvias Management further objects to this Request because it is not reasonably

limited in scope and time as it seeks documents without any limitation as to a starting or ending point in time. Corvias Management further objects to this Request as overly broad and vague because the terms "written statements," "interviews," "provided by," "regarding," "housing conditions," and "at Fort Bragg" are undefined.

Corvias Management objects to the extent that the Request seeks documents protected by the common interest rule, joint defense privilege, attorney client privilege, and/or the work product doctrine. Corvias Management objects to the extent that the Request seeks documents pertaining to an individual non-party to this lawsuit without providing such individual with any notice or opportunity to object. In addition, as phrased, this Request essentially seeks all "written statements and interviews" by the individual, which is overly broad, unduly burdensome, and seeks information and documents not relevant to or necessary for resolving the disputes in this case. As phrased, this Request could potentially include any statement ever made by Mr. Toohey about military housing in general.

For the foregoing reasons, the Request is overly broad, unduly burdensome, and seeks information and documents not relevant to or necessary for resolving the disputes in this case, thus it is not proportional to the needs of this case. Corvias Management stands on its objections.

**REQUEST FOR PRODUCTION NO. 75:**

With regard to Tim Toohey's statements[18] in February 2019 that he toured the Kilpatrick military family's home at Fort Bragg and agreed the work conducted was unacceptable, a complete copy of all documents supporting his statement and reflecting the conditions of the home in question and the circumstances of the repair and maintenance and customer service that they received.

---

[18] https://www.fayobserver.com/story/news/military/2019/02/21/bragg-housing-concerns-raised-at-town-hall-meeting/5783399007/

**RESPONSE TO REQUEST NO. 75:**

Corvias Management incorporates by reference each of its Recurring Objections as if fully set forth herein. Corvias Management objects to this Request because it is not reasonably limited in scope and time as it seeks documents without any limitation as to a starting or ending point in time.

Corvias Management further objects to this Request as overly broad and vague because the terms and phrases "With regard to," "statements," "toured," "Kilpatrick," "military family's home," "at Fort Bragg," "agreed," "the work," "conducted," "unacceptable," "complete copy," "supporting," "his statement," "reflecting," "conditions," "the home," "in question," "circumstances," "repair," "maintenance," "customer service," "they," and "received" are undefined. Corvias Management objects to the extent that the Request seeks documents protected by the common interest rule, joint defense privilege, attorney client privilege, and/or the work product doctrine. Corvias Management objects to the extent that the Request also assumes facts not in evidence, lacks foundation, and is based on hearsay and/or speculation. This Request asks Corvias Management to improperly speculate as to a third party individual's subjective thoughts behind his alleged statements.

Corvias Management further objects to the extent that this Request: (a) seeks a compilation, summary, or abstract to the extent protected by the work product doctrine, attorney client privilege, common interest rule, and/or joint defense privilege; and (b) is in fact a written interrogatory that is improperly phrased as a request for production and intended to circumvent the limitation on number of written interrogatories pursuant to Federal Rule of Civil Procedure 33(a)(1).

For the foregoing reasons, the Request is overly broad, unduly burdensome, and seeks information and documents not relevant to or necessary for resolving the disputes in this case, thus it is not proportional to the needs of this case. Corvias Management stands on its objections.

**REQUEST FOR PRODUCTION NO. 76:**

With regard to Tim Toohey's statements in February 2019 that five of Corvias' staffers at Fort Bragg have separated with the company and that "We've seen some behaviors that are completely unacceptable and we're making serious changes to move away from that behavior and to put the right level of service," please produce all documents reflecting the identities of the staffers, the relevant investigation into their conduct, the referenced behaviors, and the nature of the purported serious changes.

**RESPONSE TO REQUEST NO. 76:**

Corvias Management incorporates by reference each of its Recurring Objections as if fully set forth herein. Corvias Management objects to this Request because it is not reasonably limited in scope and time as it seeks documents without any limitation as to a starting or ending point in time.

Corvias Management further objects to this Request as overly broad and vague because the terms and phrases "With regard to," "statements," "Corvias'," "staffers," "at Fort Bragg," "separated," "the company," "We've," "behaviors," "completely unacceptable," "we're," "serious changes," "move away," "behavior," "right," "level of service," "identities," "relevant," "investigation," "their," "conduct," "referenced," "behaviors," "nature," and "purported" are undefined. Corvias Management objects to the extent that the Request seeks documents protected by the common interest rule, joint defense privilege, attorney client privilege, and/or the work product doctrine. Corvias Management objects to the extent that the Request also assumes facts

not in evidence, lacks foundation, and is based on hearsay and/or speculation. This Request asks Corvias Management to improperly speculate as to a third party individual's subjective thoughts behind his alleged statements.

Corvias Management further objects to the extent that this Request: (a) seeks a compilation, summary, or abstract to the extent protected by the work product doctrine, attorney client privilege, common interest rule, and/or joint defense privilege; and (b) is in fact a written interrogatory that is improperly phrased as a request for production and intended to circumvent the limitation on number of written interrogatories pursuant to Federal Rule of Civil Procedure 33(a)(1).

