# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NORTH CAROLINA
# WESTERN DIVISION

SSG SHANE PAGE, et al.,
individually and on behalf of
others similarly situated,

    Plaintiffs,

    v.

BRAGG COMMUNITIES, LLC, et al.,

    Defendants.

CASE NO. 5:20-cv-00336-D

**DEFENDANTS BRAGG COMMUNITIES, LLC, BRAGG-PICERNE PARTNERS, LLC, CORVIAS CONSTRUCTION, LLC, AND CORVIAS MANAGEMENT ARMY, LLC'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DISCOVERY REGARDING DISPLACED RESIDENTS**

Defendants, by and through their undersigned attorneys, hereby submit this memorandum in opposition to the Motion to Compel Discovery Regarding Displaced Residents dated August 29, 2022 (ECF Nos. 93; 94) ("Motion") served by Plaintiffs.

## INTRODUCTION

Plaintiffs' Motion seeks an order compelling the Defendants to produce discovery "regarding relocated and displaced families," implying that Defendants have objected to producing *any* information regarding that topic. ECF No. 94 at 3. That implication is incorrect. First, Defendants have already produced policies and guidelines regarding displacement decisions. Second, to the extent any named Plaintiffs were displaced, that information has already been produced or will be produced as part of Defendants' rolling productions. Third, Defendants have agreed to apply search terms that would capture information relating to displacement. Fourth, had Plaintiffs engaged in a genuine meet and confer process, they would know that Defendants have agreed to produce a list of addresses in which tenants were displaced during the time period that such information was tracked. And, to the extent Plaintiffs are asking this Court to compel Defendants to create - for litigation purposes - a list of all displacements that occurred prior to the time that Defendants themselves tracked such information, such a demand is not supported by the Federal Rules of Civil Procedure. Therefore, Plaintiffs' Motion - like each of the others that they filed - is unsupported and must be denied.

1

## FACTUAL BACKGROUND

Plaintiffs have served and Defendants have responded to over 300 discovery requests: 76 interrogatories and 231 requests for production.[1] The document requests implicated by this Motion include the following:

> **REQUEST FOR PRODUCTION NO. 84:**
> Documents reflecting all military families relocated to hotels due to Fort Bragg housing conditions, since 2015.
>
> **REQUEST FOR PRODUCTION NO. 95:**
> Documents reflecting any per diem payments made to displaced families at Fort Bragg.
>
> **REQUEST FOR PRODUCTION NO. 96:**
> Documents identifying all residents/families relocated either to hotels or to other housing, either temporary or permanent, at Fort Bragg, as a result of complaints or concerns over housing conditions at Fort Bragg in their original housing units.
>
> ECF No. 93-2.

Defendants objected to the overly-broad nature of these requests, and invited a meet and confer to discuss and further narrow the requests. *Id.* Nonetheless, Defendants' very first production included a policy entitled "Military Displacement Guidelines," which shows that all displacement decisions are made in consultation with the military partner, in this case the United States Army. Defendants further produced the Portfolio and Asset Management Handbook (the "PAM Handbook"), which details the oversight of the Department of the Army Residential Communities Initiative (RCI) Companies, including displacement. *See* **Ex. A**, excerpts of PAM Handbook. Additionally, Defendants agreed to produce all documents relating to the named Plaintiffs' alleged housing issues, which would include displacement information, and Defendants have already produced thousands of pages of information relating specifically to the Plaintiffs.

---

[1] Since the filing of the instant Motion, Plaintiffs have served an additional 143 requests for admission.

Moreover, after multiple meet and confer sessions, the parties agreed to a list of search terms to be run against 14 separate custodians. Those search terms included the term (displace* w/20 hous*) OR (unit), which would capture information responsive to these requests. *See* ECF No. 93-4 at 3. Additionally, Defendants proposed a sampling methodology wherein they will randomly identify 10% of the houses in each of the nine neighborhoods at Fort Bragg utilizing the Fisher–Yates shuffle, an algorithm for generating a random permutation of a finite sequence that produces an unbiased permutation wherein every permutation is equally likely. ECF No. 93-6. Once those houses are identified, the parties have agreed that Defendants will produce the lease, tenant ledger, work order history, and resident memos for such houses, which will include information relating to displacement. *Id.*

On August 23, 2022 at 1:20 pm, Plaintiffs notified Defendants that they would consider resolving the issue of their overly broad requests relating to displacement if Defendants would agree to produce a list of all tenants who were displaced and their addresses. They then set a unilateral deadline of just three days for compliance, stating:

> As you know, we requested that Corvias identify all tenants that were displaced and the addresses of the homes they were displaced from... While we agree that search terms may provide some insight, we are nonetheless entitled to a list of all tenants who were displaced and their addresses. Our request represents a dramatic compromise compared to our original discovery requests which included all military houses at Fort Bragg. You asked us to narrow the scope of our discovery requests and we did. In essence, this compromise is specifically intended to identify homes which were not safe and habitable. Please provide the information or we will seek relief from the Court. Let us know by Friday [August 26, 2022] please.

