IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:20-CV-336-D

| | |
|---|---|
| SHANE PAGE, et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | )  ORDER |
| BRAGG COMMUNITIES, LLC, et al., | ) ) ) |
| Defendants. | ) ) |

This matter is before the court on the parties' respective motions to compel, [DE-89, -91, -93, -95, -97], to which the opposing party has responded [DE-107 through -111]. The motions are ripe and referred to the undersigned for disposition. [DE-101]. For the reasons stated below, Plaintiffs' Motion to Compel Defendants to Begin Document Custodian and Search Term Discovery, [DE-89], is allowed in part and denied in part; Plaintiffs' Motion to Compel Defendants to Provide Discovery Regarding the Identities of Present and Former Employees and Contractors, [DE-91], is denied as moot; Plaintiffs' Motion to Compel Discovery Regarding Displaced Families, [DE-93], is denied without prejudice; Defendants' Motion to Compel Responses to Discovery Relating to Persons with Knowledge, Housing Issues, Damages, and to Produce Documents Received Pursuant to Subpoenas, [DE-95], is allowed in part and denied in part; and Defendants' Motion to Compel Further Responses to Discovery Seeking Certain Medical Information, [DE-97], is denied without prejudice.

I.  **Background**

This case is about the quality and maintenance of privatized military housing at Fort Bragg, North Carolina. Plaintiffs are military personnel and their families who were living in

military housing for which the corporate Defendants were responsible for the building and maintenance under a lease with the United States. The court, in ruling on Defendants' motion to dismiss, allowed Plaintiffs to proceed on claims for violation of the North Carolina Residential Rental Agreements Act, N.C. Gen. Stat. §§ 42-38 *et seq.* ("RRAA") against Bragg Communities and Corvias Management, the North Carolina Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. §§ 75-1.1 *et seq.* ("UDTPA"), negligence, gross negligence, reckless and willful conduct, nuisance, breach of contract and breach of the implied warranty of good faith and fair dealing against only Bragg Communities, and the Residential Lead-Based Paint Hazard Reduction Act of 1992, 42 U.S.C. §§ 4851 *et seq.* ("RLPHRA"), and declined to strike Plaintiffs' class allegations at the pleading stage. [DE-63]. Thereafter, the court entered a scheduling order, [DE-68], and the parties began discovery, Pls.' Br. [DE-90] at 3, resulting in the filing of the instant five motions to compel, [DE-89, -91, -93, -95, -97].

## II. Standard of Review

The general rule regarding the scope of discovery is found in Fed. R. Civ. P. 26(b)(1):

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

"Relevancy under this rule has been broadly construed to encompass any possibility that the information sought may be relevant to the claim or defense of any party." *Prasad v. Nallapati*, — F. Supp. 3d —, 2022 WL 1051293, at *2 (E.D.N.C. 2022) (first quoting *Equal Emp't Opportunity Comm'n v. Sheffield Fin. LLC*, No. 1:06-CV-889, 2007 WL 1726560, at *3 (M.D.N.C. June 13, 2007); then citing *Mainstreet Collection, Inc. v. Kirkland's, Inc.*, 270 F.R.D. 238, 240 (E.D.N.C.

2

2010) ("During discovery, relevance is broadly construed 'to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'") (quoting *Oppenheimer Fund., Inc. v. Sanders*, 437 U.S. 340, 351 (1978))).

"A party seeking discovery may move for an order compelling an answer, designation, production, or inspection" if a party fails to answer an interrogatory or to produce or make available for inspection requested documents. Fed. R. Civ. P. 37(a)(3)(B)(iii), (iv). For purposes of a motion to compel, "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). "Additionally, the court has 'substantial discretion' to grant or deny motions to compel discovery." *English v. Johns*, No. 5:11-CT-3206-D, 2014 WL 555661, at *4 (E.D.N.C. Feb. 11, 2014) (quoting *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 929 (4th Cir. 1995)). The party seeking the court's protection from responding to discovery "must make a particularized showing of why discovery should be denied, and conclusory or generalized statements fail to satisfy this burden as a matter of law." *Prasad*, 2022 WL 1051293, at *2 (quoting *Mainstreet Collection*, 270 F.R.D. at 240).

