IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:20-CV-336-D

SHANE PAGE, et al., )
individually and on behalf )
of others similarly situated, )
)
)
Plaintiffs, )
)
v. ) **ORDER**
)
BRAGG COMMUNITIES, LLC, )
and CORVIAS MANAGEMENT- )
ARMY, LLC, )
)
Defendants. )

On June 24, 2020, Shane Page, Spenser Ganske, Christopher M. Wilkes, individually and on behalf of all others similarly situated, Katelyn Murphy, individually and on behalf of the estate of Timothy Murphy, Ashley Wilkes, Brittany Page, and Emily Ganske (collectively, "plaintiffs") filed a class action complaint against Bragg Communities, LLC, Bragg-Picerne Properties, LLC, Corvias Military Construction, LLC, Corvias Management-Army, LLC, and Corvias Construction, LLC (collectively, "defendants") [D.E. 1]. On August 31, 2020, plaintiffs filed an amended complaint [D.E. 30]. On October 27, 2021, defendants answered [D.E. 65]. On December 13, 2021, the court entered a scheduling order, which stated that "motions to join additional parties and to amend pleadings must be made promptly after the information giving rise to the motion became known to the party or counsel. Any such motion filed after February 18, 2022, must meet the standards of Fed. R. Civ. P. 15 and 16." [D.E. 68] 2.

On November 14, 2022, plaintiffs moved to amend their complaint for the second time [D.E. 119] and filed a memorandum in support [D.E. 120]. On December 5, 2022, defendants responded in opposition [D.E. 124]. On December 12, 2022, plaintiffs replied [D.E. 125].

On April 3, 2023, plaintiffs moved to amend their complaint for the third time [D.E. 133] and filed a memorandum in support [D.E. 134]. Plaintiffs proposed third amended complaint added amendments to the proposed second amended complaint, used the proposed second amended complaint as the operative complaint, did not include a redlined version of the proposed third amended complaint noting the changes requested in the amendments, and, thus, failed to comply with Local Civil Rule 15.1(a). Compare [D.E. 133-1] with [D.E. 119-1] and [D.E. 30]. On April 24, 2023, defendants responded in opposition [D.E. 136]. On May 8, 2023, plaintiffs replied [D.E. 142].

On May 8, 2023, defendants moved to strike plaintiffs' reply [D.E. 144]. On May 16, 2023, plaintiffs responded in opposition [D.E. 145].

On May 12, 2023, the parties filed a joint motion for extension of time to extend the scheduling order deadlines by 90 days [D.E. 139] and filed a memorandum in support [D.E. 140]. On May 18, 2023, plaintiffs stipulated to the dismissal of Corvias Construction, LLC and Bragg-Picerne Partners, LLC [D.E. 149]. The only remaining defendants are Bragg Communities, LLC and Corvias Management-Army, LLC. See [D.E. 31, 69, 149].

On May 16, 2023, plaintiffs withdrew their proposed second amended complaint [D.E. 146]. That same day the court ordered plaintiffs to clarify the status of their proposed third amended complaint because it added amendments to the proposed second amended complaint [D.E. 147]. On May 24, 2023, plaintiffs filed a notice updating their proposed third amended complaint [D.E. 150]. This updated proposed third amended complaint now uses the amended complaint as the operative

2

complaint that it amends rather than the now withdrawn proposed second amended complaint. Compare [D.E. 150-1] with [D.E. 30] and [D.E. 133-1]. The updated proposed third amended complaint is filed only as a redlined version and does not include a clean version, as required by Local Civil Rule 15.1(a)(i). See [D.E. 150-1]. On May 25, 2023, the court notified plaintiffs of its deficient pleading. On May 26, 2023, plaintiffs responded [D.E. 150] and attached a clean copy of the amended pleading [D.E. 151-1]. As explained below, the court grants plaintiffs' third motion to amend, denies defendants' motion to strike, denies as moot defendants' motion to file a surreply, and grants the parties joint motion for extension of time.

I.

