IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:20-CV-336-D

| | |
|---|---|
| SHANE PAGE, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| BRAGG COMMUNITIES, LLC, et al., ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on Plaintiffs' motion to compel the deposition of John Picerne. [DE-137]. Defendants oppose the motion. [DE-143]. The motion is ripe and referred to the undersigned for disposition. [DE-154]. For the reasons stated below, Plaintiffs' motion is denied.

I.  **Background**

This case is about the quality and maintenance of privatized military housing at Fort Bragg, North Carolina. Plaintiffs are military personnel and their families who were living in military housing for which the corporate Defendants were responsible for the building and maintenance under a lease with the United States. The court, in ruling on Defendants' motion to dismiss, allowed Plaintiffs to proceed on claims for violation of the North Carolina Residential Rental Agreements Act, N.C. Gen. Stat. §§ 42-38 *et seq.* ("RRAA") against Bragg Communities and Corvias Management, the North Carolina Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. §§ 75-1.1 *et seq.* ("UDTPA"), negligence, gross negligence, reckless and willful conduct, nuisance, breach of contract and breach of the implied warranty of good faith and fair dealing against only Bragg Communities, and the Residential Lead-Based Paint Hazard Reduction

Act of 1992, 42 U.S.C. §§ 4851 *et seq.* ("RLPHRA"), and declined to strike Plaintiffs' class allegations at the pleading stage. [DE-63].

The court entered a scheduling order, [DE-68], and the parties began discovery, resulting in the filing of five motions to compel, [DE-89, -91, -93, -95, -97]. The subject of one of those motions is relevant here, to wit: Plaintiffs wanted John Picerne, founder and Chairman of the Advisory Board of Corvias Group, LLC, to be an additional custodian included in the search term based discovery. Pls.' Mot. [DE-89] at 2. Defendants responded that Picerne is an "apex custodian," and Plaintiffs had not made a compelling showing that all of the lower-level designated custodians are insufficient to capture the necessary information. Defs.' Resp. [DE-107] at 7–11. The court determined that Defendants had not sufficiently demonstrated that Picerne was unlikely to possess information relevant to Plaintiffs' claims and had not demonstrated that including Picerne as a custodian would be unduly burdensome or otherwise improper. [DE-126] at 5. Plaintiffs now seek to depose Picerne because his "involvement goes directly to the key issues, including the timing of the corporate knowledge of housing problems at Fort Bragg, the executive decisions that led to the housing problems and that were made during it, and the timing of company efforts to upgrade the housing, as well as other relevant subjects." Pls.' Mem. [DE-138] at 2–3.

## II.    Standard of Review

The general rule regarding the scope of discovery is found in Fed. R. Civ. P. 26(b)(1):

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

"Relevancy under this rule has been broadly construed to encompass any possibility that the information sought may be relevant to the claim or defense of any party." *Prasad v. Nallapati*, 597 F. Supp. 3d 842, 846 (E.D.N.C. 2022) (first quoting *Equal Emp't Opportunity Comm'n v. Sheffield Fin. LLC*, No. 1:06-CV-889, 2007 WL 1726560, at *3 (M.D.N.C. June 13, 2007); then citing *Mainstreet Collection, Inc. v. Kirkland's, Inc.*, 270 F.R.D. 238, 240 (E.D.N.C. 2010) ("During discovery, relevance is broadly construed 'to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'") (quoting *Oppenheimer Fund., Inc. v. Sanders*, 437 U.S. 340, 351 (1978))). Nevertheless, "[t]he parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes." *Walls v. Ford Motor Co.*, No. 1:20CV98, 2021 WL 1723154, at *4 (M.D.N.C. Apr. 30, 2021) (citing Fed. R. Civ. P. 26 advisory committee's notes, 2015 Amendment (explaining that Rule 26 imposes an "obligation o[n] the parties to consider the [proportionality] factors in making discovery requests, responses, or objections")).

"A party may, by oral questions, depose any person, including a party, without leave of court except as provided in Rule 30(a)(2). The deponent's attendance may be compelled by subpoena under Rule 45." Fed. R. Civ. P. 30(a)(1). However, simply because "requested information is discoverable under Rule 26[(b)] does not mean that discovery must be had." *Nicholas v. Wyndham Int'l Inc.*, 373 F.3d 537, 543 (4th Cir. 2004). Rule 26(b)(2)(C) provides that a district court must limit "the frequency or extent of discovery otherwise allowed" if it concludes that "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P.

3

26(b)(2)(C). Additionally, Rule 26(c) provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1); *McDougal-Wilson v. Goodyear Tire & Rubber Co.*, 232 F.R.D. 246, 249 (E.D.N.C. 2005) ("Discovery is not limitless," and "[t]he court has the discretion to protect a party from 'oppression' or 'undue burden or expense.'") (quoting Fed. R. Civ. P. 26(c)). The party seeking protection from responding to discovery must make a particularized showing of why discovery should be denied, and conclusory or generalized statements fail to satisfy this burden as a matter of law. *See Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 402–03 (4th Cir. 2003); *Jones v. Circle K Stores, Inc.*, 185 F.R.D. 223, 224 (M.D.N.C. 1999) ("Rule 26(c)'s requirement of a showing of 'good cause' to support the issuance of protective order indicates that '[t]he burden is upon the movant to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements.'") (citation omitted).