For the foregoing reasons, the Request is overly broad, unduly burdensome, and seeks information and documents not relevant to or necessary for resolving the disputes in this case, thus it is not proportional to the needs of this case. Corvias Management stands on its objections.

**REQUEST FOR PRODUCTION NO. 77:**

With regard to Tim Toohey's statements made at a Fort Bragg town hall meeting in February 2019 that he was "appalled" by what he had seen and heard and that "We've made many changes but have a lot of work," please produce all documents:

a.      Reflecting any circumstances or conditions with regard to the military family housing at Fort Bragg that Mr. Toohey or that Corvias found appalling;

b.      Reflecting any changes made by Corvias as referenced by Mr. Toohey;

c.      Reflecting any additional work to remedy matters, planned by Corvias as referenced by Mr. Toohey.

**RESPONSE TO REQUEST NO. 77:**

Corvias Management incorporates by reference each of its Recurring Objections as if fully set forth herein. Corvias Management objects to this Request because it is compound as it contains

three separate subparts with individual document requests. Corvias Management objects to this Request because it is not reasonably limited in scope and time as it seeks documents without any limitation as to a starting or ending point in time.

Corvias Management further objects to this Request as overly broad and vague because the terms and phrases "statements," "made at," "Fort Bragg," "town hall meeting," "appalled," "seen and heard," "we," "many changes," "a lot of work," "reflecting," "circumstances," "conditions," "with regard to," "military family housing," "at Fort Bragg," "Corvias," "found," "appalling," "changes," "referenced," "additional work," "remedy matters," and "planned by" are undefined. Corvias Management objects to the extent that the Request seeks documents protected by the common interest rule, joint defense privilege, attorney client privilege, and/or the work product doctrine. Corvias Management objects to the extent that the Request also assumes facts not in evidence, lacks foundation, and is based on hearsay and/or speculation. This Request asks Corvias Management to improperly speculate as to a third party individual's subjective thoughts behind his alleged statements.

Corvias Management further objects to the extent that this Request: (a) seeks a compilation, summary, or abstract to the extent protected by the work product doctrine, attorney client privilege, common interest rule, and/or joint defense privilege; and (b) is in fact a written interrogatory that is improperly phrased as a request for production and intended to circumvent the limitation on number of written interrogatories pursuant to Federal Rule of Civil Procedure 33(a)(1).

For the foregoing reasons, the Request is overly broad, unduly burdensome, and seeks information and documents not relevant to or necessary for resolving the disputes in this case, thus it is not proportional to the needs of this case. Corvias Management stands on its objections.

**REQUEST FOR PRODUCTION NO. 78:**

With regard to John Picerne, Corvias founder and CEO's testimony at a Senate Armed Services Committee hearing in February 2019, that "We let down some of our residents," and that "I am sorry and we are going to fix it" please produce:

a.　Documents identifying all residents to whom Mr. Picerne was referring to as being residents whom Corvias let down;

b.　All documents supporting Mr. Picerne's statement that Corvias let down some of the residents;

c.　All problems that Corvias has retrospectively identified as having existed in its Fort Bragg housing prior to 2019; and

d.　All steps taken by Corvias to fix the situation.

**RESPONSE TO REQUEST NO. 78:**

Corvias Management incorporates by reference each of its Recurring Objections as if fully set forth herein. Corvias Management objects to this Request because it is compound as it contains four separate subparts with individual document requests. Corvias Management objects to this Request because it is not reasonably limited in scope and time as it seeks documents without any limitation as to a starting or ending point in time. Corvias Management further objects to this Request to the extent it seeks information related to absent members of the putative class.

Corvias Management further objects to this Request as overly broad and vague because the terms and phrases "With regard to," "we," "fix," "identifying," "supporting," "problems," "Corvias," "retrospectively," "identified," "having existed," "its," "Fort Bragg Housing," "steps taken," "fix," and "the situation" are undefined. Corvias Management objects to the extent that the Request seeks documents protected by the common interest rule, joint defense privilege, attorney

client privilege, and/or the work product doctrine. Corvias Management objects to the extent that the Request also assumes facts not in evidence, lacks foundation, and is based on hearsay and/or speculation. This Request asks Corvias Management to improperly speculate as to a third party individual's subjective thoughts behind his alleged statements.

Corvias Management further objects to the extent that this Request: (a) seeks a compilation, summary, or abstract to the extent protected by the work product doctrine, attorney client privilege, common interest rule, and/or joint defense privilege; and (b) is in fact a written interrogatory that is improperly phrased as a request for production and intended to circumvent the limitation on number of written interrogatories pursuant to Federal Rule of Civil Procedure 33(a)(1).

For the foregoing reasons, the Request is overly broad, unduly burdensome, and seeks information and documents not relevant to or necessary for resolving the disputes in this case, thus it is not proportional to the needs of this case. Corvias Management stands on its objections.

**REQUEST FOR PRODUCTION NO. 79:**

If Corvias has resolved any tenant complaints or claims regarding quality of their housing and Corvias' service at Fort Bragg by payment of money, refund of BAH amounts, or other payment or consideration, documents reflecting any such resolutions and payments.