ECF No. 93-7 at 3.

On the morning of April 26, 2022, counsel for Plaintiffs requested a time to further discuss multiple discovery issues. *See* Decl. of T. Yoo, Ex. B. Counsel for the parties spoke on August 29, 2022, and at that time, Defendants indicated that they would be willing to consider producing

3

additional information regarding displaced residents. *See* Decl. of T. Yoo at ¶5. Plaintiffs' counsel responded that they would nonetheless file their motion that day, "since it had already been written, but [they] would be willing to continue to meet and confer". *See* Decl. of T. Yoo at ¶ 6.

Here, as set forth in detail below, Plaintiffs' Motion must be denied for several reasons. First, Plaintiffs failed to adequately meet and confer to identify any actual areas of dispute given Defendants' previous productions and proposals. Second, Defendants have agreed to produce, or have already produced, substantive information regarding displacement. Third, to the extent Plaintiffs are asking this Court to compel Defendants to create for this litigation a list of all displacements that occurred prior to the time that Defendants themselves tracked such information, such a demand is not supported by the Federal Rules of Civil Procedure.

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 26(b)(1) limits discovery to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Relevance is to be construed broadly to include "any matter that bears on, or that reasonably could lead to other matter that could bear on" any party's claim or defense. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citation omitted).

In addition to being relevant, discovery must also be proportional. To that end, even discovery of relevant matters is not without limits: it "must be measured against the yardstick of proportionality." *Lynn v. Monarch Recovery Mgmt., Inc.*, 285 F.R.D. 350, 355 (D. Md. 2012) (internal quotation omitted). Therefore, a Court "must limit the … extent of discovery otherwise allowed by these [R]ules … if it determines that … the proposed discovery is outside the scope permitted by Rule 26(b)(1)," *Covil Corp. v. United States Fid. & Guar. Co.*, 544 F. Supp. 3d 588, 601 (M.D.N.C. 2021)(citations omitted) (holding that Rule 26(b)(2)(C) imposes "independent

4

ongoing obligation" on courts). "Additionally, the court has 'substantial discretion' to grant or deny motions to compel discovery." *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 929 (4th Cir. 1995)).

## **ARGUMENT**

### I.     **Plaintiffs Have Not Complied With Fed. R. Civ. P. 37(a)(1) and Local Rule 7.1(c)(2)**

As an initial matter, Plaintiffs have failed to meaningfully meet-and-confer with Defendants on the issue of displacements. Federal Rule of Civil Procedure 37(a)(1) and Local Civil Rule 7.1(c) require meaningful and good faith efforts to avoid discovery disputes. Good faith under Rule 37 "contemplates, among other things, honesty in one's purpose to meaningfully discuss the discovery dispute, freedom from intention to defraud or abuse the discovery process, and faithfulness to one's obligation to secure information without court action.... [it] cannot be shown merely through the perfunctory parroting of statutory language on the certificate to secure court intervention; rather it mandates a genuine attempt to resolve the discovery dispute through non-judicial means." *See Patrick v. Teays Valley Trustees, LLC*, 297 F.R.D. 248, 266-67 (N.D. W.Va. 2013). Indeed, there is no need for the Court to reach the merits of a motion to compel where a party has failed to meaningfully confer as required by the Rules. *Teays*, 297 F.R.D. at 266-67. Here, on August 23, 2022, Plaintiffs informed Defendants that despite the overly broad nature of their displacement-related requests for production, they would agree to accept a list of all tenants who were displaced and their addresses, and demanded a response from Defendants on this issue by August 26, 2022. *See* ECF No. 93-7 at 3. Then, on the morning of August 26, 2022, Plaintiffs reached out to counsel for Defendants, requesting a further telephonic discussion. *See* Yoo Decl. at ¶ 3. Counsel for Defendants agreed to a further call on August 29, 2022 and reasonably informed Plaintiffs that any written response would be deferred until after such discussion. *See* Yoo Decl.