### III. Discussion

#### A. Plaintiffs' Motion to Compel Defendants to Begin Document Custodian and Search Term Discovery [DE-89]

Plaintiffs' motion seeks relief on two issues: first, Plaintiffs want Defendants to commence production of responsive information and ESI using the parties' agreed upon list of document custodians and search terms; and second, Plaintiffs want John Picerne, Defendants' past president, to be an additional custodian included in the search term based discovery. Pl.'s Mot. [DE-89] at 2. Defendants responded that they have started rolling productions of documents, including ESI

3

from the custodian searches, Defs.' Resp. [DE-107] at 5–6,[1] and accordingly, the motion to compel as to the first issue is denied as moot. As to the second issue, Defendants contend that Picerne is an "apex custodian," and Plaintiffs have not made a compelling showing that all of the lower-level designated custodians are not sufficient to capture the necessary information. *Id.* at 7–11.

In arguing for Picerne's inclusion as a custodian, Plaintiffs point out that he is the founder of Corvias and that he made public statements through interviews and congressional testimony regarding the housing issue at Fort Bragg and other installations. Pl.'s Br. [DE-90] at 6–7. Plaintiffs view these statements as evidence that Picerne had independent involvement and communications going to relevant issues that may not be captured by search of other custodians. *Id.* at 8. Plaintiffs also question whether the apex custodian doctrine has been adopted in the Fourth Circuit and argue that Defendants have failed to demonstrate that adding Picerne as a custodian would be an undue burden. *Id.* at 10.

Defendants respond that Fort Bragg is only one of twenty-eight installations operated by Corvias entities involved in housing, Corvias Group has numerous affiliates, subsidiaries, and public-private partnerships over many industries, and Picerne was not directly involved with Fort Bragg housing or intimately involved in setting company policy regarding the issues in this case. Defs.' Resp. [DE-107] at 8. Defendants point to Plaintiffs' deposition of Heath Burleson, the Senior Vice President of Operations who also testified before Congress on behalf of Corvias, and his deposition testimony confirming that Picerne had no day-to-day involvement with Fort Bragg and identifying who did have responsibility for managing the Fort Bragg housing. *Id.* at 8–9. Defendants contend Plaintiffs only speculate that Picerne might have relevant information and that seeking ESI from Picerne is unduly burdensome, cost prohibitive, and harassing when balanced

---

[1] The page number references the page number in the CM/ECF footer where, as here, it differs from the internal document's page number.

4

against the scope of Plaintiffs' claims. *Id.* at 9–10. Finally, Defendants argue that there are roughly 150 individuals with day-to-day responsibilities at Fort Bragg, many of whom are custodians, and even assuming Picerne had some hypothetical involvement with Fort Bragg, his communications would necessarily be captured in the documents produced by other custodians such as Burleson or the executive property managers. *Id.* at 11.

As an initial matter, the court is not convinced that the apex custodian doctrine has been adopted in the Fourth Circuit or, in any event, that it is necessary to the resolution of this matter. As one court explained,

> argument that a party's senior executives are protected from being designated as custodians unless the party seeking such designation shows they possess unique, personal knowledge or information about the events underlying the case appears to call for application of the so-called "apex doctrine," which the Fourth Circuit has not adopted and which typically applies only to protect senior executives from attending costly and distracting depositions rather than from merely collecting and producing documents.

*Blankenship v. Fox News Network, LLC*, No. 2:19-CV-00236, 2021 WL 2345972, at *3 n.5 (S.D. W. Va. June 8, 2021) (citing *Rosinbaum v. Flowers Foods, Inc.*, 238 F. Supp. 3d 738, 748–50 (E.D.N.C. 2017)). Utilizing the standard set forth in Fed. R. Civ. P. 26(b), Defendants have not sufficiently demonstrated that Picerne is unlikely to possess information relevant to Plaintiffs' claims and have not demonstrated that including Picerne as a custodian would be unduly burdensome or otherwise improper.