Plaintiffs are military servicemembers and their families who leased residential housing at Fort Bragg from defendants in or about different periods from August 2016 to February 2019. See [D.E. 30] 5–6. Defendants are companies that provide housing and other services for servicemembers at Fort Bragg. See id. at 7–10. On June 24, 2020, plaintiffs filed a class action complaint against defendants [D.E. 1]. On August 31, 2020, plaintiffs filed an amended complaint [D.E. 30]. In the complaint, plaintiffs argue that defendants "knowingly leased substandard homes and compounded that fact by providing cut-rate, abjectly inadequate repair and maintenance service, all while charging grossly excessive rents swallowing up the whole of servicemembers' Basic Allowance for Housing ('BAH') – which should be wholly or partly refunded given the abhorrent condition of the Units." Id. at 2. Plaintiffs allege that defendants violated N.C. Gen. Stat. § 42-42(a), breached its warrant of habitability to plaintiffs, violated the North Carolina Unfair and Deceptive Trade Practices Act, breached their contract with plaintiffs, breached its implied covenant of good faith and fair dealing to plaintiffs, were negligent, violated the Residential Lead-Based Paint

3

Hazard Reduction Act, and created and maintained a temporary recurrent private nuisance. See id. at 70–89. On October 27, 2021, defendants answered plaintiffs' amended complaint [D.E. 65].

On December 13, 2021, the court entered a scheduling order, which stated that "motions to join additional parties and to amend pleadings must be made promptly after the information giving rise to the motion became known to the party or counsel. Any such motion filed after February 18, 2022, must meet the standards of Fed. R. Civ. P. 15 and 16." [D.E. 68] 2. On October 11, 2022, the parties jointly filed a stipulation of partial dismissal dismissing all claims of personal injury and personal injury damages, subclass C (which related to personal injury claims), and the negligence claim in count five as to subclass C and personal injury. See [D.E. 115].

On April 3, 2023, plaintiffs moved to amend their complaint for the third time [D.E. 133] and filed a memorandum in support [D.E. 134]. Plaintiffs argue that good cause exists to amend the complaint because the proposed amendments are based on new evidence produced in discovery that plaintiffs had no ability to obtain prior to discovery, that defendants will not be prejudiced by the proposed amendments because the proposed amendments elaborate on already pled claims and do not add new claims or defendants, and that the proposed amendments relate back to the Page family's original claims. See id.

On April 24, 2023, defendants responded in opposition [D.E. 136]. Defendants argue that plaintiffs were not diligent in filing theses amendments, noting that plaintiffs have had discovery material from April 2022 onward and that plaintiffs waited anywhere from a year to at least four months to file these proposed amendments. See id. at 7–10. Defendants also argue that plaintiffs are estopped from raising good cause due to their failure to raise good cause in their previous motion to amend, that defendants would be prejudiced because plaintiffs raise novel legal theories, and that plaintiffs NCDCA claim is futile. See id. at 11–22.

4

II.

Plaintiffs seek leave to amend their complaint. See [D.E. 133, 134, 150, 151-1]. Specifically, plaintiffs seek to amend the complaint in conformity to evidence produced by defendants during discovery and thereby to make allegations more definitive and precise concerning how defendants violated the North Carolina Debt Collectors Act ("NCDCA"), N.C. Gen. Stat. §§ 75-50, et seq. See [D.E. 133, 134, 150, 151-1].

Within 21 days of serving a complaint, a party may amend its complaint as a matter of course. See Fed. R. Civ. P. 15(a)(1). Other amendments are allowed "only with the opposing party's written consent or the court's leave," although "[t]he court should freely give leave when justice so requires." Id. at 15(a)(2). Once a district court has issued a scheduling order, the scheduling order "may be modified only for good cause." Id. at 16(b)(4).

"Given their heavy case loads, district courts require the effective case management tools provided by Rule 16." Nourison Rug Corp. v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008). A trial court's scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." Gestetner Corp. v. Case Equip. Co., 108 F.R.D. 138, 141 (D. Me. 1985). "[T]he terms of the [scheduling] order must be firmly and fairly enforced by the district judge if it is to serve the purpose of pretrial management designed 'to secure the just, speedy, and inexpensive determination of every action.'" Barwick v. Celotex Corp., 736 F.2d 946, 954–55 (4th Cir. 1984) (quoting Fed. R. Civ. P. 1).