### III. Discussion

Plaintiffs contend Picerne has unique and special knowledge of the issues in this case based on (1) his testimony before Congress regarding military housing issues during which he offered an apology and stated Corvias was making efforts to fix problems, and (2) two documents produced in discovery indicating (i) Picerne corresponded and interacted with high-ranking Army officials about military housing problems and (ii) Picerne corresponded with Corvias personnel about a specific Fort Bragg neighborhood. Pls.' Mem. [DE-138] at 6–9. Defendants counter that Picerne, who is not a party to this action, had no role in the day-to-day operations at Fort Bragg and no unique or special knowledge regarding the claims, the information sought from Picerne is

4

duplicative of information possessed by individuals who have been or will be deposed, and Picerne's deposition is disproportional to the needs of the case. Defs.' Resp. [DE-143] at 3–10.

As an initial matter, the court is not convinced that the apex doctrine has been adopted in the Fourth Circuit or that it is necessary to the resolution of this matter. *See Page v. Bragg Communities, LLC*, No. 5:20-CV-336-D, 2022 WL 17724407, at *3 (E.D.N.C. Dec. 15, 2022); *Duke Energy Carolinas, LLC v. NTE Caroinas II, LLC*, No. 3:19-CV-00515-KDB-DSC, 2021 WL 5826786, at *3 (W.D.N.C. Dec. 8, 2021). Utilizing the standard set forth in Fed. R. Civ. P. 26(b), Defendants, the party opposing the deposition, have sufficiently demonstrated that Picerne is unlikely to possess information relevant to Plaintiffs' claims that is not available from other less burdensome sources and that deposing Picerne would be disproportionate to the needs of the case.

The court previously allowed Plaintiffs to obtain documentary discovery from Picerne based on his public statements, including in congressional testimony, specific to Fort Bragg and the types of issues raised in Plaintiffs' claims. [DE-126] at 6. However, the documents produced did not bear out that Picerne had specific knowledge about the events at issue or that his deposition would add anything in light of the other corporate officers who have already been deposed. Plaintiffs cite his public statements and two documents in support of deposing Picerne. However, the cited materials demonstrate Picerne's knowledge of the issues was general at best.

First, Picerne's public statements were general and not specific to the issue in this case, and Heath Burleson, who also testified before Congress and was assigned to Fort Bragg, was deposed by Plaintiffs. Second, with respect to the email from General Perma to Picerne regarding displaced families, Picerne forwarded the email to Tim Toohey, Janet Colantuono, and Heath Burleson and stated, "Please share any thoughts so I may respond to his WO question properly." Ex. 8 [DE-138-8] at 2. This demonstrates that Picerne did not have personal knowledge regarding

5

the housing issues but rather relied on others in the organization to provide the necessary information to respond to General Perma's questions, and Plaintiffs deposed Toohey and Burleson. Third, the internal email to Picerne regarding staffing to address housing issues likewise demonstrates his lack of personal knowledge. Picerne responds by generally indicating his concern and stating he will "let you know as soon as I have some answers!" Ex. 9 [DE-138-9] at 2. Again, Picerne's response indicates he relied on others in his organization with knowledge of these issues and was not himself involved at a level that would justify his deposition.

Picerne also provided a declaration, under penalty of perjury, that he was not involved in the day-to-day operations at the military installations, including Fort Bragg, and that he possesses no information that Burleson or Toohey would not possess. [DE-143-1]. Picerne stated he has roles in other business ventures, charitable organizations, and philanthropic causes that take up a tremendous amount of time. *Id.* at 5. Picerne does not reside in North Carolina, is not a party to this case, and does not have personal knowledge regarding the claims at issue that is not available from other corporate officials. *See Trustees of Purdue Univ. v. Wolfspeed, Inc.*, No. 1:21CV840, 2023 WL 4564558, at *4 (M.D.N.C. July 17, 2023) ("Where a plaintiff has already conducted depositions of a defendant's corporate representatives on certain topics, permitting a subsequent deposition of the defendant's CEO on the same or similar topics 'would be unreasonably cumulative or duplicative.'") (citing *E.E.O.C. v. Freeman*, No. 09-CV-2573, 2012 WL 2370122, at *2 (D. Md. June 21, 2012) (granting protective order to preclude deposition of defendant CEO without consideration of Apex Doctrine)). Deposing Picerne is disproportional to the needs of the case, where the factors of the parties' relative access to relevant information, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery

Case 5:20-cv-00336-D Document 165 Filed 08/22/23 Page 6 of 7

outweighs its likely benefit, weigh against allowing the deposition. Accordingly, the motion to compel is denied.

## IV. Conclusion

For the foregoing reasons, Plaintiffs' motion to compel, [DE-137], is denied.

So ordered, the 22nd day of August 2023.

Robert B. Jones, Jr.
United States Magistrate Judge