**RESPONSE TO REQUEST NO. 79:**

Corvias Management incorporates by reference each of its Recurring Objections as if fully set forth herein. Corvias Management further objects to this Request as overly broad and vague because the terms and phrases "Corvias," "resolved," "tenant complaints," "claims," "regarding," "quality," "their," "housing," "Corvias'," "service," "at Fort Bragg," "payment of money," "refund of BAH amounts," "other payment or consideration," "reflecting," "any such resolution," and "payments" are undefined. Corvias Management objects to the extent that the Request seeks

documents protected by the common interest rule, joint defense privilege, attorney client privilege, and/or the work product doctrine. Corvias Management further objects to this Request to the extent it seeks information related to absent members of the putative class.

Corvias Management further objects to the extent that this Request: (a) seeks a compilation, summary, or abstract to the extent protected by the work product doctrine, attorney client privilege, common interest rule, and/or joint defense privilege; and (b) is in fact a written interrogatory that is improperly phrased as a request for production and intended to circumvent the limitation on number of written interrogatories pursuant to Federal Rule of Civil Procedure 33(a)(1).

Subject to and without waiving these objections, Corvias Management is willing to meet and confer with Plaintiffs to better define this Request, or to respond to a more narrowly tailored Request seeking relevant information proportional to the needs of this case.

**REQUEST FOR PRODUCTION NO. 80:**

Documents reflecting Corvias' efforts to move resident call centers back to local installations instead of remote third-party call centers since 2018.

**RESPONSE TO REQUEST NO. 80:**

Corvias Management incorporates by reference each of its Recurring Objections as if fully set forth herein. Corvias Management further objects to this Request as overly broad and vague because the terms and phrases "reflecting," "Corvias'," "efforts," "move," "resident call centers," "back to," "local installations," "remote," "third-party," and "call centers" are undefined. Corvias Management objects to the extent that the Request seeks documents protected by the common interest rule, joint defense privilege, attorney client privilege, and/or the work product doctrine.

Subject to and without waiving these objections, Corvias Management is willing to meet and confer with Plaintiffs to better define this Request, or to respond to a more narrowly tailored Request seeking relevant information proportional to the needs of this case.

**REQUEST FOR PRODUCTION NO. 81:**

Documents reflecting Corvias' hiring of one or more consulting firms to review its mold and mildew procedures since 2018; reflecting any documents or materials provided to or reviewed by the consulting firm, and reflecting any analysis, reports, summaries or conclusions provided by the consulting firm.

**RESPONSE TO REQUEST NO. 81:**

Corvias Management incorporates by reference each of its Recurring Objections as if fully set forth herein. Corvias Management further objects to this Request as overly broad and vague because the terms and phrases "reflecting," "Corvias'," "hiring," "consulting firms," "review," "mold and mildew procedures," "materials," "provided to," "reviewed by," "the consulting firm," "analysis," "reports," "summaries," and "conclusions" are undefined. Corvias Management objects to the extent that the Request seeks documents protected by the common interest rule, joint defense privilege, attorney client privilege, and/or the work product doctrine.

Subject to and without waiving these objections, Corvias Management responds as follows: Corvias Management will produce non-privileged, relevant documents located in a reasonable and temporally-limited search, that are in its possession, custody, and/or control, once the parties execute a Stipulated Order Regarding Confidentiality of Discovery Material and/or the Court enters a confidentiality order.

**REQUEST FOR PRODUCTION NO. 82:**

Documents reflecting any air quality tests performed regarding any residential units at Fort Bragg, since 2003, in your possession, custody or control.

**RESPONSE TO REQUEST NO. 82:**

Corvias Management incorporates by reference each of its Recurring Objections as if fully set forth herein. Corvias Management objects to this request because it is not reasonably limited in scope or time as it seeks documents over a period of nearly twenty years. Corvias Management further objects to this Request as overly broad and vague because the terms and phrases "reflecting," "air quality tests," "performed," "regarding," "residential units," and "at Fort Bragg" are undefined. Corvias Management objects to the extent that the Request seeks documents protected by the common interest rule, joint defense privilege, attorney client privilege, and/or the work product doctrine. Corvias Management further objects to this Request to the extent it seeks information related to absent members of the putative class.

Subject to and without waiving these objections, Corvias Management is willing to meet and confer with Plaintiffs to better define this Request, or to respond to a more narrowly tailored Request seeking relevant information proportional to the needs of this case.

**REQUEST FOR PRODUCTION NO. 83:**

Documents reflecting any mold tests performed regarding any residential units at Fort Bragg, since 2003, in your possession, custody or control.

**RESPONSE TO REQUEST NO. 83:**

Corvias Management incorporates by reference each of its Recurring Objections as if fully set forth herein. Corvias Management objects to this request because it is not reasonably limited in scope or time as it seeks documents over a period of nearly twenty years. Corvias Management

further objects to this Request as overly broad and vague because the terms and phrases "reflecting," "mold tests," "performed," "regarding," "residential units," and "at Fort Bragg" are undefined. Corvias Management objects to the extent that the Request seeks documents protected by the common interest rule, joint defense privilege, attorney client privilege, and/or the work product doctrine. In addition, as phrased, this Request essentially seeks any documentation regarding any mold test(s) for over 6,000 family housing units, which seeks information and documents not relevant to or necessary for resolving the disputes in this case. Corvias Management further objects to this Request to the extent it seeks information related to absent members of the putative class.