5

at ¶ 4. During that discussion, counsel for Defendants informed Plaintiffs that Defendants were open to considering providing Plaintiffs a list of displacements. *See* Yoo Decl. at ¶ 5. However, Plaintiffs elected to file this Motion, "since it had already been written, but [they] would be willing to continue to meet and confer". *Id.* at ¶ 6.

There is a difference between demanding a response and actually making a good faith effort to resolve a dispute without court action. *See Naviant Mktg. Solutions, Inc. v. Larry Tucker, Inc.*, 339 F.3d 180, 186 (3d Cir. 2003). Merely claiming that counsel contacted opposing counsel is not enough if the moving party cannot show a *meaningful effort* to work with opposing counsel to reasonably resolve the dispute. *Id*. Plaintiffs here have demonstrated an ongoing refusal to meaningfully meet and confer, preferring to take hard lines in e-mails or letters without any meaningful room for discussion. With respect to the instant Motion, Plaintiffs simply demanded a written response and, when told that Defendants would consider producing a listing of displacements, instead elected to file the instant Motion. These "discussions" are insufficient to satisfy the requirements of Federal Rule of Civil Procedure 37(a)(1) and Local Civil Rule 7.1(c). *See MCI Const., LLC v. Hazen and Sawyer, P. C.,* 211 F.R.D. 290, 291 (M.D.N.C. 2002) (denying motion to compel when the preceding meet and confer discussions "did not really address the issues at hand.").

Had Plaintiffs appropriately discussed the issue with Defendants, all parties (and the Court) would be better equipped to analyze the demands Plaintiffs are making in their Motion. Indeed, Defendants have already produced (or agreed to produce) substantive information regarding displacements. Moreover, as detailed below, Defendants are willing to produce a list of displacements for certain time periods. It is difficult, especially in the absence of a genuine meet-

and-confer effort, to fully understand and respond to Plaintiffs' complaints. Therefore, Plaintiffs Motion should be denied on this basis alone.

## II. Plaintiffs' Motion Must be Denied on the Merits

### A. Defendants Have Already Agreed to Produce Sufficient Information Regarding Displacement.

Plaintiffs argue in their Motion that information regarding displacements is relevant for two main reasons: (1) "Plaintiffs allege that Defendants engaged in improper displacement and relocation practices as to three of the four Plaintiff families"; and (2) if there were numerous families who were displaced, that would support their UDTPA and negligence claims as well as class certification. *See* ECF No. 94 at 7, 9 Although Defendants disagree that the overly broad categories of displacement information requested by Plaintiffs are relevant to these issues (especially given the fact that they do not seek to certify a "displacement class"), Defendants have nonetheless already agreed to produce substantive information in response to Plaintiffs' requests, including:

- Policies and guidelines regarding displacement;

- Information regarding displacement of any named Plaintiffs;

- Relevant, responsive, and non-privileged documents that hit on the search term (displace\* w/20 hous\*) OR (unit); and

- Displacement information in connection with any address identified through Defendant's proposed sampling algorithm.

Tellingly, nowhere in Plaintiffs' Motion do they acknowledge that Defendants have already agreed to produce this information, and nowhere do they explain how this information is somehow insufficient to respond to their discovery.

In addition to these categories, and in a show of good faith after receipt of Plaintiffs' April 23, 2022 letter requesting a list of all displacements, Defendants investigated whether such list was

7

available. Defendants have now determined that, beginning in early 2020, a spreadsheet tracking displacements has been maintained. Defendants are amenable to producing same, as further set forth herein. Given the displacement-related information that Defendants have agreed to produce to date, Plaintiffs' Motion has no support and must be denied.[2]

**B.      Defendants Cannot be Compelled to Create any Other Displacement List**

To the extent Plaintiffs ask this Court to compel Defendants to create a displacement list covering the time period before Defendants began tracking such information, that request must also be denied. Rule 34 only requires a party to produce documents that exist at the time of the request; a party cannot be compelled to create a document for its production. *See, e.g., Chambers v. N. Carolina Dep't of Juv. Just. & Delinq. Prevention*, No. 1:10CV315, 2013 WL 3776498, at *2 (M.D.N.C. July 17, 2013) (denying a motion to compel that requested Defendant generate a document rather than produce documents in existence); *Atkins v. AT&T Mobility Servs., LLC*, No. 2:18-CV-00599, 2019 WL 8017851, at *6 (S.D.W. Va. Apr. 25, 2019) ("Rule 34 only requires a party to produce documents that exist at the time of the request; a party cannot be compelled to create a document for its production."); 7 JAMES WM. MOORE, ET AL., MOORE'S FEDERAL PRACTICE, CIVIL § 34.12 (2022) ("A party cannot be compelled to create, or cause to be prepared, new documents solely for their production. Rule 34 only requires a party to produce