Burleson testified that he was responsible for oversight and management of thirteen installations, including Fort Bragg, he engaged with the senior representative of the Army at Fort Bragg, he testified about other individuals that were responsible for the day-to-day property management at Fort Bragg, Picerne was not among any of those mentioned, and Burleson did not report directly to Picerne. [DE-107-2]. However, Plaintiffs have not merely speculated, as

5

Defendants suggest, that Picerne is likely to have relevant information; rather, Plaintiffs have cited evidence that Picerne made public statements, including in congressional testimony, specific to Fort Bragg and the types of issues raised in Plaintiffs' claims. *See Prasad*, 2022 WL 1051293, at *2 ("Relevancy under [Rule 26(b)] has been broadly construed to encompass any possibility that the information sought may be relevant to the claim or defense of any party."). Thus, the court finds it is likely that adding Picerne to the ESI custodian list would render relevant information. *See Seaman v. Duke Univ.*, No. 1:15CV462, 2018 WL 1441267, at *4 (M.D.N.C. Mar. 21, 2018) (declining to find information sought from individuals who serve or served as the Duke President or cabinet members would be outside the scope of discovery where there were statements supporting that senior leadership, such as the president or his cabinet, would have evidence relevant to the claims at issue, but denying to compel on the grounds that it would be unduly burdensome).

While Defendants argue that the discovery would be unduly burdensome, cost prohibitive, and harassing, they have presented nothing to support these assertions. Under Fed. R. Civ. P. 26(b)(2)(B),

> A party need not provide discovery of electronically stored information from sources that the party identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the party from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost.

"The party objecting to discovery has the burden of showing inaccessibility." *Kirk v. SSC Goldsboro Operating Co. LLC*, No. 5:19-CV-00285-BO, 2020 WL 5097833, at *7 (E.D.N.C. Aug. 28, 2020) (quoting *Westdale Recap Props., Ltd. v. NP/I & G Wakefield Commons, L.L.C.*, No. 5:11-CV-659-D, 2013 WL 5424844, at *3 (E.D.N.C. Sept. 26, 2013)). For example, in *Kirk*, the party opposing the scope of the ESI discovery provided an affidavit from the Vice President of IT

6

Systems Engineering stating that the requested search would, at minimum, cost over $15,000. *Id.* The parties subsequently agreed to cut the period in half, and the court found the cost was then proportional to the needs of the case. *Id.* This court has previously rejected unsubstantiated claims that discovery would pose an undue burden and was not proportional to the needs of the case. *See Revak v. Miller*, No. 7:18-CV-206-FL, 2020 WL 3513239, at *4 (E.D.N.C. June 29, 2020) (citing *Wilson v. Wexford Med.*, No. 3:18-CV-00890, 2020 WL 930112, at *3 (S.D. W. Va. Feb. 26, 2020) ("The 'party claiming that a discovery request is unduly burdensome must allege specific facts that indicate the nature and extent of the burden, usually by affidavits or other reliable evidence.'") (quoting *Tucker v. Ohtsu Tire & Rubber Co.*, 191 F.R.D. 495, 498 (D. Md. 2000)); *Nat'l R.R. Passenger Corp. v. Turner*, No. 4:15-CV-68-BO, 2016 WL 2659546, at *3 (E.D.N.C. May 9, 2016) (finding conclusory assertion that responding to discovery request was unduly burdensome was insufficient to sustain the objection and collecting cases); *Alston v. Equifax Info. Servs., LLC*, No. CIV.A. TDC-13-1230, 2015 WL 1807952, at *2 (D. Md. Apr. 17, 2015) (finding the defendant failed to support its objection of undue burden with "specificity")). Finally, while Defendants assert this litigation involves only four families, the court declined to strike Plaintiffs' class allegations at the pleading stage, [DE-63]. Accordingly, Plaintiffs' motion to compel the designation of Picerne as an ESI custodian is allowed.

### B. Plaintiffs' Motion to Compel Defendants to Provide Discovery Regarding the Identities of Present and Former Employees and Contractors [DE-91]

Plaintiffs ask the court to compel Defendants to respond to interrogatories and requests for production of documents seeking to obtain the identities of Defendants' present and former employees and contractors involved in the leased housing repair and maintenance activities from 2016 to present at Fort Bragg. Pls.' Mot. [DE-91] at 2. After meet-and-confer discussions and concessions by each side regarding the disputed discovery requests, Defendants prepared an

7

agreed-upon list of workers and vendors who have conducted repair and maintenance work at Fort Bragg from 2016 to present and produced the list to Plaintiffs on September 9, 2022. Defs.' Resp. [DE-108] at 5. Accordingly, the motion to compel is denied as moot.