"[A]fter the deadlines provided by a scheduling order have passed, the good cause standard must be satisfied to justify leave to amend the pleadings." Nourison Rug Corp., 535 F.3d at 298; see Taveney v. Int'l Paper Co., No. 4:19-CV-103, 2022 WL 909403, at *2–3 (E.D.N.C. Mar. 28, 2022) (unpublished); United States v. $297,638.00 in U.S. Currency, No. 4:16-CV-254, 2018 WL 2124088,

5

at *1, (E.D.N.C. May 8, 2018) (unpublished); McMillan v. Cumberland Cnty. Schs., No. 5:14-CV-344, 2016 WL 5660243, at *4 (E.D.N.C. Sept. 29, 2016) (unpublished); Velasquez v. Salsas & Beer Rest., Inc., No. 5:15-CV-146, 2016 WL 3339488, at *2 (E.D.N.C. June 13, 2016) (unpublished); Hexion Specialty Chems., Inc. v. Oak-Bark Corp., No. 7:09-CV-105, 2011 WL 4527382, at *8 (E.D.N.C. Sept. 28, 2011) (unpublished); Farrar & Farrar Dairy, Inc. v. Miller-St. Nazianz, Inc., No. 5:06-CV-160, 2011 WL 1262159, at *1–2 (E.D.N.C. Mar. 31, 2011) (unpublished), aff'd, 477 F. App'x 981 (4th Cir. 2012) (per curiam) (unpublished). "If the party fails to establish 'good cause' under Rule 16, a trial court may deny the motion to amend and need not conduct the inquiry under Rule 15." Hexion Specialty Chems., Inc., 2011 WL 4527382, at *8. Rule 16's "good cause" standard turns on "the timeliness of the amendment and the reasons for its tardy submission; the primary consideration is the diligence of the moving party." Montgomery v. Anne Arundel Cty., 182 F. App'x 156, 162 (4th Cir. 2006) (per curiam) (unpublished); see Essential Housing Mgmt., Inc. v. Walker, No. 97-2150, 1998 WL 559349, at *4 (4th Cir. June 9, 1998) (per curiam) (unpublished) (Rule 16 "primarily considers the diligence of the party seeking to amend, rather than simply that party's lack of bad faith or the lack of prejudice to the opposing party."); Nourison Rug Corp., 535 F.3d at 298; Hexion Specialty Chems., Inc., 2011 WL 4527382, at *8; Farrar & Farrar Dairy, Inc., 2011 WL 1262159, at *2. Establishing good cause requires the moving party to show that the party could not reasonably have met the deadline despite the party's diligence. See, e.g., Cook v. Howard, 484 F. App'x 805, 815 (4th Cir. 2012) (per curiam) (unpublished); United States v. Godwin, 247 F.R.D. 503, 506 (E.D.N.C. 2007).

Plaintiffs failed to comply with the local rules of this court twice. Local Civil Rule 15.1(a) provides that:

A party moving to amend a pleading shall attach to the motion:

6

> (i) The proposed amended pleading, duly signed, and any exhibits thereto; and
>
> (ii) A form of the amended pleading indicating in what respect it differs from the pleading that it amends, by bracketing or striking through text to be deleted and underlining or highlighting text to be added."

Local Civil Rule 15.1(a). Plaintiffs provide no redlined copy of the proposed third amended complaint noting the new text to be deleted or added or otherwise indicated in what respect the text differs from the pleading that it amends, the originally amended complaint, [D.E. 30]. See [D.E. 133-1]. Instead, plaintiffs add onto their proposed second amended complaint, which is not the operative complaint, and refile a proposed third amended complaint without noting the changes from either the operative first amended complaint or the proposed second amended complaint. See id. Therefore, when plaintiffs withdrew their proposed second amended complaint, see [D.E. 146], the court ordered plaintiffs to clarify the status of their third amended complaint. See [D.E. 147]. In response, plaintiffs filed a notice including the redlined version of their third amended complaint, complying with Local Civil Rule 15.1(a)(i). See [D.E. 150-1]. But plaintiffs failed to file a clean version of their updated complaint, failing to follow this court's local rules again, this time failing to follow Local Civil Rule 15.1(a)(ii). On May 25, 2023, the court notified plaintiffs of its deficient pleading. On May 26, 2023, plaintiffs responded with a clean copy of the amended pleading [D.E.151-1]. The proposed third amended complaint at [D.E. 151-1] is the operative proposed amended complaint. In its discretion, the court addresses plaintiffs third motion to amend on the merits. See, e.g., United States ex rel. Rostholder v. Omnicare, Inc., 745 F.3d 694, 703 (4th Cir. 2014).