For the foregoing reasons, the Request is overly broad, unduly burdensome, and seeks information and documents not relevant to or necessary for resolving the disputes in this case, thus it is not proportional to the needs of this case. Corvias Management stands on its objections.

**REQUEST FOR PRODUCTION NO. 84:**

Documents reflecting all military families relocated to hotels due to Fort Bragg housing conditions, since 2015.

**RESPONSE TO REQUEST NO. 84:**

Corvias Management incorporates by reference each of its Recurring Objections as if fully set forth herein. Corvias Management objects to this Request to the extent that it calls for the production of documents which postdate the filing of the Complaint in this action. Corvias Management further objects to this Request as overly broad and vague because the terms and phrases "reflecting," "military families," "relocated," "hotels," "due to," and "Fort Bragg housing conditions" are undefined. Corvias Management objects to the extent that the Request seeks documents protected by the common interest rule, joint defense privilege, attorney client privilege,

and/or the work product doctrine. Corvias Management further objects to this Request to the extent it seeks information related to absent members of the putative class. In addition, as phrased, this Request does not seek specific documents and Corvias Management is left to speculate regarding what documents Plaintiffs seek.

For the foregoing reasons, the Request is overly broad, unduly burdensome, and seeks information and documents not relevant to or necessary for resolving the disputes in this case, thus it is not proportional to the needs of this case. Corvias Management stands on its objections.

**REQUEST FOR PRODUCTION NO. 85:**

Documents reflecting Corvias' "comprehensive program to re-train its resident-facing employees to provide the highest level of customer service" as per Corvias press release statements dated April 2019, including documents identifying the nationally-designated trainer with credentials from the National Apartment Association Education Institute, and reflecting curriculum focusing on improving customer service and strengthening communication with and for residents.

**RESPONSE TO REQUEST NO. 85:**

Corvias Management incorporates by reference each of its Recurring Objections as if fully set forth herein. Corvias Management objects to this request because it is not reasonably limited in scope or time. Corvias Management objects to this Request to the extent that it calls for the production of documents which postdate the filing of the Complaint in this action. Corvias Management further objects to this Request as overly broad and vague because the terms and phrases "reflecting," "Corvias'," "comprehensive program," "re-train," "resident-facing," "employees," "provide," "highest level," "customer service," "Corvias press release statements," "identifying," "nationally-designated," "trainer," "credentials," "curriculum," "focusing,"

99

"improving," "strengthening," "communication," and "residents" are undefined. In particular, Corvias Management cannot ascertain what press release statements that Plaintiffs refer to in their Request.

Corvias Management further objects to the extent that this Request: (a) seeks a compilation, summary, or abstract to the extent protected by the work product doctrine, attorney client privilege, common interest rule, and/or joint defense privilege; and (b) is in fact a written interrogatory that is improperly phrased as a request for production and intended to circumvent the limitation on number of written interrogatories pursuant to Federal Rule of Civil Procedure 33(a)(1).

For the foregoing reasons, the Request is overly broad, unduly burdensome, and seeks information and documents not relevant to or necessary for resolving the disputes in this case, thus it is not proportional to the needs of this case. Corvias Management stands on its objections.

**REQUEST FOR PRODUCTION NO. 86:**

Documents identifying and summarizing the conditions of any housing at Fort Bragg that was determined to have greater than normal amounts of mold for North Carolina, dating from 2015-present.[19]

**RESPONSE TO REQUEST NO. 86:**

Corvias Management incorporates by reference each of its Recurring Objections as if fully set forth herein. Corvias Management objects to this Request to the extent that it calls for the production of documents which postdate the filing of the Complaint in this action. Corvias Management further objects to this Request as overly broad and vague because the terms and phrases "identifying," "summarizing," "conditions," "any housing," "at Fort Bragg," "determined,"

---

[19] See Alyson Hansen, CEO of Corvias visits Fort Bragg, The Paraglide, April 11, 2019, available at https://static.dvidshub.net/media/pubs/pdf_47030.pdf (last accessed Jan. 2, 2022).

"greater than normal," "amounts of mold," and "for North Carolina" are undefined. Corvias Management further objects to this Request to the extent it seeks information related to absent members of the putative class. In addition, as phrased, this Request essentially seeks any documentation regarding "the conditions of any housing at Fort Bragg" for over 6,000 family housing units for a period of over seven years.

Corvias Management objects to the extent that the Request seeks documents protected by the common interest rule, joint defense privilege, attorney client privilege, and/or the work product doctrine. Corvias Management further objects to the extent that this Request seeks information that was prepared in contemplation of or in response to the instant litigation by Defendants or counsel thereof or any expert witness or consultant on behalf thereof, or which otherwise constitutes or represents the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of Defendants concerning the litigation. Corvias Management further objects to this interrogatory as premature as the deadline for Corvias Management to disclose its expert witnesses is not until November 18, 2022. Corvias Management will make its expert witness disclosures consistent with the Court's Scheduling Order [Dkt. No. 68].