---

[2] Defendants assume, based on Plaintiffs' previous correspondence, that their Motion is intended to seek the list of individuals who have been displaced that Plaintiffs requested in their August 23, 2022 letter. However, to the extent Plaintiffs are seeking additional information above and beyond the list and/or the information already agreed to be produced based on their broadly-worded discovery requests, such demands must also be denied. *See, e.g.*, *Roda Drilling Co. v. Siegal*, 2008 WL 2234652, at *2 (N.D. Okla. May 29, 2008) ("[M]any of the parties' requests for production of documents are overbroad, as they request 'all documents' relating to or concerning a subject."); *Cont'l Access Control Sys., Inc. v. Racal-Vikonics, Inc.*, 101 F.R.D. 418, 419 (E.D. Pa. 1983) (denying motion to compel responses to requests that were "inconclusive as to the time period in question and broad and vague as to subject matter").

documents that are already in existence"); *Harris v. Advance Am. Cash Advance Ctrs., Inc.*, 288 F.R.D. 170, 172 (S.D. Ohio 2012) (to the extent plaintiff asked defendant to create "list" of specified information, the request was denied because a party is not required to create documents in response to Rule 34 requests); *Alexander v. Federal Bureau of Investigation*; 194 F.R.D. 305, 310 (D. D.C. 2000) (denying request for the FBI to create lists of persons when list did not exist).

Defendants do not possess a list in the format demanded by Plaintiffs prior to 2020. The Army's Portfolio and Asset Management "PAM" Handbook shows that in early 2020, the Army established guidelines to determine when residents will be displaced from on-post privatized family housing and what reimbursements will be paid to the displaced privatized housing residents. *See* **Ex. A. at 241.** The Handbook further shows that the Army's requirements regarding standard displacement policies went into effect in February of 2020 *Id*. Accordingly, Defendants have only tracked displacement information pursuant to their own displacement guidelines and the PAM Handbook since early 2020. However, as noted above, the information that Defendants have already agreed to produce in connection with the search terms and sampling methods will nonetheless provide displacement-related information to Plaintiffs during the time period before 2020. To the extent Plaintiffs' Motion seeks to compel Defendants to create for litigation a list that was not kept in the ordinary course of business, it must be denied.

## **CONCLUSION**

WHEREFORE, for the foregoing reasons, Defendants respectfully request that the Court deny Plaintiffs' Motion to Compel.

# LOCAL RULE 7.2 CERTIFICATION

I hereby certify that in accordance with Local Civil Rule 7.2(f)(2)(B), this brief does not exceed ten pages in length.

Date: September 12, 2022

Respectfully submitted,

*/s/ Mark P. Henriques*

Mark P. Henriques (N.C. Bar No. 18701)
Matthew F. Tilley (N.C. Bar No. 40125)
WOMBLE BOND DICKINSON (US) LLP
3500 One Wells Fargo Center
301 South College Street
Charlotte, North Carolina 28202-6025
Telephone: (704) 331-4912
Fax: (704) 338-7830
E-mail: Mark.Henriques@wbd-us.com
E-mail: Matthew.Tilley @wbd-us.com

**HOLLAND & KNIGHT LLP**

*/s/ Thomas J. Yoo*
Thomas J. Yoo*
400 S. Hope St., 8th Floor
Los Angeles, CA 90071
Telephone: (213) 896-2400
Facsimile: (213) 896-2450
Thomas.Yoo@hklaw.com

*/s/ Jessica L. Farmer*
Jessica L. Farmer*
800 17th Street, N.W., Suite 1100
Washington, D.C. 20006
Telephone: (202) 469-5222
Facsimile: (202) 955-5564
Jessica.Farmer@hklaw.com

Daniel K. Winters
31 West 52nd Street
New York, NY 10019
212-513-3509
Fax: 212-385-9010
Daniel.Winters@hklaw.com

Laura B. Renstrom*
50 N. Laura St., Suite 3900
Jacksonville, FL 32202
904-798-7222
Fax: 904-358-1872
Laura.renstrom@hklaw.com

*Attorneys for Defendants*

*Specially Admitted

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 12th day of September 2022 the foregoing was served upon all registered counsel for Plaintiffs by CM/ECF.

*/s/ Jessica L. Farmer*
Jessica L. Farmer*

11

Case 5:20-cv-00336-D   Document 109   Filed 09/12/22   Page 12 of 12