### C. Plaintiffs' Motion to Compel Discovery Regarding Displaced Families [DE-93]

Plaintiffs ask the court to compel Defendants to respond to interrogatories and requests for production of documents seeking to obtain information and documents regarding displaced military families, i.e., families displaced from their leased Corvias homes and relocated to other units, courtesy suites, hotels, or temporary apartments due to the complained-of conditions at their leased homes. Pls.' Mot. [DE-93] at 1–2. Three RFPs are at issue:

> RFP 84: Documents reflecting all military families relocated to hotels due to Fort Bragg housing conditions, since 2015.
>
> RFP 95: Documents reflecting any per diem payments made to displaced families at Fort Bragg.
>
> RFP 96: Documents identifying all residents/families relocated either to hotels or to other housing, either temporary or permanent, at Fort Bragg, as a result of complaints or concerns over housing conditions at Fort Bragg in their original housing units.

*Id.* at 2. At the time of the filing of the motions, Defendants had not produced any responsive documents. *Id.* Defendants have since produced policies and guidelines regarding displacement decisions, displacement information regarding the named Plaintiffs (through the rolling production), displacement information as a result of the ESI search terms, and a list of addresses in which tenants were displaced during the time period during which such information was tracked. Defs.' Resp. [DE-109] at 2.

It appears the meet-and-confer efforts were cut short by the filing of the motion to compel, and Defendants' subsequent document productions outlined above may well satisfy some or all of these RFPs. *See id.* at 4–5 ("Counsel for the parties spoke on August 29, 2022, and at that time,

8

Defendants indicated that they would be willing to consider producing additional information regarding displaced residents. *See* Decl. of T. Yoo at ¶ 5. Plaintiffs' counsel responded that they would nonetheless file their motion that day, 'since it had already been written, but [they] would be willing to continue to meet and confer[.]'"); *Sparks v. Selective Insurance Co. of the Se.*, No. 4:17-CV-151-D, [DE-104] (E.D.N.C. July 13, 2022) (ordering further meet-and-confer efforts where the parties cut short the requirement and briefing suggested certain issues may be moot in light of concessions or additional document production). Accordingly, the motion is denied without prejudice for Plaintiffs to renew their motion as to any unsatisfied request after further meet-and confer efforts and review of the responsive documents Defendants subsequently produced.

### D. Defendants' Motion to Compel Responses to Discovery Relating to Persons with Knowledge, Housing Issues, Damages, and to Produce Documents Received Pursuant to Subpoenas [DE-95]

Defendants ask the court to compel Plaintiffs to provide the following information responsive to various discovery requests: (1) an accurate list of those individuals that have personal knowledge of the facts alleged in the First Amended Complaint; (2) complete information relating to alleged housing issues at Fort Bragg; (3) information relating to housing or habitability issues at any address over the past 10 years and documents concerning renting or leasing of military housing over the past 10 years; (4) information relating to the itemization and calculation of damages; and (5) documents received from subpoenas to third-parties. Defs.' Mem. [DE-96] at 4–5. Plaintiffs respond that they agree the information sought by Defendants is relevant and have endeavored to respond in a timely and adequate manner. Pls.' Br. [DE-110] at 3–4.

9

Case 5:20-cv-00336-D   Document 126   Filed 12/15/22   Page 9 of 15

1. Persons with Knowledge

Defendants contend that in response to Interrogatory No. 2 requesting that Plaintiffs identify all persons who are likely to have personal knowledge of the facts alleged in the pleadings and to identify the subject matter of their knowledge, Plaintiffs provided a list of more than 100 individuals with vague and general categories and no specificity regarding their personal knowledge, which was not useful. Defs.' Mem. [DE-96] at 5–6. As an example, Defendants cite Plaintiffs listing "all current and former tenants/residents of Corvias military housing at Fort Bragg during the class period" as insufficient because it does not put Defendants on notice of what these individuals know. *Id.* at 6. Plaintiffs respond that Defendants posed a broad interrogatory, Plaintiffs have asserted multiple claims, including putative class claims, there are numerous individuals "likely" to have personal knowledge, and Defendants have superior access to information regarding most of the individuals listed and have resisted providing it to Plaintiffs. Pls.' Br. [DE-110] at 7–10.

The court has reviewed Plaintiffs' responses to Interrogatory No. 2, [DE-96-1] at 3–25, 56–77, 113–34, 163–86, and finds them to be sufficient. The court agrees with Plaintiffs that the breadth of the interrogatory prompted the broad response. Although Plaintiff utilized categories, such as "former tenants," Plaintiffs also specified many former tenants by name. Plaintiffs' responses indicate they provided specificity where they were able, such as with respect to the Plaintiffs themselves, their neighbors, friends, and relatives, and provided what they believed the individuals knew in a more general way with Defendants' employees or tenants that they apparently did not know personally. Accordingly, the motion to compel supplementation of Interrogatory No. 2 is denied.