As for whether plaintiffs' third motion to amend is untimely, "delay alone is not a sufficient reason to deny a party leave to amend its pleading." Nat'l Bank of Wash. v. Pearson, 863 F.2d 322, 327 (4th Cir. 1988); Davis, 615 F.2d at 613. Moreover, plaintiffs did not possess evidence to show

7

that defendants were acting as "debt collectors" until discovery was provided. Although plaintiffs had one email from Sabrina Fuller to the Pages notifying them that they must sign a new lease or pay additional fees, after the amendment deadline, plaintiffs were provided dozens of similar communications to various tenants. See [D.E. 30] ¶ 120. Good cause exists for amending a complaint after the scheduling order deadline when "at least some of the evidence needed for a plaintiff to prove his or her claim did not come to light until after the amendment deadline." Tawwaab v. Va. Linen Serv., Inc., 729 F. Supp. 2d 757, 768 (D. Md. 2010); see In re Lone Star Indus., Inc. Concrete R.R. Cross Ties Litig., 19 F.3d 1429, 1994 WL 118475, at *11–12 (4th Cir. Apr. 7, 1994) (unpublished); Forstmann v. Culp, 114 F.R.D. 83, 86 n.1 (M.D.N.C. 1987).

Second, the proposed third amended complaint would not prejudice defendants. Where plaintiffs seek leave to amend their complaint, the court determines whether the proposed amendment will prejudice defendants by considering "the nature of the amendment and its timing." Cappetta, 2009 WL 482474, at *6. If defendants "ha[ve] notice of the events giving rise to the action at the outset," then amendments "under the same theory of the case" should be allowed, even if they "add[] an additional theory of recovery to the facts already pled." Id. (citing Laber, 438 F.3d at 427; Davis, 615 F.2d at 613. The closer a case progresses toward trial, the more likely the amendment will prejudice the defendant. Laber, 438 F.3d at 427. Raising major new issues "that would require the gathering and analysis of facts not already considered by the opposing party" will likely prejudice the opposing party. Johnson, 785 F.2d at 510. The burden of showing prejudice falls on "the party opposing amendment." Atl. Bulk Carrier Corp. v. Milan Exp. Co., 3:10-CV-103, 2010 WL 2929612, at *4 (E.D. Va. July 23, 2010) (unpublished).

Although plaintiffs had not brought a claim under the NCDCA or alleged that any defendant was a debt collector, compare [D.E. 119-1] 269–84 with [D.E. 133-1] 299–322 and [D.E. 150-1]

8

269–92, these amendments do not add new defendants or time-barred claims. The amendments add an additional theory of recovery to the facts already pleaded. The additional facts pleaded do not change the nature of the litigation, and defendants already have the necessary information to respond.

The cases defendants cite in opposition are distinguishable. In Marsh, plaintiffs sought to add an entirely new causal chemical in an action alleging several claims arising from plaintiffs' respective cancers, which they alleged were proximately caused by a particular chemical in a fertilizer. See Marsh v. W.R. Grace & Co., 80 F. App'x 883, 889 (4th Cir. Nov. 19, 2003) (per curiam) (unpublished). Adding a new causal chemical after discovery closed and defendants filed a motion for summary judgment would have required the district court to reopen discovery. See id. The district court held that this amendment was prejudicial to defendants and denied the motion to amend. The Fourth Circuit affirmed. See id. Here, in contrast, adding the NCDCA claim and amending the facts to add language relating to the claim would not require reopening discovery. The amended facts build on facts from the operative complaint by rephrasing facts already known to the defendants using the terminology of the alternative theory of liability. The amendment simply presents an alternative theory of liability and updates the existing facts to plead that alternative theory. Likewise, this case is unlike Equal Rights Center v. Niles Bolton Assocs., 602 F.3d 597, 604 (4th Cir. 2010). In Equal Rights Center, the district court denied plaintiff's motion to amend because the amendment mischaracterized the claim and the proposed claim was futile. See id.