Corvias Management further objects to the extent that this Request: (a) seeks a compilation, summary, or abstract to the extent protected by the work product doctrine, attorney client privilege, common interest rule, and/or joint defense privilege; and (b) is in fact a written interrogatory that is improperly phrased as a request for production and intended to circumvent the limitation on number of written interrogatories pursuant to Federal Rule of Civil Procedure 33(a)(1).

For the foregoing reasons, the Request is overly broad, unduly burdensome, and seeks information and documents not relevant to or necessary for resolving the disputes in this case, thus it is not proportional to the needs of this case. Corvias Management stands on its objections.

**REQUEST FOR PRODUCTION NO. 87:**

Documents reflecting any Corvias audit, review or internal investigation determining in 2018-19 that due to staff decreases with DPW and Corvias, normal work orders and other housing needs had not always been fulfilled as they should have been, resulting in homes falling in disrepair.

**RESPONSE TO REQUEST NO. 87:**

Corvias Management incorporates by reference each of its Recurring Objections as if fully set forth herein. Corvias Management further objects to the extent that the Request seeks documents protected by the common interest rule, joint defense privilege, attorney client privilege, and/or the work product doctrine. Corvias Management further objects to the extent that this Request seeks information that was prepared in contemplation of or in response to the instant litigation by Defendants or counsel thereof or any expert witness or consultant on behalf thereof, or which otherwise constitutes or represents the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of Defendants concerning the litigation. Corvias Management further objects to this Request to the extent it seeks information related to absent members of the putative class.

Subject to and without waiving these objections, Corvias Management states that it has no such documents in its possession.

**REQUEST FOR PRODUCTION NO. 88:**

Documents supporting Mr. Picerne's statements to the public and the press in 2019 that due to staffing decreases, Fort Bragg community centers post-wide began losing their resident specialists and documenting the level of staffing at those centers and the qualifications of those staff persons, prior to 2019.

**RESPONSE TO REQUEST NO. 88:**

Corvias Management incorporates by reference each of its Recurring Objections as if fully set forth herein. Corvias Management objects to this request because it is not reasonably limited in scope or time as it seeks documents prior to 2019 without any limitation as to a starting point in time. Corvias Management objects to this Request to the extent that it calls for the production of documents which postdate the filing of the Complaint in this action. Corvias Management further objects to this Request as overly broad and vague because the terms and phrases "Mr. Picerne's statements," "to the public," "and the press," "staffing decreases," "Fort Bragg community centers," "post-wide," "losing," "resident specialists," "documenting," "level of staffing," "those centers," "qualifications," and "those staff persons" are undefined. Corvias Management objects to the extent that the Request also assumes facts not in evidence, lacks foundation, and is based on hearsay and/or speculation. In particular, Corvias Management cannot ascertain what public statements or statements to the press that Plaintiffs refer to in their Request.

Corvias Management further objects to the extent that this Request: (a) seeks a compilation, summary, or abstract to the extent protected by the work product doctrine, attorney client privilege, common interest rule, and/or joint defense privilege; and (b) is in fact a written interrogatory that is improperly phrased as a request for production and intended to circumvent the limitation on number of written interrogatories pursuant to Federal Rule of Civil Procedure 33(a)(1).

For the foregoing reasons, the Request is overly broad, unduly burdensome, and seeks information and documents not relevant to or necessary for resolving the disputes in this case, thus it is not proportional to the needs of this case. Corvias Management stands on its objections.

**REQUEST FOR PRODUCTION NO. 89:**

Documents reflecting a 500 percent increase in work order calls since the beginning of 2019, in the January to April 2019 time period, at Fort Bragg.

**RESPONSE TO REQUEST NO. 89:**

Corvias Management incorporates by reference each of its Recurring Objections as if fully set forth herein. Corvias Management objects to this Request to the extent that it calls for the production of documents which postdate the filing of the Complaint in this action. Corvias Management further objects to this Request as overly broad and vague because the terms and phrases "reflecting," "work order calls," "beginning of 2019," "in the January," "April 2019 time period," and "at Fort Bragg" are undefined. Corvias Management objects to the extent that the Request also assumes facts not in evidence, lacks foundation, and is based on hearsay and/or speculation. In particular, Corvias Management cannot ascertain how Plaintiffs have arrived at the "500 percent increase in work order calls" as the premise to the Request. Corvias Management further objects to this Request to the extent it seeks information related to absent members of the putative class.

Corvias Management further objects to the extent that this Request: (a) seeks a compilation, summary, or abstract to the extent protected by the work product doctrine, attorney client privilege, common interest rule, and/or joint defense privilege; and (b) is in fact a written interrogatory that is improperly phrased as a request for production and intended to circumvent the limitation on number of written interrogatories pursuant to Federal Rule of Civil Procedure 33(a)(1).

For the foregoing reasons, the Request is overly broad, unduly burdensome, and seeks information and documents not relevant to or necessary for resolving the disputes in this case, thus it is not proportional to the needs of this case. Corvias Management stands on its objections.

**REQUEST FOR PRODUCTION NO. 90:**

Documents reflecting a work order application that was being developed for smart phones for Corvias tenants as described in public statements and news reports circa 2019 and reflecting its rollout for Fort Bragg tenants.