10

2. Communications Concerning Issues at Fort Bragg

Defendants contend that in response to Interrogatory Nos. 5, 7, and 15 and RFP No. 5, seeking documents and information relating to communications between Plaintiffs and any other person concerning notices, housing complaints, requests, inspection, remediation, maintenance, and/or repairs related to housing or habitability issues at Fort Bragg, Plaintiffs have not produced any documents related to communications with third parties or other residents discussing these issues. Defs.' Mem. [DE-96] at 6–7. Plaintiffs respond that they conducted a reasonable search and have provided all responsive information and documents in their possession, custody, or control, and cite examples of such documents. Pls.' Br. [DE-110] at 10–11. The court takes Plaintiffs at their word, absent evidence to the contrary, that they have fully responded. *See Georgia-Pac. Corp. v. Von Drehle Corp.*, No. 5:05-CV-478-BO, 2007 WL 9637134, at *1–2 (E.D.N.C. Aug. 17, 2007) (absent evidence to the contrary, "[t]he court must take [a party's] word that it has produced all responsive discoverable documents if [the party] says that it has."). Accordingly, the motion to compel supplementation of responses to Interrogatory Nos. 5, 7, and 15 and RFP No. 5 is denied.

3. Plaintiffs' Former Homes

Defendants contend that Plaintiffs have failed to provide information regarding homes they have lived in for the past ten years in response to Interrogatory No. 5 and RFP Nos. 5, 10, and 11, and Plaintiffs improperly qualified their responses, stating they would only provide information regarding what they deem to be "significant" housing issues. Defs.' Mem. [DE-96] at 7–8. Plaintiffs respond that they conducted a reasonable search and have provided all responsive information and documents in their possession, custody, or control, which is all that is required. *Georgia-Pac. Corp.*, 2007 WL 9637134, at *1–2. The court agrees, however, that to the extent

11

Plaintiffs only provided information or documents regarding what they deem to be "significant" housing issues, Plaintiffs have improperly limited the scope of their response. Accordingly, the motion to compel supplementation of responses to Interrogatory No. 5 and RFP Nos. 5, 10, and 11 is allowed to the extent Plaintiffs withheld documents or information on the grounds that they deemed it insignificant, and Plaintiffs shall supplement within twenty-one (21) days or certify that no further information exists.

4. Damages

Defendants contend Plaintiffs failed to appropriately respond to Interrogatory No. 21 and RFP Nos. 6 and 19 regarding Plaintiffs' calculation of damages, provided only vague theories and legal conclusions, and have not produced any documents to support their damages theory. Defs.' Mem. [DE-96] at 9. Plaintiffs rest on the sufficiency of their responses and assert that this is precertification discovery that is supposed to be focused on the Rule 23 elements. Pls.' Br. [DE-110] at 11.

"District courts are not in agreement about how much damages discovery is necessary prior to class certification," and "courts have discretion to determine the parameters of damages discovery prior to class certification." *Moore v. Westgate Resorts Ltd., L.P.*, No. 3:18-CV-00410-DCLC, 2020 WL 7020266, at *4–5 (E.D. Tenn. Nov. 20, 2020) (collecting cases); *Childress v. JPMorgan Chase & Co.*, No. 5:16-CV-298-BO, 2019 WL 2865848, at *4 (E.D.N.C. July 2, 2019) (ordering damages discovery to take place after the close of liability and class certification discovery). The Scheduling Order in this case did not expressly provide for bifurcated discovery, [DE-68], and the parties' discovery plan stated that during precertification discovery, the parties would need discovery on the issues under Rule 23, but acknowledged that the elements of class

12

certification overlap the merits issues, and "discovery into the merits will also be required." [DE-67] at 2.