Third, the NCDCA claim is not futile. An amendment is futile if the amended complaint would fail to state a claim upon which relief can be granted. See, e.g., Van Leer v. Deutsche Bank Sec., Inc., 479 F. App'x 475, 479 (4th Cir. 2012) (unpublished); United States ex rel. Wilson v. Kellogg Brown & Root, Inc., 525 F.3d 370, 375 (4th Cir. 2008). Plaintiffs seek to allege an NCDCA claim as an alternative theory of liability.

9

"The NCDCA prohibits debt collectors from engaging in unfair debt collection practices, including the use of threats, coercion, harassment, unreasonable publications of the consumer's debt, deceptive representations to the consumer, or other unconscionable means." Ross v. FDIC, 625 F.3d 808, 817 (4th Cir. 2010); see N.C. Gen. Stat. §§ 75-50–75-56. An NCDCA claim has three threshold requirements. See Davis Lake Cmty. Ass'n v. Feldmann, 138 N.C. App. 292, 295, 530 S.E.2d 865, 868 (2000); Reid v. Ayers, 138 N.C. App. 261, 263, 531 S.E.2d 231, 233 (2000). First, the "obligation owed must be a 'debt;' second, the one owing the obligation must be a 'consumer;' and third, the one trying to collect the obligation must be a 'debt collector.'" Reid, 138 N.C. App. at 263, 531 S.E.2d at 233; see Glenn v. FNF Servicing, Inc., No. 5:12-CV-703, 2013 WL 4095524, at *3 (E.D.N.C. Aug. 13, 2013) (unpublished).

If a plaintiff meets these threshold requirements, a plaintiff must establish the elements of a UDTPA claim: (1) an unfair or deceptive act (2) in or affecting commerce (3) proximately causing injury. See Ross, 625 F.3d at 817; Campbell v. Wells Fargo Bank, N.A., 73 F. Supp. 3d 644, 649 (E.D.N.C. 2014); Feldmann, 138 N.C. App. at 296, 530 S.E.2d at 868; Reid, 138 N.C. App. at 266, 531 S.E.2d at 235. An act "is unfair when it offends public policy and when [it] is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers." Walker v. Branch Banking & Tr. Co., 133 N.C. App. 580, 583, 515 S.E.2d 727, 729 (1999) (quotation omitted); see Fritz v. Duke Energy Carolinas, LLC, No. 5:13-CV-724, 2014 WL 3721373, at *3 (E.D.N.C. July 24, 2014) (unpublished).

Defendants argue that plaintiffs have not plausibly alleged that they incurred a "debt" or that Corvias is a "debt collector." See [D.E. 136] 16–22. The NCDCA defines "debt" as "any obligation owed or due or alleged to be owed or due from a consumer," N.C. Gen. Stat. § 75-50(2), and a "debt collector" is defined as "any person engaging, directly or indirectly, in debt collection from a

10

consumer except those persons subject to the provisions of Article 70, Chapter 58 of the General Statutes," id. § 75-50(3).

In light of the allegations concerning the NCDCA claim, the claim is plausible. Accordingly, the court grants the proposed amendments in the third amended complaint.

III.

In sum, the court GRANTS plaintiffs' third motion to amend [D.E. 133] and permits plaintiffs to file the amended complaint in the third motion to amend. See [D.E. 151-1]. The court DENIES defendants' motion to strike and DENIES AS MOOT defendants' motion to file a surreply [D.E. 144].

SO ORDERED. This 23 day of June, 2023.

JAMES C. DEVER III
United States District Judge