**RESPONSE TO REQUEST NO. 90:**

Corvias Management incorporates by reference each of its Recurring Objections as if fully set forth herein. Corvias Management further objects to this request as vague and overbroad as to time. Corvias Management objects to this Request to the extent that it calls for the production of documents which postdate the filing of the Complaint in this action. Corvias Management further objects to this Request as overly broad and vague because the terms and phrases "reflecting," "work order application," "being developed," "for smart phones," "Corvias tenants," "described," "public statements," "news reports," "circa 2019," "reflecting," "its," "rollout," and "Fort Bragg tenants" are undefined.

Corvias Management objects to the extent that the Request also assumes facts not in evidence, lacks foundation, and is based on hearsay and/or speculation. In particular, Corvias Management cannot ascertain what "public statements and news reports circa 2019" Plaintiffs reference in their Request. The phrase "work order application" is also vague and ambiguous in this context. Based on the foregoing objections, Corvias Management cannot respond to this unintelligible request.

**REQUEST FOR PRODUCTION NO. 91:**

According to a Corvias press release dated April 29, 2019,[20] Corvias manages 6,150 homes at Fort Bragg and handles an average of more than 55,300 service requests per year. In another

---

[20] https://www.corvias.com/news/corvias-announces-job-opportunities-available-fort-bragg.

document, Corvias has stated that "to date we have responded to over 720,000 service calls at Fort Bragg."[21]  Accordingly, then, it appears that Corvias has in some manner organized and indexed its service records.  If Defendant agrees that these records may be produced based on a reasonable search and without an undue burden, then please produce all such records since 2010.  If Defendant contends that it would not be feasible, or would cause an undue burden, to require Defendant to produce such records, then please produce documents sufficient to describe how those service requests have been documented, their status as hardcopy or electronic documents, their places of storage, and identifying the document custodians of those records.

**RESPONSE TO REQUEST NO. 91:**

Corvias Management incorporates by reference each of its Recurring Objections as if fully set forth herein. Corvias Management objects to this Request because it is not reasonably limited in scope or time as it seeks documents over a period of twelve years. Corvias Management objects to this Request to the extent that it calls for the production of documents which postdate the filing of the Complaint in this action. Corvias Management further objects to this Request as overly broad and vague because the terms and phrases "Corvias," "appears that," "in some manner," "organized," "indexed," "service records," "such records," "sufficient," "describe," "service requests," "documented," "status," "reflecting," "places of storage," "identifying," "document custodians," and "those records" are undefined. Corvias Management objects to the extent that the Request also assumes facts not in evidence, lacks foundation, and is based on hearsay and/or speculation.

Corvias Management further objects to the extent that this Request: (a) seeks a compilation, summary, or abstract to the extent protected by the work product doctrine, attorney client privilege,

---

[21] https://www.corvias.com/sites/default/files/Projects/Fort_Bragg.pdf

common interest rule, and/or joint defense privilege; and (b) is in fact a written interrogatory that is improperly phrased as a request for production and intended to circumvent the limitation on number of written interrogatories pursuant to Federal Rule of Civil Procedure 33(a)(1).

Subject to and without waiving these objections, Corvias Management is willing to meet and confer with Plaintiffs to better define this Request, or to respond to a more narrowly tailored Request seeking relevant information proportional to the needs of this case.

**REQUEST FOR PRODUCTION NO. 92:**

With regard to the 2019 Summary of the Headquarters Department of the Army Residential Communities Initiative Resident Survey (on-base), CEL & Associates, Inc., July 2019,[22] please produce all documents reflecting any efforts by Corvias to critique or refute this survey, or to take actions based on its findings.

**RESPONSE TO REQUEST NO. 92:**

Corvias Management incorporates by reference each of its Recurring Objections as if fully set forth herein. Corvias Management objects to this Request to the extent that it calls for the production of documents which postdate the filing of the Complaint in this action. Corvias Management further objects to this Request as overly broad and vague because the terms and phrases "With regard to," "reflecting," "efforts," "Corvias," "critique," "refute," "this survey," "actions," and "its findings" are undefined.

Corvias Management further objects to the extent that this Request: (a) seeks a compilation, summary, or abstract to the extent protected by the work product doctrine, attorney client privilege, common interest rule, and/or joint defense privilege; and (b) is in fact a written interrogatory that

---

[22] https://www.army.mil/e2/downloads/rv7/qualityoflife/Army_Privatized_Housing_Survey_Results_EXSUM.pdf

is improperly phrased as a request for production and intended to circumvent the limitation on number of written interrogatories pursuant to Federal Rule of Civil Procedure 33(a)(1).

Subject to and without waiving these objections, Corvias Management is willing to meet and confer with Plaintiffs to better define this Request, or to respond to a more narrowly tailored Request seeking relevant information proportional to the needs of this case.

**REQUEST FOR PRODUCTION NO. 93:**

In July 2019, Sharon Shores publicly stated that Corvias now has maintenance technicians assigned to specific neighborhoods and launched a phone application and website in May 2019 so residents can report issues in their homes and track when they will be resolved, along with the work order status.[23] Please produce documents reflecting when these changes were made to Corvias practices, reflecting the current policies and procedures applicable to maintenance technicians, and describing the phone application and website.