The court has reviewed Plaintiffs' responses to Interrogatory No. 21 and agrees with Defendants that they are somewhat vague. Furthermore, to the extent Plaintiffs claim certain expenses as damages, related documents from the named Plaintiffs should have been produced. Accordingly, the motion to compel supplementation of responses to Interrogatory No. 21 and RFP Nos. 6 and 19 is allowed in part. Plaintiffs shall supplement their responses to Interrogatory 21 to provide more specificity as to their projected damages and shall produce any responsive documents to RFP Nos. 6 and 19 from the named Plaintiffs within twenty-one (21) days. In the event a class is certified, Plaintiffs shall further supplement their responses with respect to the class as necessary.

### 5. Documents Received from Third Party Subpoenas

Defendants contend that Plaintiffs failed to produce documents they received in response to third party subpoenas and that while Plaintiffs have agreed to produce the documents, Defendants lack confidence they will do so. Defs.' Mem. [DE-96] at 10–11. Plaintiffs assert they have since produced the requested documents. Pls.' Br. [DE-110] at 11. Accordingly, the motion is denied as moot.

### E. Defendants' Motion to Compel Further Responses to Discovery Seeking Certain Medical Information [DE-97]

Defendants sought medical information from Plaintiffs in discovery because Plaintiffs alleged that Defendants failed to appropriately maintain the homes at Fort Bragg, leading to issues with mold, water intrusion, lead paint, roof leaks, bugs, and carbon monoxide, and that harmful housing conditions affected their health; Plaintiffs brought claims for "personal injury sounding in negligence" and for "injury to their person, adverse health effects, physical symptoms or

13

significant illness, caused by mold exposure"; individual Plaintiffs raised specific health issues, including fatigue, headaches, memory loss, and respiratory distress; and Plaintiffs sought to certify a subclass of all persons who "allege personal illness or injury causally related to mold, or other injurious conditions in the Units." Defs.' Mem. [DE-98] at 2. Defendants contend they are entitled to discovery regarding (i) the named Plaintiffs' medical history, including any treatments allegedly received, (ii) a genuine and complete list of medical providers, (iii) an explanation of the alleged harmful substances to which Plaintiffs claim they were exposed at Fort Bragg, including when, where and how they were exposed, and (iv) the alleged injuries suffered by Plaintiffs due to their alleged exposure, and Plaintiffs discovery responses on these subjects were inadequate. *Id.* at 2–3.

After Defendant's motion was filed, on October 11, 2022, the parties stipulated to dismissal of "any and all personal injury claims and claims for damages due to personal injury sounding in negligence against Defendants" and "any claim seeking to certify a class based on personal injury causally related to mold exposure or any other injurious conditions alleged in residential housing at Fort Bragg." [DE-115] at 1. Plaintiffs also withdrew several allegations from the First Amended Complaint regarding personal illness or injury allegedly caused by Defendants, and stipulated that they would not elicit specific causation medical testimony with regard to any claim, including their private nuisance claim. *Id.* at 1–3. Plaintiffs concede that some medical discovery is appropriate in light of their private nuisance claim, but contend they have satisfied their burden with the discovery already produced. Pls.' Br. [DE-111] at 4.

In light of the substantial change in the pleadings that occurred after Defendants filed their motion, which directly impacts the appropriate scope of discovery on medical issues, the court will deny the motion to compel medical information without prejudice to allow the parties to further

14

meet-and-confer, pursuant to Fed. R. Civ. P. 1 and Local Civ. R. 7.1(c)(2), to attempt to reach an agreement on any remaining disputed issues. Should the parties be unable to reach a resolution, Defendants may renew their motion as to any remaining issues in dispute.

## IV. Conclusion

For the foregoing reasons, Plaintiffs' Motion to Compel Defendants to Begin Document Custodian and Search Term Discovery, [DE-89], is allowed in part and denied in part; Plaintiffs' Motion to Compel Defendants to Provide Discovery Regarding the Identities of Present and Former Employees and Contractors, [DE-91], is denied as moot; Plaintiffs' Motion to Compel Discovery Regarding Displaced Families, [DE-93], is denied without prejudice; Defendants' Motion to Compel Responses to Discovery Relating to Persons with Knowledge, Housing Issues, Damages, and to Produce Documents Received Pursuant to Subpoenas, [DE-95], is allowed in part and denied in part; and Defendants' Motion to Compel Further Responses to Discovery Seeking Certain Medical Information, [DE-97], is denied without prejudice. The parties shall bear their own expenses in connection with the motions, as the Court finds that the circumstances would make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5).

So ordered, the 15th day of December 2022.

Robert B. Jones, Jr.
United States Magistrate Judge