**RESPONSE TO REQUEST NO. 93:**

Corvias Management incorporates by reference each of its Recurring Objections as if fully set forth herein. Corvias Management objects to this Request to the extent that it calls for the production of documents which postdate the filing of the Complaint in this action. Corvias Management further objects to this Request as overly broad and vague because the terms and phrases "Corvias," "maintenance technicians," "assigned," "neighborhoods," "launched," "phone application," "website," "residents," "report issues," "track," "they," "resolved," "work order status," "reflecting," "changes," "Corvias practices," "policies and procedures," "applicable," and "describing" are undefined. Corvias Management objects to the extent that the Request also assumes facts not in evidence, lacks foundation, and is based on hearsay and/or speculation.

---

[23] Riley 2019.

Corvias Management further objects to the extent that this Request: (a) seeks a compilation, summary, or abstract to the extent protected by the work product doctrine, attorney client privilege, common interest rule, and/or joint defense privilege; and (b) is in fact a written interrogatory that is improperly phrased as a request for production and intended to circumvent the limitation on number of written interrogatories pursuant to Federal Rule of Civil Procedure 33(a)(1).

Subject to and without waiving these objections, Corvias Management is willing to meet and confer with Plaintiffs to better define this Request, or to respond to a more narrowly tailored Request seeking relevant information proportional to the needs of this case.

**REQUEST FOR PRODUCTION NO. 94:**

In September 2019, it was reported that a total of 280 homes on Fort Bragg were being extensively torn down and renovated, while several thousand more will get new heating and cooling systems and other improvements.[24] Please products documents identifying the addresses, community locations and floor plans of these units.

**RESPONSE TO REQUEST NO. 94:**

Corvias Management incorporates by reference each of its Recurring Objections as if fully set forth herein. Corvias Management objects to this Request to the extent that it calls for the production of documents which postdate the filing of the Complaint in this action. Corvias Management further objects to this Request as overly broad and vague because the terms and phrases "it was reported," "homes," "on Fort Bragg," "torn down," "renovated," "several thousand more," "heating and cooling systems," "other improvements," "products," "addresses," "community locations," "floor plans," and "these units" are undefined. Corvias Management objects to the extent that the Request also assumes facts not in evidence, lacks foundation, and is

---

[24] Homefront 2019.

based on hearsay and/or speculation. Corvias Management further objects to this Request to the extent it seeks information related to absent members of the putative class.

Corvias Management further objects to the extent that this Request: (a) seeks a compilation, summary, or abstract to the extent protected by the work product doctrine, attorney client privilege, common interest rule, and/or joint defense privilege; and (b) is in fact a written interrogatory that is improperly phrased as a request for production and intended to circumvent the limitation on number of written interrogatories pursuant to Federal Rule of Civil Procedure 33(a)(1).

Subject to and without waiving these objections, Corvias Management is willing to meet and confer with Plaintiffs to better define this Request, or to respond to a more narrowly tailored Request seeking relevant information proportional to the needs of this case.

**REQUEST FOR PRODUCTION NO. 95:**

Documents reflecting any per diem payments made to displaced families at Fort Bragg.

**RESPONSE TO REQUEST NO. 95:**

Corvias Management incorporates by reference each of its Recurring Objections as if fully set forth herein. Corvias Management further objects to this Request because it is not reasonably limited in scope and time as it seeks documents without any limitation as to a starting or ending point in time. Corvias Management objects to this Request to the extent that it calls for the production of documents which postdate the filing of the Complaint in this action. Corvias Management further objects to this Request as overly broad and vague because the terms and phrases "reflecting," "per diem," "payments," "displaced," "families," and "at Fort Bragg" are undefined. Corvias Management further objects to this Request to the extent it seeks information related to absent members of the putative class.

Subject to and without waiving these objections, Corvias Management is willing to meet and confer with Plaintiffs to better define this Request, or to respond to a more narrowly tailored Request seeking relevant information proportional to the needs of this case.

**REQUEST FOR PRODUCTION NO. 96:**

Documents identifying all residents/families relocated either to hotels or to other housing, either temporary or permanent, at Fort Bragg, as a result of complaints or concerns over housing conditions at Fort Bragg in their original housing units.

**RESPONSE TO REQUEST NO. 96:**

Corvias Management incorporates by reference each of its Recurring Objections as if fully set forth herein. Corvias Management further objects to this Request because it is not reasonably limited in scope and time as it seeks documents without any limitation as to a starting or ending point in time. Corvias Management objects to this Request to the extent that it calls for the production of documents which postdate the filing of the Complaint in this action. Corvias Management further objects to this Request as overly broad and vague because the terms and phrases "identifying," "residents/families," "relocated," "hotels," "other housing," "temporary," "permanent," "at Fort Bragg," "as a result of," "complaints," "concerns," "housing conditions," "their," and "original housing units" are undefined. Corvias Management objects to the extent that the Request seeks documents protected by the common interest rule, joint defense privilege, attorney client privilege, and/or the work product doctrine. Corvias Management further objects to this Request to the extent it seeks information related to absent members of the putative class. Corvias Management further objects that this Request is duplicative to Request No. 84 and refers Plaintiffs to that response.

**REQUEST FOR PRODUCTION NO. 97:**

Documents identifying the homes subject to the investment described in Corvias public statements in 2020 of more than $100 million for Fort Bragg that includes $25.2 million for about 132 homes in the Pope Army Airfield area that were built in the 1960s, under a plan by which the homes would be effectively gutted to the interior studs to provide a more open floor plan, installing new electrical and energy-efficient mechanical systems, updating heating and air conditioning ventilation systems, and updating flooring.[25]

**RESPONSE TO REQUEST NO. 97:**

Corvias Management incorporates by reference each of its Recurring Objections as if fully set forth herein. Corvias Management objects to this Request to the extent that it calls for the production of documents which postdate the filing of the Complaint in this action. Corvias Management further objects to this Request as overly broad and vague because the terms and phrases "identifying," "homes," "described," "Corvias," "public filings," "for Fort Bragg," "for about 132 homes," "Pope Army airfield area," "the homes," "effectively gutted," "interior studs," "more open," "floor plan," "new," "electrical," "energy-efficient," "mechanical systems," "updating," "heating," "air conditioning," "ventilation," "systems," and "flooring" are undefined. Corvias Management objects to the extent that the Request also assumes facts not in evidence, lacks foundation, and is based on hearsay and/or speculation. Corvias Management further objects to this Request to the extent it seeks information related to absent members of the putative class.

---

[25] See https://www.fayobserver.com/story/news/2020/09/03/secretary-army-returns-fort-bragg-check-military-housing/5697213002/ (last accessed Jan. 2, 2022).

Subject to and without waiving these objections, Corvias Management is willing to meet and confer with Plaintiffs to better define this Request, or to respond to a more narrowly tailored Request seeking relevant information proportional to the needs of this case.

**REQUEST FOR PRODUCTION NO. 98:**

Corvias has described that it now provides prospective tenants with a Seven-Year Maintenance History that allows prospective renters to see the service work order history for the property they are contemplating to lease. As to each unit for which in response to these discovery requests you are producing tenant complaint, repair and maintenance files, please also produce the Seven-Year Maintenance History for those units. Please include the Seven-Year Maintenance History for each residential unit at issue for each named Plaintiff, and for each other unit located in their buildings.

**RESPONSE TO REQUEST NO. 98:**

Corvias Management incorporates by reference each of its Recurring Objections as if fully set forth herein. Corvias Management further objects to this Request because it is not reasonably limited in scope and time. Corvias Management objects to this Request to the extent that it calls for the production of documents which postdate the filing of the Complaint in this action. Corvias Management further objects to this Request as overly broad and vague because the terms and phrases "Corvias," "has described," "prospective tenants," "Seven-Year Maintenance History," "allows," "prospective renters," "see," "service order," "work history," "the property," "they," "contemplating," "lease," "each unit," "producing," "tenant," "complaint," "repair," "maintenance," "files," "each residential unit," "at issue," "named Plaintiff," "each other unit," "located," and "in their buildings" are undefined. Corvias Management further objects to this Request to the extent it seeks information related to absent members of the putative class.

Subject to and without waiving these objections, Corvias Management is willing to meet and confer with Plaintiffs to better define this Request, or to respond to a more narrowly tailored Request seeking relevant information proportional to the needs of this case.

Date: March 16, 2022

Respectfully submitted,

/s/ Mark P. Henriques
Mark P. Henriques (N.C. Bar No. 18701)
Matthew F. Tilley (N.C. Bar No. 40125)
WOMBLE BOND DICKINSON (US) LLP
3500 One Wells Fargo Center
301 South College Street
Charlotte, North Carolina 28202-6025
Telephone:    (704) 331-4912
Fax:               (704) 338-7830
E-mail: Mark.Henriques@wbd-us.com
E-mail: Matthew.Tilley @wbd-us.com


HOLLAND & KNIGHT LLP

/s/ Thomas J. Yoo
Thomas J. Yoo*
400 S. Hope St., 8th Floor
Los Angeles, CA 90071
Telephone: (213) 896-2400
Facsimile: (415) 896-2450
Thomas.Yoo@hklaw.com

Daniel K. Winters*
31 West 52nd Street
New York, New York 10019
Telephone: (212) 513-3200
Facsimile: (212) 385-9010
Daniel.Winters@hklaw.com

Jessica L. Farmer*
800 17th Street, N.W., Suite 1100
Washington, D.C. 20006
Telephone: (202) 955-3000
Facsimile: (202) 955-5564
Jessica.Farmer@hklaw.com

Laura Renstrom*
50 N. Laura Street, Suite
3900 Jacksonville, FL 32202
Telephone: (904) 798-7222
Facsimile: (904) 358-1872
laura.renstrom@hklaw.com
*Attorneys for Defendants*

\* Specially admitted

## CERTIFICATE OF SERVICE

I hereby certify that on March 16, 2022, a true and correct copy of the foregoing was

served via email to counsel for Plaintiffs registered with CM/ECF.

_____*/s/*_____
Jessica L. Farmer